Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK 99701
Phone: (907) 452-4377
Fax:    (907) 451-7802
E-mail: kcovell@gci.net



RECEIVED

OCT 12 2007

**CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK**

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT and LORETTA E. PROBERT, <br><br> Plaintiffs, <br><br> vs. <br><br> FAMILY CENTERED SERVICES OF ALASKA, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:07-CV- 00030  RRB |

**COMPLAINT FOR VIOLATION OF WAGE AND HOUR ACTS
AND JURY DEMAND**

Plaintiffs, Robert Probert and Loretta E. Probert, by and through their undersigned

counsel, for their Complaint, allege as follows:

*Probert v. FCSA*, 4:07-CV- _____ RRB
Complaint
Page 1 of 8

## JURY DEMAND

Plaintiffs reallege and incorporate herein by reference all of the allegations above and further allege as follows:

1) Plaintiffs, and each of them, demand that the case be submitted to jury trial for all issues triable by jury in this action.

## PARTIES

2) Plaintiff Robert Probert is, and was at all relevant times, a resident of the State of Alaska.

3) Plaintiff Loretta E. Probert is, and was, at all relevant times, a resident of the State of Alaska.

4) Defendant, Family Centered Services of Alaska, Inc. (hereafter FCSA) is an Alaskan Non-profit Corporation doing business in Alaska in Fairbanks.

## FACTS -- ROBERT PROBERT

5) Defendant FCSA employed Plaintiff, Robert Probert (Robert) as a houseparent and in other capacities on or about September 19, 2005.

6) When hired, Robert was told he was to be paid for 40 hours per week.

7) When hired FCSA originally classified Robert as a non-exempt employee and then changed this designation to exempt employee.

8) FCSA represented to Robert that he was not entitled to non-exempt status based upon the Alaska Wage and Hour Act.

9) FCSA told Robert nothing about the Federal Fair Labor Standards Act (FLSA).

10) On or about September, 19, 2005, Robert was hired at a starting salary of $13.79 per hour.

11) On or about December 19, 2005 FCSA raised Robert's pay to $14.06 per hour.

12) On or about July 30, 2006 FCSA raised Robert's pay to $21.64 per hour.

13) On or about August 29, 2007 FCSA terminated Robert's employment.

14) On August 31, 2007, Robert received his final paycheck from FCSA.

15) Robert worked far more than the 40 hours per week he was told was required.

16) Robert was not paid for all hours that he worked.

17) Robert was not paid overtime for hours worked in excess of 40 per week.

18) On September 20, 2007 Robert wrote to FCSA and advised that he did not think that he was exempt from overtime, and requested either a reason why the FLSA did not apply, or that FCSA make arrangements to pay him what was due.

19) No response to Robert's letter was had.

20) No further payment of money owed to Robert was made.

### FACTS -- LORETTA E. PROBERT

Plaintiffs reallege and incorporate herein by reference all of the allegations above and further allege as follows:

21) Defendant FCSA employed Plaintiff, Loretta E. Probert (Loretta) as a therapeutic parent, and in other capacities, on or about July 24, 2006.

22) When hired, Loretta was told she was to be paid for 20 hours per week which was apparently changed to 18 hours a week..

23) When hired FCSA classified Loretta as an exempt employee.

Proberts v. FCSA
Case No. _____ RRB
COMPLAINT                                                                                                  Page 3

24) FCSA represented to Loretta that she was not entitled to non-exempt status based upon the Alaska Wage and Hour Act.

25) FCSA told Loretta nothing about the Federal Fair Labor Standards Act (FLSA).

26) On or about July 24, 2006 Loretta was hired at a starting salary of $21.64 per hour.

27) On or about August 29, 2007 FCSA terminated Loretta's employment.

28) On August 31, 2007, Loretta received her final paycheck from FCSA.

29) Loretta worked more than the 18 hours per week she was told was required throughout her employment.

30) Loretta was not paid for all hours that she worked.

31) Loretta was not paid overtime for hours worked in excess of 40 per week and/or 8 hours per day.

32) On September 20, 2007, Loretta wrote to FCSA and advised that she did not think that she was exempt from overtime and requested either a reason why the FLSA did not apply or for FCSA to make arrangements for FCSA to pay her what was due.

33) No response to Loretta's letter was had.

34) No further payment of money owed to Loretta was made.

### FACTS -- FCSA

Plaintiffs reallege and incorporate herein by reference all of the allegations above and further allege as follows:

35) FCSA claims that it exists to provide individualized mental health and substance abuse treatment, and educational services to children, young adults, and their families.

