## FAMILY CENTERED SERVICES OF ALASKA, INC.
## PERSONNEL ACTION FORM

Program: Services
Team: AT&P
Date Prepared: 9/19/05

Employee: Bob Pubert
S.S.#: 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

Effective: 9 / 19 / 05  At Y  ☒ AM ☐ PM

### PART I: ADD TO PAYROLL

☒ Regular   ☐ On Call   ☒ Full Time  ☐ Exempt   ☒ New Hire   ☒ Orientation Period
☐ Trainee   ☐ Temporary ☐ Part Time  ☒ Non-Exempt ☐ Rehire              90 days
                                                  Last Term Date

Job Title: YC III                              Range: 8   Step: V III
Rate of Pay $: 13 ᴴ   Hours Per Pay Week: 40   ESC: 21-10 ᴾᵍ
☒ Hourly  ☐ Salary
Other Special Conditions: _____                WC Code: 8742

### PART II: CHANGE OF STATUS

☐ Learning Period Evaluation   ☐ Promotion   Date of Next Review: _____
☐ Orientation Period Evaluation ☐ Transfer   ☐ Other _____
☐ Annual Evaluation            ☐ Step Increase ☐ Merit  Explain

**FROM**
Status _____ Range _____ Step _____
ESC _____
W.C. Code _____
Job Title _____
Pay Rate _____ Hours per Week _____
Comments _____

**TO**
Status _____ Range _____ Step _____
ESC _____
W.C. Code _____
Job Title _____
Pay Rate _____ Hours per Week _____
Comments _____

### PART III: TERMINATION

☐ Voluntary  ☐ Involuntary  ☐ Lay off     Final Pay Due: _____
☐ Exit Interview                          ☐ Regular Work Hours _____
                                          ☐ Other _____

Comments: _____

**FORWARDING ADDRESS**  Name _____
Street No. or P.O. _____
City _____ State _____ Zip _____

**APPROVALS**
Supervisor: [signature] 9/23/05   Employee: [signature] 9/23/05
Director/2nd Supervisor: [signature]   Fiscal: [signature] 9/26/05
Date: 9-22-05

Exh. 1 of 1

# Family Centered Services of Alaska, Inc.

Date: July 31, 2006

Effective Date: July 30, 2006

Move in Date: August 2, 2006

Dear Robert Probert:

We would like to offer you the position of Therapeutic Family Parent. This position is required to work 40 hours per week. Your pay will be $45,000.00 per year. Your status will be:

**Regular, Full-Time**          **You will receive benefits**

Your position is (Exempt) under the state's overtime pay requirements.

- **Exempt** – you will not be paid for any hours worked over 8 hours on a day or over 40 hours in a workweek.

FCSA pay will be deposited into the account of your choice based on the direct deposit authorization you complete during your orientation. Pay dates are every other Friday, 26 times per year.

We must also inform you that your employment is funded by sources, which are outside the control of our agency. Therefore this offer and continued employment will be contingent not only on your performance and adherence to company policies and procedures, but also on continued funding. This offer is also contingent on a successful background check. If any adverse information is found during the background check, you will be dismissed from employment with Family Centered Services of Alaska.

FCSA fully enforces Equal Employment Opportunity and Affirmative Action Policy regulated by the government.

Your employment with our agency will be on an "at-will" basis where either the employer or employee may terminate employment with or without cause and at any time.

We are pleased to have you as a part of our organization, and look forward to working with you. Congratulations and good luck in your new position.

