Rev. 581                    FIELD OPERATIONS HANDBOOK - 6/22/90

Chapter 12

ENTERPRISE COVERAGE - FLSA

Table of Contents

12a   THE ENTERPRISE - SEC 3(r)

    12a00   Statutory definition and IB.
    12a01   Common ownership.
    12a02   Country and town clubs.
    12a03   Fraternal orders.
    12a04   Golf facilities at country clubs operated by professionals.
    12a05   Franchise agreements.
    12a06   Banking enterprises.

12b   SEC 3(s) - GENERAL

    12b00   Statutory provisions.
    12b01   Enterprise employee test.
    12b02   Application of amended Sec 3(s) to mixed or hybrid enterprises.
    12b03   Goods under Sec 3(s).
    12b04   Excise taxes.
    12b05   "Sales" for purposes of Sec 3(s) AGV tests.

12c   ENTERPRISES UNDER SEC 3(s)(1)

    12c00   Statutory provisions.
    12c01   Excise taxes.
    12c02   "Business done" defined.
    12c03   Architectural and consulting engineering firms.

12d   RETAIL AND SERVICE ENTERPRISES - SEC 3(s)(2)

    12d00   Statutory provisions.
    12d01   Effect of changes in the ADV on Sec 3(s)(2) enterprises.
    12d02   Application of CL to retail and service enterprises under amended Sec 3(s).
    12d03   Gasoline service station enterprises under Sec 3(s)(2).

12e   LAUNDRY AND CLEANING ENTERPRISES - SEC 3(s)(3)

    12e00   Statutory provisions.
    12e01   Establishments whose activities are included in Sec 3(s)(3) enterprises.
    12e02   Shoe repair shops.
    12e03   Laundry operations by hotels, motels, or restaurants.
    12e04   Diaper services.

12f   CONSTRUCTION ENTERPRISES - SEC 3(s)(4)

    12f00   Statutory provisions.
    12f01   Painting, sandblasting, and tuckpointing.

Exh 4, 1-3

Rev. 581                    FIELD OPERATIONS HANDBOOK - 6/22/90

## Chapter 12

### Table Of Contents - Page 2

| | | |
|---|---|---|
| | 12f02 | Installation as a construction activity. |
| | 12f03 | Roofing, guttering, and spouting. |
| | 12f04 | Water well drilling. |
| | 12f05 | Installation of draperies. |
| | 12f06 | Landscaping as a construction activity. |
| | 12f07 | Floor covering firms. |
| | 12f08 | Architectural and consulting engineering firms. |
| 12g | | HOSPITALS AND RELATED INSTITUTIONS, AND EDUCATIONAL INSTITUTIONS - SEC 3(s)(5) |
| | 12g00 | Statutory provisions |
| | 12g01 | Hospital defined. |
| | 12g02 | Institutions primarily engaged in the care of the sick, the aged, the mentally ill or defective residing on the premises defined. |
| | 12g03 | Preschools defined. |
| | 12g04 | Elementary school defined. |
| | 12g05 | Secondary school defined. |
| | 12g06 | Veterinary hospitals. |
| | 12g07 | Head Start programs. |
| | 12g08 | University and college employees—coverage. |
| | 12g09 | University and college fraternity and sorority house - coverage. |
| | 12g10 | Barber colleges and beauty schools. |
| | 12g11 | Institutions of higher education. |
| | 12g12 | Institutions for the residential care of emotionally disturbed persons. |
| | 12g13 | Driving schools. |
| | 12g14 | "Community living centers" and "halfway houses" for retarded persons. |
| | 12g15 | "Care" of the aged and infirm. |
| | 12g16 | Day care homes - family owned and operated. |
| | 12g17 | Maternity homes for unwed mothers. |
| | 12g18 | Institutions for neglected and dependent children. |

Exh. 4, 2-3

Rev. 581                    FIELD OPERATIONS HANDBOOK - 6/22/90                    12g02 - 12g08

12g02   **Institutions primarily engaged in the care of the sick, the aged, the mentally ill or defective residing on the premises defined.**

Such an institution (other than a hospital) is an institution primarily engaged in (i.e., more that 50% of the income is attributable to) providing domiciliary care to individuals who reside on the premises and who, if suffering from physical or mental infirmity or sickness of any kind, will require only general treatment or observation of a less critical nature than that provided by a hospital. Such institutions are not limited to nursing homes, whether licensed or not licensed, but include those institutions generally known as nursing homes, rest homes, convalescent homes, homes for the elderly and infirm, and the like. (See also FOH 25i and 12g12.)

