Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK  99701
Phone: (907) 452-4377
Fax:     (907) 451-7802
E-mail:  kcovell@gci.net

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| **ROBERT PROBERT** and **LORETTA E. PROBERT**, and others similarly situated, <br><br>           Plaintiffs, <br><br> vs. <br><br> **FAMILY CENTERED SERVICES OF ALASKA, INC.** and **DOES I to X,** (Managerial Employees Jointly Liable) <br><br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:07-cv-00030-RRB |

**P&A Re: FIRST PARTIAL SUMMARY JUDGMENT MOTION**

Plaintiffs, Robert Probert and Loretta E. Probert, and others similarly situated, by and through their undersigned counsel and bring this Motion for Partial Summary Judgment.

The Defendant, Family Centered Services of Alaska, (FCSA) is an institution of a type specially designated by Congress to be subject to FLSA protections. Plaintiffs' and others similarly situated, have sought the relief to which they are entitled by the FLSA. FCSA will try to avoid these obligations by claiming it is not covered by the FCSA. Plaintiffs will demonstrate why FCSA cannot avoid its obligation to its workers, and increase its profits accordingly because Congress has said unambiguously that it is subject to the FLSA.

### Summary Judgment Requires

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. On the contrary, Rule 56(c), which refers to "the affidavits, if any" (emphasis added), suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment "with or without supporting affidavits" (emphasis added). The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.[1]

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)

## Relief Desired

This Motion for Partial Summary Judgment seeks determination of liability only. The amount of damages must await further discovery. The Robert and Loretta Probert, and others similarly situated, maintain that the indisputable facts will demonstrate that:

1) they were not paid for all hours they worked as required by both the FLSA and the AWHA;

2) that they were not paid for overtime as required by 29 USC §207, and

3) that they were owed a penalty for late payment pursuant to AS 23.05.140(d) of the AWHA.

## Underlying Facts

Both Robert Probert and Loretta E. Probert were at relevant times employed as "houseparents" by Defendant Family Centered Services of Alaska, Inc. (hereafter FCSA), an Alaskan Non-profit Corporation doing business in Alaska in Fairbanks. Does I to X are corporate officers with operational control of significant aspects of FCSA's daily functions who are considered to be employers, jointly and severally liable to Plaintiffs along with FCSA, and who will be identified through discovery.

When hired FCSA originally classified Robert as a non-exempt employee (Exh. 1) and then changed this designation to exempt employee. (Exh. 2) FCSA

later represented to Robert that he was not entitled to non-exempt status based upon the Alaska Wage and Hour Act. FCSA told Robert nothing about the Federal Fair Labor Standards Act (FLSA).

Robert and Loretta wrote to FCSA asking if they had been properly paid. No response to Robert's letter was had. No further payment of money owed to Robert was made.

Defendant FCSA employed Plaintiff, Loretta E. Probert (Loretta) as a therapeutic parent, and in other capacities, on or about July 24, 2006. When hired, Loretta was told she was to be paid for 20 hours per week which was apparently changed to 18 hours a week. When Loretta was hired FCSA classified her as an exempt employee. FCSA represented to Loretta that she was not entitled to non-exempt status based upon the Alaska Wage and Hour Act (AWHA). FCSA told Loretta nothing about the Federal Fair Labor Standards Act (FLSA).

Loretta worked more than the 18 hours per week she was told was required throughout her employment. Loretta was not paid for all hours that she worked. Loretta was not paid overtime for hours worked in excess of 40 per week.

On September 20, 2007, Loretta wrote to FCSA and advised that she did not think that she was exempt from overtime and requested either a reason why the FLSA did not apply or for FCSA to make arrangements for FCSA to pay her what

was due.  No response to Loretta's letter was had.  No further payment of money owed to Loretta was made.

Support for the foregoing factual rendition is found in the Declarations of Robert and Loretta Probert.

### Despite FCSA's Self-Declared Purpose, In Reality It Primarily Cares For The Mentally Ill And/Or Defective Who Reside On Its Premises

The FCSA is subject to the FLSA because . . . ``the activities performed by any person or persons" will be regarded as performed for a business purpose if they are performed:

> (1) In connection with the operation of . . . an institution **primarily engaged** in the **care of** the . . . **mentally ill or defective** who reside on the premises of such institution, . . . .

