Source: Legal > Secondary Legal > CCH > Labor & Employment > Wages Hours Reporter > $ CCH Wages & Hours Reporter Cases, DOL Opinion Letters & Admin. Rulings
TOC: CCH Wages & Hours Reporter Federal Cases > /.../ > DOL Opinion Letters > P 31,355 Opinion Letter of the Deputy Administrator.
Terms: 31,355 (Edit Search | Suggest Terms for My Search)

↓Select for FOCUS™ or Delivery
☐

Copyright 2007 CCH Incorporated, All Rights Reserved

Copyright 2007 CCH Incorporated, All Rights Reserved
CCH Wages & Hour Reporter Cases & Opinion Letters

Wages-Hours Cases and Opinion Letters 1996 - present
Fair Labor Standards Act
DOL Opinion Letters
DOL Opinion Letter

2005-08 Wages Hours (CCH) P31,355

November 14, 2005

P **31,355** Opinion Letter of the Deputy Administrator.

Opinion Letter No 2471 (FLSA2005-52). November 14, 2005

Fair Labor Standards Act

Exemptions -- White Collar Employees -- Childcare Staff. -- Neither the executive nor the learned professional exemption would apply to childcare staff members who perform the work of houseparents -- they do not supervise other employees and do not appear to need specialized intellectual instruction to perform to perform their primary work. FLSA, Section 13(a)(1).

See ♦ P 25,210A.101 and ♦ P 25,210C.77

Exemptions -- Houseparents -- Unmarried Couple. -- The overtime pay exemption for houseparents is inapplicable to childcare staff members who are not married -- Congress only intended to exempt married persons. FLSA, Section 13(b)(24).

See ♦ P 25,233.35

TEXT:

**[Text of Opinion]**

Dear **Name n\***,

This is in response to your letter addressed to Kristine Iverson, Assistant Secretary for Congressional and Intergovernmental Affairs, on behalf of **Name\***, Executive Director of the **Name\***.

In his letter to you, **Name\*** raises his concerns regarding changes to the Department of Labor's definition of a "professional employee," which **Name\*** believes have made ineligible for the overtime pay exemption the childcare staff members who work as house parents and reside in Children's Homes. **Name\*** also notes that, according to a Department of Labor ruling, section 13(b)(24) of the Fair Labor Standards Act (FLSA) does not apply in the case of **Name\*** as that organization does not have an on campus school. **Name\*** seeks your assistance in helping to obtain a ruling from the Department of Labor, a revised

Exhibit A
Page 1 of 5

administrative rule or an amendment to the FLSA, which would allow for individuals who are not married to qualify for the FLSA section 13(b)(24) exemption.

The Wage and Hour Division (WHD) of the Department of Labor (Department) administers and enforces the FLSA (copy enclosed), which is the Federal law of most general application concerning wages and hours of work. This law requires that employers pay all covered and nonexempt employees not less than the minimum wage of $5.15 an hour for all hours worked, and overtime pay for all hours worked over 40 in a workweek. The FLSA applies to all employees of covered "enterprises" -- *enterprise coverage* -- and to employees individually engaged in interstate commerce -- *individual coverage*.

A discussion of *enterprise* and *individual* coverage is provided in the WH Opinion Letter of November 30, 2004 and Fact Sheet #14 (copies enclosed). As stated in the WH Opinion Letter, enterprise coverage does not apply to a private, nonprofit enterprise providing care for neglected and dependent children unless it is operated in conjunction with a hospital, residential care facility, school (as determined under State law) or a commercial enterprise for a business purpose. See *Joles v. Johnson County Youth Serv. Bureau, Inc., [130 LC P 33,261] 885 F. Supp. 1169 (S.D. Ind. 1995)* (nonprofit group home for troubled youth referred by courts or county agencies had no business purpose and was not a covered enterprise); *Segali v. Idaho Youth Ranch, Inc., [116 LC P 35,377] 738 F. Supp. 1302 (D. Idaho 1990);* and Field Operations Handbook (FOH) 10c12(b) and 12g18 (FOH copies enclosed).

However, employees of enterprises not covered under the FLSA may still be individually covered by the FLSA in any workweek in which they are engaged in interstate commerce, the production of goods for commerce or activities closely related and directly essential to the production of goods for commerce. Examples of such interstate commerce activities include making/receiving interstate telephone calls, shipping materials to another state and transporting persons or property to another state.

As a practical matter, the WHD will not assert that an employee who on isolated occasions spends an insubstantial amount of time performing individually covered work is individually covered by the FLSA. Individual coverage will not be asserted for house parents or other employees who occasionally devote insubstantial amounts of time to:


* Receiving/making interstate telephone calls;

* Receiving/sending interstate mail or electronic communications;

* Making bookkeeping entries related to interstate commerce.

See FOH 11a01 (copy enclosed).

We proceed with a discussion of the executive and professional exemptions under section 13(a)(1) and the house parent exemption under section 13(b)(24) of the FLSA in the event that childcare staff members are covered under the FLSA based on either *enterprise* or *individual* coverage. After reviewing the limited information provided, we believe that neither the executive nor the professional exemption, as implemented under the old or revised rule, would be applicable to the childcare staff members who perform the work of house parents. This means that the childcare staff members at issue are protected by the minimum wage and overtime provisions. As discussed further below, we also believe that the FLSA's section 13(b)(24) exemption from overtime pay for house parents is inapplicable to childcare staff members who, although they perform duties similar to those of house parents, are not married.

