LEXSEE 2005 DOL WH LEXIS 46

FLSA2005-8NA

U.S. Department of Labor Employment Standards Administration
Wage and Hour Division Washington, D.C. 20210

*2005 DOLWH LEXIS 46*

September 2, 2005

**JUDGES:** Barbara R. Relerford, Office of Enforcement Policy, Fair Labor Standards Team

**OPINION:**

[*1] Dear *Name* *,

* *Note: The actual name(s) was removed to preserve privacy in accordance with 5 U.S.C. 552 (b)(7).*

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

This is in response to your letter requesting an opinion on the application of the Fair Labor Standards Act (FLSA) to your client, a 501(c)(3) tax-exempt non-profit corporation (the non-profit) that provides a home and care for dependent, neglected or pre-delinquent children. You ask if your client is an "enterprise" subject to the FLSA. You state that the home campus includes housing for the children, an education and counseling center, a gymnasium, and facilities for 4-H. A transitional school operated by the public school district is housed in a building along with the non-profit's administration offices and is located about one-half mile from the main home campus. The school's enrollment consists of the home's students as well as similar students from the surrounding community.

The non-profit offers a residential program involving 24 children aged 10 to 17 who reside at the group care home 24 hours a day, 7 days a week for an average of 11 months; an independent living skills program involving four children aged 15 to 17+, which focuses on increasing knowledge of independent living skills; and a day treatment program for children aged 9 to 17 that cares for children only during the day (one child involved presently). Other services offered include spiritual development, structured behavioral management, supervised staff/child treatment, social services (individual, group and family therapy), recreational therapy, 4-H development, and healing arts and practical skills (learning arts and crafts, creative writing, drama, hearing guest lecturers). The Division of Children and Family Services, individual families, private/public agencies, physicians, psychologists and counselors, and schools and alternative education programs refer children to the home. Funding is

received through contracts with the *Name* * Department of Social and Health Services -- Division of Children and Family Services, fees from the family (based on ability to pay), and fundraising activities (i.e. mailings to donors, raffles, and capital campaigns).

Enterprise coverage, as defined in section 3(r)(1) of the FLSA, applies only to activities performed for a business purpose. *29 U.S.C. § 203(r)(1)*. Coverage typically does not extend to eleemosynary, religious, educational, or similar activities of organizations operated on a non-profit basis where such activities are not in substantial competition with other businesses. See Opinion Letters dated December 13, 2004 and May 3, 1994, enclosed. The enterprise provision of the FLSA generally does not cover a private non-profit institution providing care for delinquent, dependent, or neglected children, unless that institution is operated as a hospital, an institution primarily engaged in the care of the sick, the aged or the mentally ill or defective who reside on the premises of such institution, a preschool, elementary school or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public, private, or operated for profit or not for profit). See Field Operations Handbook (FOH) 12g12; Opinion Letter dated November 30, 2004, enclosed.

You state that your client does not engage in competition with other ordinary commercial ventures, and is not aware of any competing private sector profit-making organizations. Several courts have held that similar non-profit organizations are not enterprises covered by the FLSA unless it is shown that the non-profit engages in commercial activities in competition with commercial enterprises. See *Wagner v. Salvation Army*, 660 F.Supp. 466 (E.D. Tenn 1986) (holding that the Salvation Army was not an enterprise under the FLSA since it did not engage in commercial activities); *Joles v. Johnson County Youth Service Bureau Inc.*, 885 F. Supp. 1169, 1174-75 (S.D. Ind. 1995) (finding that the non-profit organization that provides shelter and care to troubled youth is not engaged in a business purpose under the FLSA, unless it engages in commercial activities in competition with private entrepreneurs); *Segali v. Idaho Youth Ranch, Inc.*, 738 F.Supp. 1302 (D. Idaho 1990) (agreeing that the Idaho Youth Ranch which had the objective of caring, treating and nurturing dependent, abused and neglected children and which received 90% of its funds from state agencies was not operated for a business purpose, and was not an enterprise under the FLSA).

You also state that your client does not operate a school within the meaning of section 3(s). The non-profit's objects and purposes, as described in its Articles of Incorporation, include such eleemosynary activities as acquiring and maintaining facilities for a home and training school for wayward, delinquent, dependent, or problem children; receiving children by surrender, commitment, or otherwise from parents, guardians, or custodians and from the courts, or from administrative bodies caring for such children; doing all things necessary for or incidental to the operation of such home and school for the rehabilitation, education, and general training of such children; providing adequate medical, psychiatric, spiritual and other care and treatment to encourage the development of such children into good citizens; and establishing and administering various endowment and quasi-endowment funds pursuant to the terms and restrictions designed by donors in gift instruments, or established by the Board of Directors of the Corporation.

To accomplish its mission, your client provides a room in one of its buildings for the local school district to operate a transitional school. A certified teacher and instructional assistant are provided by the school district. The school district's security personnel are responsible for keeping students safe from dangerous behavior and other significant risks at the school. The school enrolls 10 to 16 students with first priority for entrance given to the non-profit and the balance to the surrounding community. The non-profit's involvement with the school is that of occasionally providing staff and transportation for activities, such as field trips, which you note any parent does; providing staff for physical education at the school twice a week; providing behavioral management intervention at the request of school staff; and meeting with school officials monthly to discuss the needs of the individual students. Thus, it would appear that the non-profit does not operate an elementary or secondary school as defined by the FLSA. Rather, it is the school district that operates the school, and your client plays the role normally played by a student's parents.

Based on the facts in your letter, we agree that your client's non-profit organization is not operated for a business purpose, and is not engaged in the operation of a school within the meaning of section 3(s)(1)(B) of the FLSA. However, **in describing the services that your client provides, you state that upon admission to the home, each child is assigned a social worker and a group leader to coordinate the "child's treatment."** You note that the non-profit offers such programs and services as a structured behavioral management program; a supervised treatment program; and individual, group, and family therapy. Given this clearly therapeutic purpose, we cannot specifically conclude whether the non-profit is engaged in the operation of "an institution primarily engaged in the care of ... the mentally ill or defective who reside on the premises of such institution" within the meaning of section 3(s)(1)(B).

**The non-profit would be engaged in the operation of such an institution if not fewer than 50% of the children residing with the organization were admitted by a qualified physician, psychiatrist, or psychologist.** See FOH 12g12. **The term "admitted" includes evaluations of mental or emotional disturbance by such a qualified practitioner, either subsequent to or preceding admission, as the cause for referral.** See FOH 12g12; Opinion Letters dated May 4, 1977 and December 1, 1975, enclosed. In addition, **your client would be engaged in the operation of such an institution if a psychiatrist retained by the home engages in therapy with individual children on a regular basis, and such children constitute more than 50% of the children residing in the home.** See Opinion Letters dated August 13, 1986 and March 15, 1978, enclosed.

Finally, we note that employees who do not work for a covered enterprise may still be individually covered by the FLSA in any workweek in which they are engaged in interstate commerce, the production of goods for commerce or activities closely related and directly essential to the production of goods for commerce. Examples of such interstate commerce activities include making or receiving interstate telephone calls, shipping materials to another state, and transporting persons or property to another state. As a practical matter, the Wage and Hour Division will not assert that an employee who on isolated occasions spends an insubstantial amount of time performing individually covered work is individually covered under the FLSA. See FOH 11a01, enclosed; Opinion Letter dated November 30, 2004.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, express or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might require a different conclusion from the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issue addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.
We trust that this information is responsive to your inquiry.

Sincerely,

Enclosures   WH   Opinion   Letters   12/13/2004,   11/30/2004,   5/3/1994,   8/13/1986   3/15/1977