[NO NUMBER IN ORIGINAL]

U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

2004 DOLWH LEXIS 45

November 30, 2004

**JUDGES:** Barbara R. Relerford, Fair Labor Standards Team Office of Enforcement Policy

**OPINION:**

This is in response to your letter addressed to Secretary Chao and to your email correspondence to Senator Bob Graham concerning the applicability of the "house parent" exemption under section 13(b)(24) of the Fair Labor Standards Act (FLSA) to house parents employed by your organization.

Based on the information you provided in your letter, it may be that the FLSA does not apply to the [TEXT REDACTED BY THE COURT.]. If the FLSA does not apply, then the section 13(b)(24) exemption is not applicable to your organization. The following paragraphs contain a discussion of how to determine whether or not an organization/business is covered by the FLSA. Once FLSA coverage is determined, the discussion proceeds with the application of the section 13(b)(24) exemption.

You state that [TEXT REDACTED BY THE COURT.] (Children's Home) is a religious, not-for-profit organization dedicated to providing residential care and treatment of children who have been abused, neglected, or otherwise subjected to severe emotional damage. Originally founded as an orphanage, the Children's Home now tends to the needs of the "orphans of the living," children from ages 5 through 18 who are unable to remain in their natural homes due to emotional conflicts, life adjustment problems, relationship

disturbances, developmental delays, and the spiritual/ psychological wounding associated with sexual, physical, and emotional abuse.

The Children's Home is currently licensed and cares for up to eighty-eight children. Its residents come either through placement by the State or private placement. Children placed by the State are either abandoned, state-dependent, juvenile status offenders, or pre-delinquent. Private placement occurs when parents or guardians are either unable or unwilling to care for their children. More than 80 percent of the Children's Home funding comes from the United Methodist Churches and private charitable donations, with the balance derived from government payments for state-placed residents or funding provided for abandoned children.

The residents of the Children's Home attend local [TEXT REDACTED BY THE COURT.] County Schools. The Children's Home provides residential care as well as counseling, recreational therapy, tutoring and vocational and religious instruction. These services are provided using the "house parent" model, with eight to ten children in a cottage under the supervision and care of a married couple who act in loco parentis. House parents consistently exercise quasi-parental discretion in determining how to meet or modify "individual treatment plan" goals and in disciplining their charges appropriately. In sum, the role and benefit of the "house parent model" is to deliver this broad range of services in a seamless manner that addresses all of a child's needs holistically.

The Wage and Hour Division of the Department of Labor administers and enforces the FLSA (copy enclosed), which is the Federal law of most general application concerning wages and hours of work. This law requires that all covered and nonexempt employees be paid not less than the minimum wage, $ 5.15 an hour, for all hours worked and overtime pay for all hours worked over 40 in a workweek. The FLSA applies to all employees of covered "enterprises"-- enterprise coverage--and to employees individually engaged

in interstate commerce--*individual coverage.*

Pursuant to sections 3(r) and (s) of the FLSA, enterprise coverage applies to the following employers:

- Federal, state or local government agencies;
- Hospitals (establishments primarily engaged in offering medical and surgical services to patients who generally remain in the establishment overnight, several days, or for extended periods);
- **Residential care facilities primarily engaged (50% or more of income attributable to) in the care of the sick, the aged, the mentally ill or developmentally disabled who live on the premises;**
- Preschools, elementary and secondary schools (as determined under state law) and colleges; and
- Enterprises with a business purpose with an annual dollar volume of sales or receipts of $500,000 or more and at least two employees engaged in commerce or the production of goods for commerce.

Please note that enterprise coverage does not apply to a private, nonprofit enterprise providing care for neglected and dependent children unless it is operated in conjunction with a hospital, residential care facility, school or a commercial enterprise operated for a business purpose. See, e.g., Joles v. Johnson County Youth Service Bureau, Inc., 885 F.Supp. 1395 (S.D. Ind. 1995) (nonprofit group home for troubled youth referred by courts or county agencies had no business purpose and was not a covered enterprise). Based on the information provided, it appears that Florida United Methodist Children's Home satisfies none of these tests and, thus, is not covered on an enterprise basis.

