Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK 99701
Phone: (907) 452-4377
Fax: (907) 451-7802
E-mail: kcovell@gci.net

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

ROBERT PROBERT and LORETTA )
PROBERT, and others similarly situated, )
)
Plaintiffs, )
)
vs. )
)
FAMILY CENTERED SERVICES OF )
ALASKA, INC. and DOES I to X, (Managerial )
Employees Jointly Liable) )
)
Defendants. )
_____ ) Case No. 4:07-cv-00030-RRB

## DECLARATION BY STEPHEN PARKER, PH.D.

I, Stephen Parker, Ph.D., declare and state that:

1) I am an adult resident of the State of Alaska, fully competent to testify and I testify about the following facts upon my personal knowledge.

2) I am a clinical psychologist in the Fairbanks area and my *Curriculum Vitae* is attached to this Declaration.

3) My experience includes being clinical supervisor at Fairbanks Community Mental Health Center, twenty-eight years of doing commitment evaluations for the Court at

LAW OFFICES OF
KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

Probert et. al v. FCYS
Dr. Parker's 7/16/08 Declaration
Page 1 of 5

Fairbanks Memorial Hospital, twelve years of evaluating special needs children for the Fairbanks North Star Borough School District, five years as the consulting psychologist to Presbyterian Hospitality House in Fairbanks (a residential adolescent treatment facility), teaching at the University of Alaska, and testifying as an expert witness in Alaska State and Federal Court cases for almost thirty years.

4) I have read pages 16 and 17 of the FCSA brief in this case. It includes a list of diagnoses. The Plaintiffs have asked me to discuss whether these diagnoses are mental illnesses or not.

5) The difference between emotional disturbance and mental illness is not well-defined: in my opinion, they are very similar terms. The Fairbanks North Star Borough School district uses the term "emotional disturbance" to qualify children for special education; obviously it would not be a good idea for the School District to call any of its students "mentally ill". These are the criteria the School District uses (from the **Alaska Special Education Handbook**):

**Emotional Disturbance**
*To be eligible for special education and related services as a child with emotional disturbance, a child must:*

    A.    have a condition exhibiting one or more of the following characteristics over a long period of time and to a marked degree that adversely affects educational performance:

        I.    an inability to learn that cannot be explained by intellectual, sensory, or health factors;

        II.    an inability to build or maintain satisfactory interpersonal relationships with peers and teachers;

        III.    inappropriate types of behavior or feelings under normal circumstances;

        IV.    a generally pervasive mood of unhappiness or depression; or

LAW OFFICES OF
KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

Probert et. al v. PCYS
Dr. Parker's 7/16/08 Declaration
Page 2 of 5

    V. a tendency to develop physical symptoms of fears associated with personal or school problems.

  B. require special facilities, equipment or methods to make his or her educational program effective; and

  C. be diagnosed as emotionally disturbed by a psychiatrist or psychologist; and

  D. be certified by a group consisting of qualified professionals and a parent of the child as qualifying for and needing special education services.

6) The State of Alaska uses the term "mental illness" as a critical criteria in commitment proceedings, and provides a legal definition: *"Mental illness" means an organic, mental, or emotional impairment that has substantial adverse effects on an individual's ability to exercise conscious control of the individual's actions or ability to perceive reality or to reason or understand: mental retardation, epilepsy, drug addiction, and alcoholism do not per se constitute mental illness, although persons suffering from these conditions may also be suffering from mental illness."* AS 47.30.915

7) Adolescents are considered to be in a state of development; for example, one cannot diagnose someone under eighteen with a personality disorder. (Adolescents have "conduct disorders".) Similarly "mental illness" is often a term applied to adults more than it is applied to children or adolescents.

8) In most cases, the diagnosis of a child as severely emotionally disturbed would be the equivalent of saying the child had a mental illness.

9) The diagnoses listed in the FCSA brief at pp. 16 that are generally considered to be mental illnesses include: Depressive Disorder, Mood Disorder, Post Traumatic Stress

LAW OFFICES OF
KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

Probert et. al v. PCYS
Dr. Parker's 7/16/08 Declaration
Page 3 of 5

Disorder. Although the diagnosis is not listed, Bipolar Disorder is a mental illness and it would not be uncommon in an adolescent residential facility.

10) Some of the other diagnoses listed could potentially be considered a mental illness, depending on their severity and duration.

11) It would be unlikely for the following diagnoses to be considered as a mental illness: Attention Deficit Disorder, Adjustment Disorder, Learning Disorder, Enuresis.

