John Foster Wallace
McCONAHY, ZIMMERMAN & WALLACE
711 Gaffney Road, Suite 202
Fairbanks, AK 99701
(907) 452-2211
(907) 456-1137 facsimile
foster@mzwlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

ROBERT PROBERT and LORETTA E. )
PROBERT, and others similarly situated, )
                                             )
              Plaintiffs, )
                                             )
        vs. )
                                               )
FAMILY CENTERED SERVCES OF )
ALASKA, INC. )
                                               )
              Defendants. )
_____ ) Case No.: 4:07-CV-00030 RRB

### AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS' FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

STATE OF ALASKA            )
                                      ) §§.
FOURTH JUDICIAL DISTRICT  )

       JOHN W. REGITANO having been first duly sworn upon oath, deposes and states as follows:

       1.     I am employed by Family Centered Services of Alaska as its executive director, and have held this position since August 1999. I am over eighteen year of age, have personal knowledge of the facts, and am competent to testify hereto.

       2.     Family Centered Services of Alaska is a private, non-profit corporation located in Fairbanks, Alaska, that provides residential care in Family Homes for children who are

McCONAHY, ZIMMERMAN & WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4662
(907) 452-2211

Exhibit 2 page 1 of 9

experiencing emotional and behavior problems, and are at risk of placement in institutional facilities because they lack a safe and stable home environment. The primary purpose of the Family Home is to provide an alternative for children who are at risk of being placed in institutional facilities because they lack a safe and stable home environment to cope with their problems and foster healthy development. The ultimate goal of the Family Home is to transition the children back into a private home, a stable foster home, or possibly independent living. The Family Homes are designed to replicate a family experience, in contrast to an institutional setting. The Family Homes are located in residential neighborhoods and appear, internally and externally, like private family residences. The children attend public school and obtain medical treatment from local providers, physicians, and the hospital. The children are encouraged to participate in and/or attend after-school activities, community functions, sporting events, and recreational outings, such as fishing, bicycling, walks, etc. The Family Homes each obtain a "Community Care License" to operate a "Residential Child Care Facility", and are not licensed as a mental institution or residential psychiatric treatment center. As provided in the Community Care License, each Family Home may accommodate up to five children. A copy of the Community Care License for the Family Home where the Proberts were employed is attached as Exhibit "A".

3. Family Centered Services employs Family Parents who are responsible for the overall care and supervision of the children and are required to reside in and manage the home's daily operations. Family Parents are expected to act as positive adult role models and take parental responsibility for the children, by maintaining a safe, stable, and nurturing home environment; supporting academic endeavors such as assuring completion of homework

MCCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4662
(907) 452-2211

*Probert v. FCSA*, 4:07-CV 00030 RRB
AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 2 of 9

Exhibit 2 page 2 of 9

assignments and providing or arranging for tutoring if needed; attending school meetings; scheduling routine medical services; providing opportunities for and scheduling recreational, educational, cultural, religious and extra curricular activities; and ensuring basic needs are met with nutritious meals, snacks, appropriate clothing, health care, and hygiene. Family Centered Services' job descriptions for the Proberts' employment as full and part time Family Parents are attached as Exhibits "B"-"C".

4. On September 23, 2005, Family Centered Services hired Robert Probert as a Youth Counselor III at the rate of $13.79 per hour. The Youth Counselor III position is not exempt from the wage and hour laws, and Robert was paid for any overtime.

5. In July 2006, Family Centered Services offered Robert and Loretta Probert, as a married couple, positions as Family Parents in one of its Family Homes. The Proberts were required to reside in and manage the Family Home and provide for the overall care and supervision of the children in the home, as stated in the job descriptions for their positions. Exhibits "B"-"C". Robert was employed full-time as the primary Family Parent and Loretta was employed part-time as the secondary Family Parent. In addition to their room and board, Robert was paid an annual salary of $45,000 and Loretta was paid an annual salary of $20,255.04. As a full-time employee, Robert was employed to work 40 hours per week and was paid for 40 hours per week for every week that he worked for Family Centered Services. As a part-time employee, Loretta was employed to work 18 hours per week and was paid for 18 hours per week for every week that she worked for Family Centered Services. The Proberts's employment contracts expressly provided that as "exempt" employees, they would "not be paid for any hours worked over 8 hours on a day or over 40 hours in a workweek." In addition,

MCCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4662
(907) 452-2221

*Probert v. FCSA*, 4:07-CV-00030 RRB
AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 3 of 9

Exhibit 2 page 3 of 9

Loretta agreed and understood that she was expected to bill "no less than 10 hours per week", but was not authorized to work and would not be paid for more than 18 hours per week. On July 30, 2007, The Proberts' hourly rate of pay was increased from $21.64 to $22.07. Copies of the Proberts' employment contracts are attached hereto as Exhibit "D"–"E".

