John Foster Wallace
McCONAHY, ZIMMERMAN & WALLACE
711 Gaffney Road, Suite 202
Fairbanks, AK 99701
(907) 452-2211
(907) 456-1137 facsimile
foster@mzwlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

ROBERT PROBERT and LORETTA E. )
PROBERT, and others similarly situated, )
                                        )
        Plaintiffs,                     )
                                        )
vs.                                     )
                                        )
FAMILY CENTERED SERVICES OF             )
ALASKA, INC.                            )
                                        )
        Defendants.                     )
_____ ) Case No.: 4:07-CV-00030 RRB

## SECOND AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS' FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

STATE OF ALASKA          )
                         ) §§.
FOURTH JUDICIAL DISTRICT )

JOHN W. REGITANO having been first duly sworn upon oath, deposes and states as follows:

1. I am employed by Family Centered Services of Alaska as its Executive Director, and have held this position since August 1999. I am over eighteen years of age, have personal knowledge of the facts, and am competent to testify hereto.

McCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4663
(907) 452-2211

Exhibit 3 page 1 of 9

2. I incorporate herein and reaffirm all my statements set forth in my affidavit dated February 11, 2008, filed with this Court in support of Family Centered Services' opposition to plaintiffs' first motion for partial summary judgment.

3. Family Centered Services opened its first Therapeutic Family Home Program in 2003. Therapeutic Family Homes are each licensed with a "Community Care License" to operate a "Residential Child Care Facility" for up to five children. As a condition to the licensing, no child is allowed to be left unsupervised in a Therapeutic Family Home.

4. Children are not ordinarily admitted to Therapeutic Family Homes by a psychiatrist, psychologist, and/or physician. Any child coming from restrictive in-patient residential psychiatric treatment center, such as North Star Behavioral Health in Anchorage, enters the Therapeutic Family Home as a transition out of a secure treatment facility to a less restrictive family environment fully integrated into the community, and not for purposes of obtaining psychiatric treatment or evaluation.

5. Children residing in Therapeutic Family Homes are not ordinarily evaluated for mental or emotional disturbance by a psychiatrist, psychologist, or physician as part of their admission, or after being admitted to the home. Since I have been the Executive Director of Family Centered Services, Family Centered Services has never employed a psychologist. George Kirchner was a masters' level clinician and was employed by Family Centered Services as a Clinical Director, but was not a psychologist. It is very difficult for me to believe that George Kirchner was introduced as a psychologist by Amberlee Dawson, Ligia Novcaski (our current Clinical Director), or anyone else employed by Family Centered Services. Because George was a long-term employee, it is very unlikely any Family Centered Services' employee

MCCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4662
(907) 452-2211

*Probert v. FCSA*, 4:07-CV-00030 RRB
SECOND AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 2 of 9

Exhibit ___3___ page ___2___ of ___9___

would have been unaware of his professional credentials and/or the limits of the services he could provide.

6. Family Centered Services contracts for the services of a psychiatrist, who is available to clients in all of its programs, including children in the Therapeutic Family Homes as the need occurs. No psychiatrist is specifically employed by or is part of the staff of the Therapeutic Family Home Program. Most children in Therapeutic Family Homes are scheduled to see the contract psychiatrist after their admission for purposes of monitoring their medication. It would be uncommon for any child in a Therapeutic Family Home to receive a mental or emotional evaluation from the contract psychiatrist. Monitoring medications is not equivalent to performing mental or emotional evaluations. On the rare occasion that a child receives a mental or emotional evaluation from the contract psychiatrist, obtaining an evaluation was not the reason that the child was placed in the Therapeutic Family Home. Family Centered Services' contract psychiatrist is part of a child's "treatment team" if the child is on medication, but does not ordinarily attend any of the team's meetings. If a child is not on medication, it is unlikely she or he will ever see the psychiatrist. Until approximately 18 months ago, Dr. Ackley was contracted by Family Centered Services to provide his services as a psychiatrist.

7. After admission into a Therapeutic Family Home, each child sees one of Family Centered Services' clinicians to identify a diagnosis, develop an Individual Service Plan ("ISP"), and confirm his or her placement. Children admitted into the Therapeutic Family Homes Program receive an AXIS I diagnosis, but are not likely to have an AXIS II diagnosis.

8. Family Centered Services' clinicians are masters level social workers. Some clinicians may be licensed social workers, but many are in the process of obtaining their

MCCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4682
(907) 452-2371

*Probert v. FCSA*, 4:07-CV-00030 RRB
SECOND AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 3 of 9

Exhibit 3 page 3 of 9

licensing and are not yet licensed. Generally, at any point in time, approximately one-half of our clinicians are unlicensed. Clinicians and social workers are not psychologists or psychiatrists. Psychologists and psychiatrists have different education, training, and licensing requirements than clinicians and social workers. Psychologists have a PhD. Psychiatrists are medical doctors (M.D.), and only psychiatrists may prescribe medications.