36) Sources for FCSA's income include Medicaid and *per diem* payments and money from other sources to be identified.

37) FCSA performs its activities for a business purpose.

38) FCSA performs its activities in the stream of commerce.

39) FCSA is engaged in operating an institution primarily engaged in the care of the mentally ill or defective who reside on the premises of the institution

40) FCSA and its employees perform activities in connection with operating an institution primarily engaged in the care of the mentally ill or defective, who reside on the premises of the institution.

## JURISDICTION

Plaintiffs reallege and incorporate herein by reference all of the allegations above and further allege as follows:

41) The United States District Court has jurisdiction over this matter as a federal question pursuant to 28 USC § 1331 and 29 USC §216(b).

42) The United States District Court has pendant jurisdiction over the Alaska State Law Claims pursuant to 28 U.S.C. § 1367(a).

## COUNT I
## RECORD KEEPING
## (29 USC §211(c))

Plaintiffs reallege and incorporate herein by reference all of the allegations above and further allege as follows:

Proberts v. FCSA
Case No. _____ RRB
COMPLAINT                                                                                                Page 5

43) 29 USC §211(c) requires that every employer subject to any provision of this chapter, or of any order issued under this chapter, shall make, keep, and preserve such records of the persons employed by him [her or it] and of the wages, hours, and other conditions and practices of employment maintained by him [her or it].m

44) On information and belief, FCSA willfully and intentionally failed to keep such records.

### Count II – UNPAID HOURS WORKED
### (29 U.S.C. §206))

Plaintiffs reallege and incorporate herein by reference all of the allegations above and further allege as follows:

45) FCSA failed to pay Plaintiffs, and each of them, for all hours that they worked in violation of the FLSA, 29 USC §206.

### COUNT III – ALASKA UNPAID HOURS WORKED
### (AS 23.05.140)

Plaintiffs reallege and incorporate herein by reference all of the allegations above and further allege as follows:

46) FCSA failed to pay Plaintiffs, and each of them, for all hours that they worked in violation of the Alaska Wage An Hour Act (AWHA) AS 23.05.010 *et. seq.*, and specifically in violation of AS 23.05.140.

### COUNT IV – UNPAID OVERTIME
### (29 U.S.C. §207))

Plaintiffs reallege and incorporate herein by reference all of the allegations above and further allege as follows:

47) FCSA failed to pay Plaintiffs, and each of them, for overtime pay in violation of the FLSA, 29 U.S.C. § 207(a)(1).

## COUNT V – ALASKA PENALTY FOR FAILURE TO PAY WAGES DUE
(AS 23.05.140)

Plaintiffs reallege and incorporate herein by reference all of the allegations above and further allege as follows:

48) FCSA was required to make the payment of wages due to Robert and Loretta, and each of them, at earliest, within three days of their termination.

49) Because FCSA failed to pay Robert and Loretta, and each of them, all hours worked under both the state and/or federal statutes, and overtime pursuant to the FLSA, Robert and Loretta, and each of them, are entitled to claim a penalty equal to one day's pay for each day of delay, or for 90 working days, whichever is the lesser.

### DEMANDUM

1) FCSA owes Plaintiffs, and each of them, regular wages, overtime wages and liquidated damages as a result of its violations of the FLSA pursuant to 29 USC §216(b). Such wages are estimated to be greater than $50,000.00 for Robert and Loretta, and each of them separately.

2) FCSA owes Plaintiffs, and each of them, wages due pursuant to AS 23.05.140 in an amount to be proven at trial after the information can be obtained in discovery.

3) FCSA owes Plaintiffs, and each of them, interest on the amounts due.

4) FCSA owes Plaintiffs, and each of them, the costs of bringing this action.

5) FCSA owes Plaintiffs, and each of them, the attorney fees provided by 29 USC §216 and/or A.S. 23.10.110 and/or Alaska Civil Rule 82.

6) Plaintiffs also pray this court for such other and further relief as is appropriate in the circumstances.

**RESPECTFULLY SUBMITTED** this 12th day of October, 2007, at Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorneys for the Plaintiffs

By: _____
Donald Logan
Attorney No. 8006026

This is to certify that a copy of the foregoing has been
MAILED to the following attorney(s) and/or parties of record:

John Regitano, Registered Agent for Family Centered Services of Alaska, Inc.
620 5th Ave.
Fairbanks, AK 99701

Dated: 10/12/07
By: _____
Melissa A. Dick for the Law Office of Kenneth L. Covell