Sincerely,

_____          _____   7/24/06
Lonnie Hovde                                    Employee signature            Date
Director of Human Resources         Please sign here to indicate your
Family Centered Services of Alaska    acceptance of the position, compensation,
                                                             and terms and conditions of this agreement.

cc:   Original to personnel file
       New employee

---

Alaska Youth Initiative/Pathfinders
Clinical Services
20 5th Avenue, 2nd floor
Fairbanks, Alaska 99701-4932
(907) 474-0890
(907) 474-3623 and 451-8945 FAX

Youth Education Support Services
Fahrenkamp Center
1423 Peger Road
Fairbanks, Alaska 99709-5169
(907) 452-2109
(907) 456-5184 FAX

Alaska Youth Initiative/Pathfinders
Safe Schools/Healthy Students
2610 Isabelle Ave.
P.O. Box 346
Delta Junction, Alaska 99737
(907) 895-5083

September 2, 2005                                                            FLSA2005-
8NA


Dear *Name**,

This is in response to your letter requesting an opinion on the application of the Fair Labor Standards Act (FLSA) to your client, a 501(c)(3) tax-exempt non-profit corporation (the non-profit) that provides a home and care for dependent, neglected or pre-delinquent children. You ask if your client is an "enterprise" subject to the FLSA.

You state that the home campus includes housing for the children, an education and counseling center, a gymnasium, and facilities for 4-H. A transitional school operated by the public school district is housed in a building along with the non-profit's administration offices and is located about one-half mile from the main home campus. The school's enrollment consists of the home's students as well as similar students from the surrounding community.

The non-profit offers a residential program involving 24 children aged 10 to 17 who reside at the group care home 24 hours a day, 7 days a week for an average of 11 months; an independent living skills program involving four children aged 15 to 17+, which focuses on increasing knowledge of independent living skills; and a day treatment program for children aged 9 to 17 that cares for children only during the day (one child involved presently). Other services offered include spiritual development, structured behavioral management, supervised staff/child treatment, social services (individual, group and family therapy), recreational therapy, 4-H development, and healing arts and practical skills (learning arts and crafts, creative writing, drama, hearing guest lecturers). The Division of Children and Family Services, individual families, private/public agencies, physicians, psychologists and counselors, and schools and alternative education programs refer children to the home. Funding is received through contracts with the *Name** Department of Social and Health Services – Division of Children and Family Services, fees from the family (based on ability to pay), and fundraising activities (i.e. mailings to donors, raffles, and capital campaigns).

Enterprise coverage, as defined in section 3(r)(1) of the FLSA, applies only to activities performed for a business purpose. 29 U.S.C. § 203(r)(1). Coverage typically does not extend to eleemosynary, religious, educational, or similar activities of organizations operated on a non-profit basis where such activities are not in substantial competition with other businesses. *See* Opinion Letters dated December 13, 2004 and May 3, 1994, enclosed. The enterprise provision of the

Sept. 2, 2005 WHD Opinion
Page 1 of 4

Exh 3, 1 of 4

FLSA generally does not cover a private non-profit institution providing care for delinquent, dependent, or neglected children, unless that institution is operated as a hospital, an institution primarily engaged in the care of the sick, the aged or the mentally ill or defective who reside on the premises of such institution, a preschool, elementary school or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public, private, or operated for profit or not for profit). *See* Field Operations Handbook (FOH) 12g12; Opinion Letter dated November 30, 2004, enclosed.

You state that your client does not engage in competition with other ordinary commercial ventures, and is not aware of any competing private sector profit-making organizations. Several courts have held that similar non-profit organizations are not enterprises covered by the FLSA unless it is shown that the non-profit engages in commercial activities in competition with commercial enterprises. *See Wagner v. Salvation Army*, 660 F.Supp. 466 (E.D. Tenn 1986) (holding that the Salvation Army was not an enterprise under the FLSA since it did not engage in commercial activities); *Joles v. Johnson County Youth Service Bureau Inc.*, 885 F. Supp. 1169, 1174-75 (S.D. Ind. 1995) (finding that the non-profit organization that provides shelter and care to troubled youth is not engaged in a business purpose under the FLSA, unless it engages in commercial activities in competition with private entrepreneurs); *Segali v. Idaho Youth Ranch, Inc.*, 738 F.Supp. 1302 (D. Idaho 1990) (agreeing that the Idaho Youth Ranch which had the objective of caring, treating and nurturing dependent, abused and neglected children and which received 90% of its funds from state agencies was not operated for a business purpose, and was not an enterprise under the FLSA).