12g03   **Preschools defined.**

Effective 7/1/72, a preschool is any enterprise (as defined in Secs 3(r) and 3(s) of the Act) which provides for the care and protection of infants or preschool children outside their own homes during any portion of a 24-hour day. The term "preschool" includes any establishment or institution which accepts for enrollment children of preschool age for purposes of providing custodial, educational, or development services designed to prepare the children for school in the years before they enter the elementary school grades. This includes day care centers, nursery schools, kindergartens, Head Start programs and any similar facility primarily engaged in the care and protection of preschool children.

12g04   **Elementary school defined.**

FLSA Sec 3(v) defines such a school as "a day or residential school which provides elementary education, as determined under State law".

12g05   **Secondary school defined.**

FLSA Sec 3(w) defines such a school as "a day or residential school which provides secondary education, as determined under State law".

12g06   **Veterinary hospitals.**

The word "hospital", as used in the Act, refers to an institution (see FOH 12f01) for the care of sick, wounded, infirm, or aged persons. A veterinary hospital for the care of animals is not considered to be a hospital within the meaning of Sec 3(s)(5). Consequently, employees of a veterinary hospital will be covered on an enterprise basis only if the veterinary hospital meets the tests of Sec 3(s)(1) or 3(s)(2), whichever is applicable (see FOH 21a01(d)).

12g07   **Head Start programs.**

Employees of Head Start programs are covered under Sec 3(s)(5).

12g08   **University and college employee - coverage.**

(a) The "enterprise" operating a private institution of higher education normally consists of that institution's administrative and academic offices, custodial and maintenance functions and facilities, physical plant and real estate. Many universities occupy more than one campus and many others have a number of separate schools or departments in separate geographical units. All the constituent elements relating to one or more campuses, schools or departments, the operation of which is related and performed through unified operations or common control for a common

November 30, 2004
FLSA2004-29NA

Dear Name*,

This is in response to your letter addressed to Secretary Chao and to your email correspondence to Senator Bob Graham concerning the applicability of the "house parent" exemption under Section 13(b)(24) of the Fair Labor Standards Act (FLSA) to house parents employed by your organization.

Based on the information you provided in your letter, it may be that the FLSA does not apply to the Name*. If the FLSA does not apply, then the section 13(b)(24) exemption is not applicable to your organization. The following paragraphs contain a discussion of how to determine whether or not an organization/business is covered by the FLSA. Once FLSA coverage is determined, the discussion proceeds with the application of the section 13(b)(24) exemption.

You state that Name* (Children's Home) is a religious, not-for-profit organization dedicated to providing residential care and treatment of children who have been abused, neglected, or otherwise subjected to severe emotional damage. Originally founded as an orphanage, the Children's Home now tends to the needs of the "orphans of the living," children from ages 5 through 18, who are unable to remain in their natural homes due to emotional conflicts, life adjustment problems, relationship disturbances, developmental delays, and the spiritual/psychological wounding associated with sexual, physical, and emotional abuse.

The Children's Home is currently licensed and cares for up to eighty-eight children. Its residents come either through placement by the State, or private placement. Children placed by the State are either abandoned, state-dependent, juvenile status offenders, or pre-delinquent. Private placement occurs when parents or guardians are either unable or unwilling to care for their children. More than 80 percent of the Children's Home funding comes from the Name* and private charitable donations, with the balance derived from government payments for state-placed residents or funding provided for abandoned children.

The residents of the Children's Home attend local Name* County Schools. The Children's Home provides residential care as well as counseling, recreational therapy, tutoring and vocational and religious instruction. These services are provided using the "house parent" model, with eight to ten children in a cottage under the supervision and care of a married couple who act in loco parentis. House parents consistently exercise quasi-parental discretion in determining how to meet

November 30, 2005 WHD Opinion
Page 1 of 5

Exh 5, 1 of 5

or modify "individual treatment plan" goals and in disciplining their charges appropriately. In sum, the role and benefit of the "house parent model" is to deliver this broad range of services in a seamless manner that addresses all of a child's needs holistically.

The Wage and Hour Division of the Department of Labor administers and enforces the FLSA (copy enclosed), which is the Federal law of most general application concerning wages and hours of work. This law requires that all covered and nonexempt employees be paid not less than the minimum wage, $5.15 an hour, for all hours worked and overtime pay for all hours worked over 40 in a workweek. The FLSA applies to all employees of covered "enterprises" — *enterprise coverage*—and to employees individually engaged in interstate commerce *individual coverage*.

Pursuant to sections 3(r) and (s) of the FLSA, enterprise coverage applies to the following employers:

- Federal, state or local government agencies;
- Hospitals (establishments primarily engaged in offering medical and surgical services to patients who generally remain in the establishment overnight, several days, or for extended periods);
- Residential care facilities primarily engaged (50% or more of income attributable to) in the care of the sick, the aged, the mentally ill or developmentally disabled who live on the premises;
- Preschools, elementary and secondary schools (as determined under state law) and colleges; and
- Enterprises with a business purpose with an annual dollar volume of sales or receipts of $500,000 or more and at least two employees engaged in commerce or the production of goods for commerce.