29 CFR §779.21(emphasis added)

FCSA claims that its primary purpose is to provide individualized **mental health** and **substance abuse treatment**, and educational services to children, young adults, and their families.  Irrespective of its stated purpose, the reality is that the majority of residents at FSCA are severely emotionally disturbed (Loretta and Robert Declaration).

Sources for FCSA's income include Federal money through Medicaid and *per diem* payments and money from other sources to be identified.  FCSA therefore performs its activities for a business purpose. (Loretta and Robert Declaration).

On information and belief, it also appears that some residents of FCSA are not Alaskans at all, but minor children transferred to FCSA from non-Alaska institutions. One stated purpose of FCSA is taking Alaskan children placed outside Alaska and returning them from a placement outside Alaska into FCSA. Thus, even under the traditional commerce clause test FCSA performs its activities in the stream of interstate commerce.

During the covered period, FCSA employed other employees in the same job title as each Plaintiff. During the covered period, FCSA subjected other similarly situated employees to the same claim of exemption or violations of the FLSA. On information and belief, FCSA continues to subject similarly situated employees to the same claim of exemption and violations of the FLSA.

Robert Probert's working hours per week at FLSA sometimes exceeded forty (40) hours per week entitled Robert to overtime.

Loretta Probert's working hours per week at FCSA sometimes exceeded forty (40) hours per week and entitled Loretta to overtime.

Robert Probert was not always paid for all hours that he worked in a week by FCSA.

Loretta Probert was not always paid for all hours that she worked in a week by FCSA.

Robert Probert was paid on an hourly basis, and not on a weekly basis by FCSA.

Loretta Probert was paid on an hourly basis, and not on a weekly basis by FCSA.

On information and belief, FCSA classified all employees in jobs similar to Robert and Loretta Probert's as exempt from overtime pay requirements.

The foregoing factual allegations are supported by Robert and Loretta Probert's Declarations.

### The Fair Labor Standards Act

The FLSA was enacted in 1938 to guarantee a minimum wage and payment of 1 and 1/2 times that minimum wage when the employee worked over 40 hours per week.[2]  When an employer violates the provisions of the act, the employer must pay the unpaid wages, plus an amount of liquidated damages equal to the unpaid wages, plus attorney fees, and the costs of suit.  Generally, where liquidated damages are denied, prejudgment interest is available.[3]

---

[2] The United States Department of Labor (DOL) has promulgated regulations about application of 29 USC §§201 *et. seq.* at title 28 CFRs, Subtitle B.

[3] *Brooklyn Sav. Bank v. O'Neil*, 324 US 697, 715-16 (1945).  The Circuits are split whether prejudgment interest is available to an employee who does not receive liquidated damages, but the majority of circuits permit prejudgment interest where liquidated damages are denied.

This motion seeks only determination that wages and overtime went unpaid. Whether liquidated damages are available is usually a fact driven question and must await trial or another motion following discovery.

The statute of limitations for a non-willful violation is two years. Where the violation is "willful statute of limitations is three years.[4]

### An Enterprise Exception Specifically Applicable to FCSA

Even absent a plausible argument that there is no connection between the entity and interstate commerce, Congress has created special entity inclusions, one of which is fatal to FCSA:

> **(1)** "**Enterprise engaged in commerce or in the production of goods for commerce" means** an enterprise that—
>
> **(B)** **is engaged in the operation of** a hospital, **an institution primarily engaged in the care of the** sick, the aged, or the **mentally ill or defective who reside on the premises of such institution**, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (**regardless of whether** or not **such** hospital, **institution**, or school **is public or private or operated for profit or not for profit**); . . .