Section 13(a)(1) of the FLSA provides an exemption from the minimum wage and overtime provisions for any employee employed in a bona fide executive, administrative, or professional capacity. The Department last year updated the regulations at 29 C.F.R. Part 541 (copy enclosed) implementing the section 13(a)(1) exemptions, which became effective August 23, 2004. An employee may qualify for exemption as a bona fide executive, administrative or professional employee if all the pertinent tests relating to duty, salary

Exhibit A
Page 2 of 5

level and salary basis are met. For discussion purposes, we assume that the childcare staff members at issue are compensated on a salary basis at a rate of at least $455 per week as required.

*Executive Exemption*

As discussed in the revised rule at 29 C.F.R. § 541.100(a), "[t]he term 'employee employed in a bona fide executive capacity' in section 13(a)(1) of the Act" means "any employee":

1) Compensated on a salary basis at a rate of not less than $455 per week &, exclusive of board, lodging or other facilities;

2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

3) Who customarily and regularly directs the work of two or more other employees; and

4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

*Id.* The old rule also required as part of the duty test that the bona fide executive employee must have customarily and regularly directed the work of two or more other employees. Since, according to information provided, most of the childcare staff members do not supervise other employees, the childcare staff members at issue would not meet the executive exemption under either the old or revised rule.

*Learned Professional Exemption*

As discussed in 29 C.F.R. § 541.301(a), in order "[t]o qualify for the learned professional exemption, an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. This primary duty test includes three elements":

1) The employee must perform work requiring advanced knowledge;

2) The advanced knowledge must be in a field of science or learning; and

3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

*Id.* Under 29 C.F.R. § 541.301(b), "[t]he phrase 'work requiring advanced knowledge' means work which is predominantly intellectual in character, and which includes work requiring the consistent exercise of discretion and independent judgment, as distinguished from performance of routine mental, manual, mechanical or physical work. An employee who performs work requiring advanced knowledge generally uses the advanced knowledge to analyze, interpret or make deductions from varying facts or circumstances. Advanced knowledge cannot be attained at the high school level."

Similar to the revised rule, in order to qualify for the learned professional exemption, the old rule required that the employee must have had as his/her primary duty work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes. Since there is no information provided that shows the work performed by the childcare staff members requires knowledge of an

Exhibit A
Page 3 of 5

advanced type in a field of science or learning, which is customarily acquired by a prolonged course of specialized intellectual instruction, we believe the childcare staff members at issue do not qualify for the learned professional exemption under either the old or revised rule.

*House Parent Exemption*

Section 13(b)(24) of the FLSA provides an *overtime* pay exemption for any employee who is employed with such employee's spouse by a nonprofit educational institution to serve as the parents of children who are orphans or one of whose natural parents is deceased, and who are enrolled in the institution and reside in residential facilities of the institution, while the children are in residence at the institution. The employee and the employee's spouse must reside in the facility, receive (without cost) board and lodging from the institution, and together be compensated, on a cash basis, at an annual rate of not less than $10,000. The Department believes that Congress only intended to exempt married couples who serve as house parents for orphans (or children with only one living parent) who are enrolled in and reside on the premises of an educational institution.

Thus, we conclude that the section 13(b)(24) exemption would not apply to unmarried individuals. Any changes to the section 13(b)(24) requirements, such as allowing for unmarried individuals who perform duties similar to those of house parents to be eligible for the overtime pay exemption, would be a matter for legislative determination by the Congress.

With regard to our ruling in the case of the **Name***, the information provided by the **Name*** indicated that the children who reside in the Children's Home are not orphans and do not have only one living natural parent. Hence, we concluded that, assuming *individual* coverage existed, the section 13(b)(24) exemption would not apply to the house parents employed by the **Name***.

In summary, the enterprise provisions of the FLSA do not cover private nonprofit institutions providing care for neglected and dependent children, if such institution is not operated in conjunction with a hospital, residential care facility, school or a commercial enterprise operated for a business purpose. If a member organization of the **Name*** is not covered on an *enterprise* basis, then it would need to determine if *individual* coverage applies to its employees. Only if *enterprise* or *individual* coverage exists should the employer ascertain whether an exemption under the FLSA is applicable. As discussed above, provided *enterprise* or *individual* coverage exists, it is our opinion that neither the executive nor the professional exemption would apply to the childcare staff members who work as house parents. In addition, the section 13(b)(24) exemption from overtime pay would be inapplicable to childcare staff members who, although they perform duties similar to those of house parents, are not married.

This opinion is based exclusively on the facts and circumstances described in your request and is given based on your representation, express or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your letter might require a conclusion different from the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issue addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor. This opinion is issued as an official ruling of the Wage and Hour Division for purposes of the Portal-to-Portal Act, 29 U.S.C. § 259. See 29 C.F.R. § § 790.17(d), 790.19; *Hultgren v. County of Lancaster*, [116 LC P 35,399] 913 F.2d 498, 507 (8th Cir. 1990).

We trust that this letter is responsive to your inquiry. Please contact our office if we can be of further assistance.

**UPDATE-DATE:** June 13, 2007

Exhibit A
Page 4 of 5

Source: Legal > Secondary Legal > CCH > Labor & Employment > Wages Hours Reporter > § **CCH Wages & Hours Reporter Cases, DOL Opinion Letters & Admin. Rulings**
TOC: CCH Wages & Hours Reporter Federal Cases > /.../ > DOL Opinion Letters > **P 31,355 Opinion Letter of the Deputy Administrator.**
Terms: **31,355** (Edit Search | Suggest Terms for My Search)
View: **Full**
Date/Time: Thursday, June 21, 2007 - 8:12 PM EDT



**LexisNexis**  About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Exhibit B
Page 5 of 5