Employees of enterprises not covered under the FLSA may still be *individually covered* by the FLSA in any workweek in which they are engaged in interstate commerce, the production of goods for commerce or activities closely related and directly essential to the production of goods for commerce. Examples of such interstate commerce activities include making/receiving interstate telephone

calls, shipping materials to another state and transporting persons or property to another state.

As a practical matter, the Wage and Hour Division will not assert that an employee who on isolated occasions spends an insubstantial amount of time performing individually covered work is *individually covered* by the FLSA. Individual coverage will not be asserted for house parents or other employees who occasionally devote insubstantial amounts of time to:

- Receiving/making interstate phone calls;
- Receiving/sending interstate mail or electronic communications;
- Making bookkeeping entries related to interstate commerce.

See Field Operations Handbook,

We proceed with a discussion below of the applicability of the house parent exemption under section 13(b)(24) of the FLSA in the event that individuals employed by your organization as house parents are *individually covered* under the FLSA.

Section 13(b)(24) of the FLSA provides an overtime pay exemption for any employee who is employed with such employee's spouse by a nonprofit educational institution to serve as the parents of children who are orphans or one of whose natural parents is deceased, and who are enrolled in the institution and reside in residential facilities of the institution, while the children are in residence at the institution. n1 The employee and the employee's spouse must reside in the facility, receive (without cost) board and lodging from the institution, and together be compensated, on a cash basis, at an annual rate of not less than $10,000.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 Section 13(b)(24) contains the word "or" rather than "and" between the two requirements (that the children be

orphans or have one deceased parent "or" be enrolled in the educational institution and reside there). However, since the passage of section 13(b)(24) in 1974, the Department has consistently treated the statute's use of the word "or," rather than the word "and," as a scrivenor's error. The Department's interpretation has been based upon the structure of the passage, as well as upon the extensive legislative history of this amendment, which makes clear that Congress intended only to exempt couples who serve as house parents for orphans (or children with one deceased parent) who are enrolled in and reside on the premises of an educational institution. S. Rep. No. 93-690, pp. 47, 64 (1974); H. Rep. No. 93-313, pp. 13, 48 (1974); S. Rep. No. 93-758 (1974); 120 Cong. Rec. 8600, H2297 (March 28, 1974); see also S. Rep. No. 93-300, pp. 46-49 (1973) and Conf. Rep. No. 93-413, pp. 11, 24 (1973). Therefore, Wage and Hour has interpreted these requirements as conjunctive. See opinion letters of June 16, 1976; June 4, 1979; July 18, 1980; Field Operations Handbook, P25p00. Such an interpretation is appropriate when the statutory "language used so conflicts with evidenced congressional intent that a mistake in draftsmanship is obvious." Symous v. Chrysler Corp. Loan Guarantee Bd., 670 F.2d 238, 242 (D.C. Cir. 1981). Contra, Gaby v. The Omaha School for Boys, 1997 WL 406275 (D. Neb. 1997), aff'd on other grnds, 140 F.3d 1184, citing Coulter v. St. Francis Academy, 110 F.3d 794 (5th Cir. 1997) (Table) (refusing to resort to legislative history and holding that the requirements of section 13(b)(24) are disjunctive).

- - - - - - - - - - - - - - - - - - - - -End Footnotes- - - - - - -

Since the information you have provided indicates that the children who reside in Children's Home are not orphans and do not have one deceased natural parent, the section 13(b)(24) exemption would not apply to the house parents employed by your organization. Any changes in this requirement would be a matter for legislative determination by the Congress.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that you

have provided a full and fair description of all the facts and circumstances which would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might require a different conclusion than the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issue addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

We trust that the above is responsive to your inquiry. Please contact our office if we can be of further assistance.

Sincerely,