12) In my experience, residential treatment facilities tend to underestimate the severity of the psychological problems that adolescents are facing.

13) It is my understanding that most of the adolescents at FCSA are on medications. Such medications are almost always prescribed by a psychiatrist and used to treat the symptoms of mental illness; I would suggest that the prescription of a psychotropic medication often suggests the presence of a mental illness.

14) In order to differentiate the somewhat arbitrary distinction between "emotional disturbance" and "mental illness" of any child under consideration, it would be necessary to fully review the child's medical records and school records. There may be cases where it would be necessary to evaluate the child directly to make the distinction, if there has not been a thorough psychological or psychiatric evaluation.

15) There are degrees of emotional disturbance and there are degrees of mental illness. There is a strong overlap between the two; in my opinion, the difference between them is a matter of interpretation and clinical judgment.

LAW OFFICES OF
KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

Probert et. al v. PCYS
Dr. Parker's 7/16/08 Declaration
Page 4 of 5

## Declaration

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on July 16, 2008.

_____
Stephen Parker, Ph.D.

LAW OFFICES OF
KENNETH L. COVELL
712 8TH AVENUE
FAIRBANKS, ALASKA 99701
PHONE (907) 452-4377
FAX (907) 451-7802

Probert et. al v. PCYS
Dr. Parker's 7/16/08 Declaration
Page 5 of 5

**Stephen Parker, Ph.D.**
Clinical Psychologist
Alaska Medical Psychology
907-479-6008

## Education

1967 - 1971 Stanford University, B.A. Honors in Psychology

1973 - 1977 California School of Professional Psychology – San Diego
 Ph.D. in Clinical Psychology

## Work Experience

*1978 - 1980*

**Director**, Cordova Community Services, Cordova, Alaska.
Mental Health Clinic in an isolated town on Prince William Sound.

*1980 – 1981*

**Clinical Director**, Fairbanks Community Mental Health Center
Clinical supervisor of six clinicians in a city in the interior of Alaska.

*1980 – 1985*

**Consultant**, Presbyterian Hospitality House, Fairbanks, Alaska.
Psychological consultant to a residential treatment facility for twenty female adolescents.

*1980 – 1985*

**Consultant**, Norton Sound Mental Health Center, Nome, Alaska.
Psychological Consultant to a mental health center on the Western coast of Alaska.

*1983 – 1984*

**Consultant**, Fairbanks Youth Facility,
Psychological Consultant to an eighteen-bed treatment center for delinquent male adolescents.

*1984 – 1985*

**Consultant**, Fairbanks Head Start
Psychological Consultant to a pre-kindergarten program for forty children

*1985 – 1986*

**Consultant**, Resource Center for Parents and Children, Fairbanks, Alaska

*1985- 1986*

**Clinical Director**, Galena Mental Health Center, Galena Alaska
Interim director of a mental health center on the Yukon River.

*1986 – 1987*

**Clinical Director**, Tanana Mental Health Center, Tanana, Alaska.
Interim director of a mental health center near the Tanana and Yukon Rivers.

*1980 – 1992*

**Consultant**, Fairbanks North Star Borough School District
Psychological evaluations and consultation regarding emotional impaired and special needs children in a school district of 12,0000 children.

*1980 – 1992*

**Instructor**, University of Alaska, Fairbanks
Teaching courses in Basic Counseling Skills, Stress Management, Psychology 101, Abnormal Psychology, Community Psychology, and Psychological Testing.

*1985 – 2000*

**Seminars in Jungian Psychology**, including Understanding Dreams, Psychological Types, Understanding the Shadow.

*1980 – 2008*

**Court Evaluator for Involuntary commitments.** Evaluations at Fairbanks Memorial Hospital Psychiatric Unit to assess mental illness, danger to self, danger to others, and disability. Approximately one hundred evaluations per year.

*1980 – 2008*

**Expert Witness**, Superior and Federal Courts in Alaska. Qualified as an Expert Witness in Clinical Psychology. Expert testimony on Post-traumatic stress disorder, competency to stand trial, diminished capacity, potential for rehabilitation. Approximately thirty psychological evaluations per year.

*1980 – 2008*

**Private Practice**, Clinical Psychology. Specializing in psychological evaluations, brief psychotherapy, and medical conditions.

### Licensure

Alaska Board of Psychologists and Psychological Associates
Licensed since 1979
Alaska License #181

### Additional Activities

*1995 – 2003*

Soccer Coach, Recreational and Competitive soccer.