6. As Family Parents working together, the Proberts received respite from a youth counselor approximately 40 hours per week, and twice each month received two full days of offsite respite. In addition, the Proberts were eligible and did take extended paid time off for vacations and to attend to personal and/or family matters. As a part-time employee, Loretta Probert was permitted to obtain additional employment elsewhere, as does many of our other part-time Family Parents.

7. The Proberts were terminated from their employment as Family Parents on August 29, 2007, and were fully paid all compensation owed to them on August 31, 2007.

8. Children are referred to the Family Home by parents and guardians, the State of Alaska, public agencies, or the school district. I am aware of no child who was referred to a Family Home by a psychiatrist, psychologist, or physician. Upon admission to a Family Home, children are not evaluated by a psychiatrist, psychologist, or any other physician. In only a very few cases, a child may be referred for evaluation to a psychiatrist, but not to a psychologist or other physician. Children admitted to the Family Home receive clinical intakes, functional assessments, and evaluations by a mental health clinician. An Individual Service Plan ("ISP") is developed for each child by a treatment team, which identifies the child's diagnosis, unique needs, strengths, weaknesses, abilities, preferences, goals, resources, and timelines for goals and ultimate discharge. The goals typically address behavioral or social

MCCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4652
(907) 452-2211

*Probert v. FCSA*, 4:07-CV-00030 RRB
*AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'*
*FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT*
Page 4 of 9

Exhibit 2 page 4 of 9

adjustment problems, such as reducing swearing and classroom disruptions or improving communications. Treatment plans usually involve weekly activity groups, art projects, and community activities so that children can improve their social skills; learning to be successful in public school and participate in after-school activities; living in harmony with other children and parents in the home; and taking responsibility for household chores. The children are taught skill development activities, such as common life skills (like cooking) and skills for coping with their emotions and getting along with others, behavioral techniques to control their behavior and act appropriately, and to participate in home, school and community events and social activities. The children generally have one hour of group therapy twice a week (when all children in the Family Home meet to discuss their group living arrangement), and one hour of individual therapy once a week. Therapy is conducted by a clinician, and not by a psychiatrist, psychologist or physician. A psychiatrist or psychologist is not employed or contracted to treat children in the Family Home, but access, if needed, could be made available through standing contractual agreements maintained by Family Centered Services.

9.      The Family Home takes a holistic approach to caring for the children, providing them with a variety of services, including life skills, socialization and educational support, as well as a limited amount of therapy, so that the child may transition out of the Family Home and into a private home, stable foster home, or independent living. The therapy is just one small part of a milieu of services and activities provided and made available in the Family Home. The Family Home's main purpose is to provide a home for children as an alternative to an unnecessarily more restrictive institutional environment, when a safe and stable parental or

McCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4682
(907) 452-2211

*Probert v. FCSA*, 4:07-CV-00030 RRB
AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 5 of 9

Exhibit 2 page 5 of 9

foster home is not available. As noted, the ultimate goal is returning the children to private family life in the community or an alternative living arrangement.

10. Children admitted into the Family Home are evaluated by the mental health clinician and provided with a diagnosis. The most common diagnoses are: Attention Deficit, Hyperactivity, Conduct Disorder, Impulse Control Disorder, Oppositional Defiant Disorder, Adjustment Disorder, Parent-Child Relational Disorder, Depressive Disorder, Mood Disorder, Reactive Attachment Disorder, Post traumatic Stress Disorder, Anxiety Disorder, Development Disorder, Learning Disorders, Enuresis (bed wetting), eating disorders, Sexual or Physical Abuse, Neglect, and/or alcohol, cannabis or other substance abuses. While these evaluations indicate that the child has emotional and/or behavioral problems, they do not indicate that the child is suffering from a severe mental illness or requires institutionalization. A child diagnosed with a severe mental illness would not be admitted into the Family Home and, if a child is determined to have a severe mental illness at any time after admission, he or she would be discharged to a mental hospital or institution as defined by federal Medicaid regulations. As previously noted, children are not evaluated by a psychiatrist, psychologist, or physician at admission to a Family Home, and only a very few children are ever evaluated by a psychiatrist while they are residents of the Family Home. Children are referred to the Family Home because they lack a safe and stable home to cope with their emotional and behavioral problems and foster healthy development, and not so they can be evaluated by a psychiatrist, psychologist or other physician.