9. Children are admitted into a Therapeutic Family Home because they need a stable and supportive residence and have behavioral problems which, if not addressed, could ultimately develop into a serious mental illness or possibly require institutionalization. Children successfully completing mental health treatment in a secure psychiatric treatment facility may be admitted into a Therapeutic Family Home if they have no other stable and supportive place to reside.

10. Children residing in a Therapeutic Family Home attend regular public schools, ride school buses, participate in after school activities, assist house parents with grocery shopping and other household responsibilities, and are active in the community in a wide range of activities, such as picnics on the weekends, as would any other family.

11. Children with serious mental illnesses are not admitted into Therapeutic Family Homes. A Therapeutic Family Home is not a lock-down institution/facility and the program was not intended or designed to provide a safe or effective treatment environment for children with serious mental illnesses. If a child is found to be seriously disturbed or low functioning, he or she is removed from the Therapeutic Family Home and referred to a treatment center or institution for intense treatment in a restrictive environment.

MCCONAHY, ZIMMERMAN & WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 SA-NE: ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4662
(907) 452-2211

*Prober v. FCSA,* 4:07-CV-00030 RRB
*SECOND AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'*
*FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT*
*Page 4 of 9*

Exhibit 3 page 4 of 9

12. Children in a Therapeutic Family Home receive very limited counseling. Generally, children receive two hours per week of group therapy and one hour per week of individual therapy with a master's level counselor. The limited therapy provided to children in a Therapeutic Family Home is significantly different and not equivalent to the treatment provided by in-patient psychiatric treatment centers or hospitals where clinical treatment is the primary purpose for the placement.

13. Family Centered Services does operate a program for evaluating and treating children with serious mental illnesses in a restrictive environment. Since 2001, Family Centered Services has operated a "Residential Diagnostic Treatment" ("RDT") facility, which is a staff-secured, Level IV treatment center for up to nine children. The children admitted to the "RDT" facility are more severely disturbed than the residents of Therapeutic Family Homes, and require intense treatment in a restrictive environment. The "RDT" children do not attend public school, but are schooled "on-site" and, with few exceptions, do not leave the facility or have any interaction in the community. "RDT" residents generally receive no less than 12 to 15 hours per week of clinical treatment. The Boys and Girls Homes of Alaska now operate a "Residential Psychiatric Treatment Center" ("RPTC") in Fairbanks, which is a Level V mental health treatment facility with a capacity to serve up to 120 children. The "RPTC" is the most intensive and restrictive mental health facility in Fairbanks, and qualifies as an "institution for mental diseases" for Medicaid as defined by 42 CFR 435.1009.

14. Family Centered Services employed Andrea Quintyne as a Coordinator I from March 2004 to August 2005 in its Alternative To Out-of State Placement Program (ATOP). Ms. Quintyne's job duties would not have required her to have involvement with Therapeutic Family

McConahy, Zimmerman & Wallace
Attorneys At Law
A Professional Corporation
711 Gaffney Road, Suite 202
Fairbanks, Alaska
99701-4662
(907) 452-2211

*Probert v. FCSA*, 4:07-CV-00030 RRB
*SECOND AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'*
*FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT*
Page 5 of 9

Exhibit 3 page 5 of 9

Homes Program, children admitted into the Therapeutic Family Homes Program, access to any of the Therapeutic Family Homes' program files or records, or the files or records of its residents. Ms. Quintyne may have scheduled appointments and meetings and gathered medication sheets for children in the ATOP program, but she did not have these responsibilities for children in Therapeutic Family Homes. Ms. Quintyne would not have been part of or have attended any treatment team meeting for a child residing in a Therapeutic Family Home, unless a child under her oversight transferred between the programs. I am not aware that any such transfer occurred. In the performance of her job duties, Ms. Quintyne would not have had the need or authority to access files of children in the Therapeutic Family Home Program to obtain personal knowledge of their diagnoses or referral sources. The only contact Ms. Quintyne may have had with the Therapeutic Family Home Program is if additional help was required at a Therapeutic Family Home after routine business hours and she happened to be "on call" that week. Family Centered Services' coordinators and management staff are all part of the "on call" rotation team. Employees that are part of the "on-call" team generally are "on call" once every seven (7) weeks to address issues occurring after routine business hours

15. I have reviewed the definition of "Emotional Disturbance" used by the Fairbanks North Star Borough School District for determining eligibility for special education, as set forth in the Affidavit of Stephen Parker, PH.D., psychologist. Most of the children residing in Therapeutic Family Homes do not meet the criteria and do not qualify for special education services. I estimate that no more than 15% of all the children ever admitted into a Therapeutic Family Home have qualified for special education services.