You also state that your client does not operate a school within the meaning of section 3(s). The non-profit's objects and purposes, as described in its Articles of Incorporation, include such eleemosynary activities as acquiring and maintaining facilities for a home and training school for wayward, delinquent, dependent, or problem children; receiving children by surrender, commitment, or otherwise from parents, guardians, or custodians and from the courts, or from administrative bodies caring for such children; doing all things necessary for or incidental to the operation of such home and school for the rehabilitation, education, and general training of such children; providing adequate medical, psychiatric, spiritual and other care and treatment to encourage the development of such children into good citizens; and establishing and administering various endowment and quasi-endowment funds pursuant to the terms and restrictions designed by donors in gift instruments, or established by the Board of Directors of the Corporation.

To accomplish its mission, your client provides a room in one of its buildings for the local school district to operate a transitional school. A certified teacher and

instructional assistant are provided by the school district. The school district's security personnel are responsible for keeping students safe from dangerous behavior and other significant risks at the school. The school enrolls 10 to 16 students with first priority for entrance given to the non-profit and the balance to the surrounding community. The non-profit's involvement with the school is that of occasionally providing staff and transportation for activities, such as field trips, which you note any parent does; providing staff for physical education at the school twice a week; providing behavioral management intervention at the request of school staff; and meeting with school officials monthly to discuss the needs of the individual students. Thus, it would appear that the non-profit does not operate an elementary or secondary school as defined by the FLSA. Rather, it is the school district that operates the school, and your client plays the role normally played by a student's parents.

Based on the facts in your letter, we agree that your client's non-profit organization is not operated for a business purpose, and is not engaged in the operation of a school within the meaning of section 3(s)(1)(B) of the FLSA. However, in describing the services that your client provides, you state that upon admission to the home, each child is assigned a social worker and a group leader to coordinate the "child's treatment." You note that the non-profit offers such programs and services as a structured behavioral management program; a supervised treatment program; and individual, group, and family therapy. Given this clearly therapeutic purpose, we cannot specifically conclude whether the non-profit is engaged in the operation of "an institution primarily engaged in the care of ... the mentally ill or defective who reside on the premises of such institution" within the meaning of section 3(s)(1)(B).

The non-profit would be engaged in the operation of such an institution if not fewer than 50% of the children residing with the organization were admitted by a qualified physician, psychiatrist, or psychologist. *See* FOH 12g12. The term "admitted" includes evaluations of mental or emotional disturbance by such a qualified practitioner, either subsequent to or preceding admission, as the cause for referral. *See* FOH 12g12; Opinion Letters dated May 4, 1977 and December 1, 1975, enclosed. In addition, your client would be engaged in the operation of such an institution if a psychiatrist retained by the home engages in therapy with individual children on a regular basis, and such children constitute more than 50% of the children residing in the home. *See* Opinion Letters dated August 13, 1986 and March 15, 1978, enclosed.

Finally, we note that employees who do not work for a covered enterprise may still be individually covered by the FLSA in any workweek in which they are engaged in interstate commerce, the production of goods for commerce or

activities closely related and directly essential to the production of goods for commerce. Examples of such interstate commerce activities include making or receiving interstate telephone calls, shipping materials to another state, and transporting persons or property to another state. As a practical matter, the Wage and Hour Division will not assert that an employee who on isolated occasions spends an insubstantial amount of time performing individually covered work is individually covered under the FLSA. *See* FOH 11a01, enclosed; Opinion Letter dated November 30, 2004.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, express or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might require a different conclusion from the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issue addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

We trust that this information is responsive to your inquiry.

Sincerely,

Barbara R. Relerford
Office of Enforcement Policy
Fair Labor Standards Team