Please note that *enterprise coverage* does not apply to a private, nonprofit enterprise providing care for neglected and dependent children unless it is operated in conjunction with a hospital, residential care facility, school or a commercial enterprise operated for a business purpose. See, e.g., Joles v. Johnson County Youth Service Bureau, Inc., 885 F. Supp. 1395 (S.D. Ind. 1995) (nonprofit group home for troubled youth referred by courts or county agencies had no business purpose and was not a covered enterprise). Based on the information provided, it appears that *Name\** Children's Home satisfies none of the tests and, thus, is not covered on an *enterprise* basis.

Employees of enterprises not covered under the FLSA may still be *individually covered* by the FLSA in any workweek in which they are engaged in interstate commerce, the production of goods for commerce or activities closely related and directly essential to the production of goods for commerce. Examples of such interstate commerce activities include making/receiving interstate telephone calls, shipping materials to another state and transporting persons or property to another state.

As a practical matter, the Wage and Hour Division will not assert that an employee who on isolated occasions spends an insubstantial amount of time performing individually covered work is *individually covered* by the FLSA. Individual coverage will not be asserted for house parents or other employees who occasionally devote insubstantial amounts of time to:

- Receive/make interstate phone calls;
- Receive/send interstate mail or electronic communications;
- Make bookkeeping entries related to interstate commerce.

See Field Operations Handbook 11a01.

We proceed with a discussion below of the applicability of the house parent exemption under section 13(b)(24) of the FLSA in the event that individuals employed by your organization as house parents are *individually covered* under the FLSA.

Section 13(b)(24) of the FLSA provides an overtime pay exemption for any employee who is employed with such employee's spouse by a nonprofit educational institution to serve as the parents of children who are orphans or one of whose natural parents is deceased, and who are enrolled in the institution and reside in residential facilities of the institution, while the children are in residence at the institution.[1] The employee and the employee's spouse must reside in the facility, receive (without cost) board and lodging from the institution, and together be compensated, on a cash basis, at an annual rate of not less than $10,000.

Since the information you have provided indicates that the children who reside in Children's Home are not orphans and do not have one deceased natural parent, the section 13(b)(24) exemption would not apply to the house parents employed by your organization. Any changes in this requirement would be a matter for legislative determination by the Congress.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that

November 30, 2005 WHD Opinion
Page 3 of 5

Exh. 5, 3 of 5

you have provided a full and fair description of all the facts and circumstances which would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might require a different conclusion than the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issue addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

Sincerely,

Barbara R. Relerford
Fair Labor Standards Team
Office of Enforcement Policy

Enclosure

\* Note: The actual name(s) was removed to preserve privacy in accordance with 5 U.S.C. 552 (b)(7).

---

[1] Section 13(b)(24) contains the word "or" rather than "and" between the two requirements (that the children be orphans or have one deceased parent "or" be enrolled in the educational institution and reside there). However, since the passage of section 13(b)(24) in 1974, the Department has consistently treated the statute's use of the word "or", rather than the word "and," as a scrivenor's error. The Department's interpretation has been based upon the structure of the passage, as well as upon the extensive legislative history of this amendment, which makes clear that Congress intended only to exempt couples who serve as house parents for orphans (or children with one deceased parent) who are enrolled in and reside on the premises of an educational institution. S.Rep. No. 93-690, pp. 47, 64 (1974); H.Rep. No. 93-313, pp. 13, 48 (1974); S. Rep. No. 93-758 (1974); 120 Cong. Rec. 8600, H2297 (March 28, 1974); see also S. Rep. No. 93-300, pp. 48-49 (1973) and Conf. Rep. No. 93-413, pp. 11, 24 (1973). Therefore, Wage and Hour has interpreted these requirements as conjunctive. See opinion letters of June 16, 1976; June 4, 1979; July 18, 1980; Field Operations Handbook, 25p00. Such an interpretation is appropriate when the statutory "language used so conflicts with evidenced congressional intent that a mistake in draftsmanship is obvious." Symons v. Chrysler Corp. Loan guarantee Bd., 670 F.2d 238, 242 (D.C. Cir. 1981). Contr, Gaby v. The Omaha School for Boys, 1997 WL 406275 (D. Neb.

November 30, 2005 WHD Opinion
Page 4 of 5

Exh 5, 4 of 5

1997), aff'd on other grnds, 140 F.3d 1184, citing Coulter v. St. Francis Academy, 110 F. 3d 794 (5th Cir. 1997) (Table) (refusing to resort to legislative history and holding that the requirements of section 13(b)(24) are disjunctive).

November 30, 2005 WHD Opinion
Page 5 of 5

Exh 6, 5 of 5