29 USC §203(s)(emphasis added)

Since the Fair Labor Standards Act is a remedial act, business operations claiming to come within exemptions must prove themselves to be **plainly and unmistakenly** within both

---

[4] Plaintiffs will be seeking the name of any entity or individual who advised FCSA that they did not have to comply with the FLSA and further seeking the names of each of the individuals in a management position in order to assess the third year penalty against the person or entity that errored when in advising FCSA. *See e.g.*, 29 USC §203(d); *Falk v.. Brennen,* 414 US 190 (1973) Plaintiffs each belief that the entity cannot hide behind wrong information to the detriment of the employee.

the letter and the spirit of the exceptions.[5] The exemptions under the FLSA are 'narrowly construed against the employers seeking to assert them, and their application is limited to those establishments plainly and unmistakably within their terms and spirit,'" and that "the burden of invoking these exemptions rests upon the employer." [6]

### Interpreting The Exception

According to a DOL opinion letter issued on September 2, 2005 (Exhibit 3) , "the enterprise provision of the FLSA generally does not cover a private non-profit institution providing care for . . . **neglected children**, **unless** that institution is operated as . . . **an institution primarily engaged in the care of the . . . mentally ill or defective who reside on the premises of such institution.**" Opinion Letter No. FLSA2005-8NA of Sept. 2, 2005, 2005 DOLWH LEXIS 46, available at http://www.dol.gov/esa/whd/opinion/FLSANA/2005/2005_09_02_8NA_FLSA.pdf. (Exhibit 3)(emphasis added)

This letter further instructs **that a non-profit is so engaged where "[not] fewer than 50% of the children residing with the organization were admitted by a qualified physician, psychiatrist, or psychologist.**" *Id.* (*citing,* U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., Field Operations Handbook §12g12 (1990)(Ex. 4), available at http://www.dol.gov/esa/whd/FOH/FOH_Ch12.pdf. (emphasis added)

**"The term 'admitted' includes evaluations of mental or emotional disturbance by such a qualified practitioner, either subsequent to or preceding admission, as the cause**

---

[5] *Walling v. General Indus. Co*., 330 U.S. 545 (1945)

[6] *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 394, n.11, (1960); *McComb v. Hunt Foods*, 167 F.2d 905, 908 (9th Cir. 1948).

**for referral."** *Id.* (citing same).This test is also articulated in WHD's Field Operations Handbook ("FOH"), an operations manual that provides WHD investigators and staff with interpretations of statutory provisions, procedures for conducting investigations, and general administrative guidance.[7] (emphasis added)

The **FOH and opinions contain the second method for determining the "primarily engaged" question. It defines institutions "primarily engaged in the care of . . . the mentally ill or defective residing on the premises"** as follows: "**Such an institution (other than a hospital) is an institution primarily engaged in (i.e., more than 50% of the income is attributable to) providing domiciliary care to individuals who reside on the premises . . . . Such institutions are not limited to nursing homes, whether licensed or not licensed, but include those institutions generally known as nursing homes, rest homes, convalescent homes, homes for the elderly and the infirm, and the like**." Field Operations Handbook §12g02 (Exhibit 4); *see also,* Opinion Letter FLSA, 2004 DOLWH LEXIS 45, 2004 WL 3177888 (Nov. 30, 2004). (Exhibit 5)(emphasis added)

Finally, a WHD Opinion letter dated November 14, 2005 found that a enterprise providing care for **neglected** or **dependant** children was exempt **unless it is operated in conjunction with a residential care facility** such as is the FCSA. Opinion Letter FLSA, 2005 DOLWH LEXIS (Nov. 14, 2004). (Exhibit 6)(emphasis added)

---

[7] *Cf.*, *Samson v. Apollo Res., Inc.*, 242 F.3d 629 (5th Cir. 2001)

### Exception Summary

The DOL WHD Opinions are unanimous. If the residents are mentally ill or defective, and reside on the premises, then the houseparents are entitled to overtime and the other FLSA benefits. The WHD's interpretation of the exception does not construe it to exclude a home from enterprise coverage simply because it can be shown that a handful of the children receiving care in an institution are "not" mentally ill.

### Application To FCSA

FCSA is an institution primarily engaged in the care of the mentally ill or defective, who reside on the premises. (Robert Probert AND Loretta Probert Declaration). In fact, the seriousness of the mental problems these residents exhibit is the very reason why the house parents are needed. (Robert Probert and Loretta Probert Declaration).

The individual residents are either referred by a psychological professional or seen and diagnosed shortly after arrival. (Robert Probert and Loretta Probert Declaration).