11. The Family Home is not a hospital, nursing facility or institution with more than 16 beds which is primarily engaged in diagnosing, treating or caring for persons with mental

McCONAHY, ZIMMERMAN & WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 205
FAIRBANKS, ALASKA
99701-4662
(907) 452-2211

*Probert v. FCSA*, 4:07-CV-00030 RRB
AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 6 of 9

Exhibit 2 page 6 of 9

diseases, and does not qualify as an "institution for mental diseases" as defined under federal regulations for Medicaid. Children with severe mental illnesses or too low functioning are denied admission to the Family Home as the program operating model was not intended or designed to be a safe or effective treatment setting for their conditions.

12. Family Centered Services provides services to residents of Alaska. All of the children residing in its Family Homes, including the Proberts' former Family Home, are residents of Alaska. Family Centered Services' principal place of business is in Fairbanks, Alaska. All of Family Centered Services' officers and directors are residents of Fairbanks, Alaska. I am not aware and do not believe that any Family Centered Services employee ever took or transported any child across state lines for placement in a Family home. If this ever occurred, it was a very rare occasion. If a child placed in a facility outside of Alaska is subsequently transferred to a Family Home, the state agency arranging the transfer is responsible for transporting the child, and not any employee of Family Centered Services.

13. As Family Parents, the Proberts had no more than minimal contact with interstate commerce. The Proberts did not produce any goods for interstate commerce. They were not required or encouraged to spend any time using the telephone for out-of-state calls, using the internet to access out-of-state sites, e-mailing out-of-state, mailing out-of-state, or ordering goods or supplies from out-of-state. In fact, if they spent any of their employment time performing these tasks, they were inappropriately acting outside of their job descriptions and authority.

14. Family Centered Services receives most, if not all, of its funding for its Family Homes from in-state sources, including Medicaid from the State of Alaska; State of Alaska,

MCCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4662
(907) 452-2211

*Probert v. FCSA, 4:07-CV-00030 RRB*
*AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'*
*FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT*
*Page 7 of 9*

Exhibit 2 page 7 of 9

Division of Behavioral Health; State of Alaska, Office of Children's Services; State of Alaska, Department of Education; Fairbanks North Star Borough School District; in-kind (non-cash) and cash donations; and interest income. The annual revenue amount has increased over the years, but the revenue mix has been very stable and has varied little over the life of the organization. To my knowledge, Family Centered Services has never directly received any grant or contract from the federal government, and most certainly not since I began my employment in August 1999.

15. Family Centered Service orders very few of its supplies for its Family Homes from out-of-state vendors. After reviewing its records, it appears that computers are the only items that Family Centered Services has directly purchased from outside of Alaska, and that accounted for one percent or less of its annual purchases. A few of the staff of Family Centered Services (not including home parents) are authorized to make long distance telephone calls and use the internet, e-mail, and/or mail to contact out-of-state sources, but their authority is very limited and, in fact, I would describe it as nominal or insignificant. Since we do not work directly with any federal agencies, I believe it would be reasonable for me to estimate that less than one percent of staff time is spent on these activities. Family Centered Services' Family Homes do not engage in any business or commercial activities in competition with any business.

DATED at Fairbanks, Alaska this 11th day of February, 2008.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
JOHN W. REGITANO

McCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4662
(907) 452-2211

*Prubert v. FCSA*, 4:07-CV-00030 RRB
*AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'*
*FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT*
Page 8 of 9

Exhibit 2 page 8 of 9

**SUBSCRIBED AND SWORN** to before me on the 11th day of February 2008, at Fairbanks, Alaska.



NOTARY PUBLIC in and for Alaska.
My Commission Expires 7/1/08

### CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing will be electronically served simultaneous with filing to the following attorneys and/or parties of record:

Kenneth L. Covell
Law Offices of Kenneth L. Covell
kcovell@gci.net

_____ 02/11/2008
Barbi Montgomery for McConahy, Zimmerman & Wallace

McCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4662
(907) 452-2223

Probert v. FCSA, 4:07-CV-00030 RRB
AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 9 of 9

Exhibit 2 page 9 of 9