MCCOSARY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
717 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-2822
(907) 452-2211

Prohart v. FCSA 4:07-CV-00030 RRB
SECOND AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 6 of 9

Exhibit 3 page 6 of 9

16. I have reviewed the legal definition of "Mental illness" for commitment proceedings under AS 47.30.915, as set forth in the Affidavit of Stephen Parker, PH.D., psychologist. No child residing in a Therapeutic Family Home is mentally ill under this definition. If a child was mentally ill as defined by AS 47.30.915, he or she would not be permitted to reside in a Therapeutic Family Home, but would be referred to an institution for intense treatment in a restrictive environment.

17. I agree with Stephen Parker that children with Axis I diagnoses may not be mentally ill or require institutionalization. All diagnoses are not equal. Some diagnoses require intense treatment in a psychiatric mental health treatment institution or hospital, while others do not. Children residing in Therapeutic Family Homes have Axis I diagnoses. However, they are stable, have conscious control of themselves, are able to perceive reality, reason and understand, and their diagnoses are usually related to behavioral health problems. Children residing in Therapeutic Family Homes do not require intense treatment or institutionalization. The Therapeutic Family Homes allows them to live in a home-like setting, attend regular public schools, ride school buses, and participate in extracurricular and community activities. The low level of treatment and lack of restrictiveness provided by Therapeutic Family Homes would be inadequate for children with more serious diagnoses.

18. Mr. Parker is mistaken with respect to the Therapeutic Family Homes' status as a "residential treatment facility." Therapeutic Family Homes are residential child care facilities, not residential treatment facilities.

19. I have reviewed the documentary exhibits attached to the plaintiffs' Reply and Declarations. Exhibit "7" to the Reply sets forth "Service Policies and Procedures" from Family

McCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4653
(907) 452-2001

*Probert v. FCSA*, 4:07-CV-00030 RRB
SECOND AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 7 of 9

Exhibit 3  page 7 of 9

Centered Services' Board of Directors in 1994, with pages 4-10 revised in April 1998, which was several years before Family Centered Services opened its first Therapeutic Family Home in 2003. Exhibit "9" to the Reply (also attached as Exhibits "1"-"2", and 4 to the Proberts' Declarations, and Exhibit "1" to John Grimes' and the Grissoms' Declarations) is Family Centered Services Annual Report for 2005, which covers all of Family Centered Services' programs and not just its Therapeutic Family Homes. Exhibit "6" to the Reply (also attached as Exhibit "2" to John Grimes' Declaration, Exhibit "1" to Donna Grimes' Declaration, and Exhibit "2" to Sandra Grissom's Declaration) may be parts of a prior version of Family Centered Services' "Policies and Procedures", "Program Description" for Therapeutic Family Homes that may have been in effect in 2003 and 2004, but was not in effect at the time of the plaintiffs' 2006-2007 employment. Exhibit "8" to the Reply (attached to no declaration) combines pages from at least two different documents. While pages 1-5 of Exhibit "8" may be parts of a prior 2005 version of "Policies and Procedures", "Program Description", pages 6-7 were not part of any such document. Exhibit "10" to the Reply (also attached to Quintyne's Declaration) may be part of the Provider Medicaid Billing Manual for Behavioral Health Services of First Health Services Corporation for the State of Alaska Medical Assistance Program.

DATED at Fairbanks, Alaska this 5th day of September, 2008.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

*[signature]*
JOHN W. REGITANO

MCCONAHY, ZIMMERMAN
& WALLACE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
711 GAFFNEY ROAD, SUITE 202
FAIRBANKS, ALASKA
99701-4652
(907) 452-2211

*Probert v. FCSA*, 4:07-CV-00030 RRB
SECOND AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS'
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 8 of 9

Exhibit 3 page 8 of 9

SUBSCRIBED AND SWORN to before me on the 5th day of September 2008, at Fairbanks, Alaska.



NOTARY PUBLIC in and for Alaska.
My Commission Expires 9/5/09

CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing will be electronically served simultaneous with filing to the following attorneys and/or parties of record:

Kenneth L. Covell
Law Offices of Kenneth L. Covell
kcovell@gci.net

_____ 09/5/2008
Barbi Montgomery for McConahy, Zimmerman & Wallace

Probert v. FCSA, 4:07-CV-00030 RRB
SECOND AFFIDAVIT OF JOHN W. REGITANO IN OPPOSITION TO PLAINTIFFS' FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 9 of 9

Exhibit 3 page 9 of 9