### Having Come Forward With Evidence, Both The Burden Of Proof And Quantum Of Evidence Shift To Favor Plaintiffs

As here, where the Plaintiffs come forward with admissible evidence, and the purpose of the law is remedial, the **burden to rebut that evidence shifts to the Defendant** and the **quantum of proof** necessary rises from" preponderance" to "**clear and convincing" or "clearly and unmistakably**." [8]

---

[8] *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 394, n.11, (1960)

## UNPAID HOURS WORKED
## (29 U.S.C. §206))

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

29 USC §206(a)

FCSA failed to pay Plaintiffs, and each of them, for all hours that they worked in violation of the FLSA, 29 USC §206. This failure entitles the Proberts, and other similarly situated, to back pay, potential prejudgment interest or liquidated damages, together with costs, full attorney fees and other such damages.

## ALASKA CLAIM FOR UNPAID HOURS WORKED REGARDLESS OF OVERTIME ENTITLEMENT
## (AS 23.05.140(b))

**Sec. 23.05.140. Pay periods; penalty**.

(b) If the employment is terminated, all wages, salaries, or other compensation for labor or services become due immediately and shall be paid within the time required by this subsection at the place where the employee is usually paid or at a location agreed upon by the employer and employee. If the employment is terminated by the employer, regardless of the cause for the termination, payment is due within three working days after the termination. . . .

(d) If an employer violates (b) of this section by failing to pay within the time required by that subsection, the employer may be required to pay the employee a penalty in the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount.

FCSA failed to pay Plaintiffs, and each of them, for all hours that they worked in violation of the Alaska Wage And Hour Act (AWHA) AS 23.05.010 *et. seq.*, and

specifically within the time periods required by AS 23.05.140(b). (Declarations of Loretta and Robert Probert).

### COUNT IV – UNPAID OVERTIME
### (29 U.S.C. §207))

FCSA failed to pay Plaintiffs, and each of them, for overtime pay in violation of the FLSA, 29 U.S.C. § 207(a)(1).

> **(a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions**
>
> **(1)** Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

No exemption applies in this situation and support for this claim is found in the attached Declarations.

### COUNT V – ALASKA NINETY DAY PENALTY FOR FAILURE TO PAY WAGES DUE WITHIN THREE DAYS.
### (AS 23.05.140(d))

FCSA was required to make the payment of wages due to Robert and Loretta, and each of them, and others similarly situated, at earliest, within three days of their termination. Because FCSA failed to pay Robert and Loretta, and each of them, all hours worked under both the state and/or federal statutes, and overtime pursuant

to the FLSA, Robert and Loretta, and each of them, are entitled to claim a penalty equal to one day's pay for each day of delay, or for 90 working days, whichever is the lesser.

> **Sec. 23.05.140. Pay periods; penalty**.
>
> (d) If an employer violates (b) of this section by failing to pay within the time required by that subsection, the employer may be required to pay the employee a penalty in the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount.

The law was and is clear that Robert and Loretta Probert were subject to the FLSA. FCSA knew, or showed reckless disregard whether, its conduct was prohibited by the FLSA. The penalty is thus applicable. The FLSA requires payment of overtime. When such overtime is not paid, then either liquidated damages or pre-judgment interest, together with attorney fees and costs incurred in pursuing the action.

## Summary Of Main Arguments

The underlying facts demonstrate that no exemption from the FLSA permits FCSA to avoid paying overtime to certain of its employees. Robert and Loretta Probert, and similarly situated individuals, were entitled to be paid for all hours they worked and overtime when they worked greater than 40 hours as week. Alaska penalizes an employer who delays payment of money due. The FLSA makes it clear that overtime is required.

For all the forgoing reasons, Proberts, and those in a similar position, are entitled to judgment in an amount which will be proven either at trial or in a subsequent motion.

**RESPECTFULLY SUBMITTED** this 26th day of December, 2008, Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL
Attorney for the Plaintiffs

By:/s/_____
KENNETH L. COVELL
ABA Bar No. 8611103

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing has been
Served electronically, via ECF, to the following party(s):
John Foster Wallace
Dated: 12/26/07
By: /s/ _____
Renee Kimble for Kenneth L. Covell