IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT FAIRBANKS

JOHNNY J. POWELL,                )
                       Plaintiff,)
vs.                              )
                                 )
FAMILY CENTERED SERVICES OF      )
ALASKA, INC.,                    )
                       Defendant.)
_____)
                           CASE NUMBER:  4FA-06-2438CI

## ORDER GRANTING SUMMARY JUDGMENT AND DISMISSING CLAIMS

The plaintiff, Johnny J. Powell, filed a complaint seeking damages for unpaid overtime. Count I alleges a violation of the Alaska Wage and Hour Act (AWHA). Count II alleges a violation of the Fair Labor Standards Act (FLSA). The defendant, Powell's employer, Family Centered Services of Alaska, Inc., filed a Motion for Summary Judgment Dismissing Claims. The court finds that there is no dispute as to any material fact, and that as a matter of law plaintiff's employment is exempt from both the FLSA and the AWHA. Summary judgment is granted as to both counts. All claims are dismissed.

### Statement of Facts

Family Centered Services of Alaska, Inc., (FCS) is an Alaska nonprofit corporation which operates therapeutic family homes. The homes are licensed by the State of Alaska Department of Health and Social Services, Office of Children's Services. Each home has a "Community Care

License" to operate as a "Residential Child Care Facility." The homes are not licensed as mental institutions or residential psychiatric treatment centers.

Johnny J. Powell was employed by FCS in one of these therapeutic family homes as a therapeutic home parent from January 1, 2004 until March 29, 2006. Powell's salary while employed as a therapeutic home parent, exclusive of room and board, ranged from $35,900 per year, when he was hired to $51,480 per year by the time he discontinued employment. The home in which Powell was employed had a "Community Care License" to operate as a "Residential Child Care Facility."

FCS's family homes are designed to replicate the family experience. FCS employs live-in therapeutic home parents who are responsible for the overall care and supervision of the children in the home and who are required to reside in and manage the daily operation of the home. The job description of therapeutic home parent includes acting as positive adult role model and taking responsibilities of the primary parents for all children placed in the home, inclusive of school meetings, scheduling routine medical services and providing opportunities for involvement in cultural, religious and extracurricular activities.

FCS's family home program provides residential care for children who are experiencing emotional and behavior problems and are at risk of placement in institutional facilities because they lack a safe and stable home environment, but not because they need or require

institutionalization. The primary purpose of the family home is to provide an alternative for these at-risk children to cope with their problems. The ultimate goal of the family home is to transition the children back into a private home, a stable foster home, or possibly independent living when such an option becomes available. The family homes are designed to replicate the family experience. They are located in residential neighborhoods and appear, internally and externally, like private family residences. The children attend public school and obtain medical treatment from local providers, physicians, and the hospital. The children are encouraged to participate in and attend after school activities, community functions, sporting events, and recreational outings such as fishing, bicycling, and going on walks.

FCS's homes provide nonprofit residential child care services only to Alaska residents. FCS has the customary contacts with interstate commerce that most people and organizations might have: FCS purchases goods that come to Alaska by way of interstate commerce; FCS employees occasionally travel outside Alaska on business; FCS banks with an interstate bank; FCS employees use the internet; and FCS receives payments from Medicare and out-of-state insurance companies. However, FCS offers no products or services into the stream of interstate commerce.

Powell offered no affidavit in support of his opposition to the motion to dismiss. Powell offered no evidence that he himself engaged in interstate commerce.

## Standard of Review

The defendant's Motion for Summary Judgment Dismissing Claims is governed by Civil Rule 56, which states that "judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." The burden is on the party moving for summary judgment to establish the absence of a material issue of fact. Alaska Rent-A-Car, Inc. v. Ford Motor Company, 826 P.2d 1136 (Alaska 1974). Once a party moving for summary judgment has shown that the case presents no material issue of fact and that the law requires judgment in its favor, the opposing party can avoid summary judgment only by producing competent evidence to show that there are issues of material fact to be tried. Brock v. Rogers & Babbler, Inc., 536 P.2d 778 (Alaska 1975).

In the present case the defendant has met its burden and established the absence of a material issue of fact. The plaintiff has not produced competent evidence to show that there are issues of material fact to be tried.

A. FLSA Coverage Does Not Apply to FCS or Powell

The FLSA provides coverage in two circumstances: (1) "enterprise coverage," where an employee works for an enterprise engaged in commerce or in the production of goods for commerce; or (2) "individual coverage," where an

employee is engaged in commerce or the production of goods for commerce. See, <u>Kitchings v. Florida United Methodist Children's Home</u>, 393F.Supp.2d 1282, 1292 (D.Fla. 2005) (nonprofit home providing residential care and treatment is not an "enterprise" under FLSA and house parent therein did not engage in interstate commerce). See also, <u>Joles v. Johnson County Youth Service Bureau Inc.</u> 885 F.Supp 1169, (S.D. Ind. 1995) (nonprofit group home for troubled youth referred by courts or county agencies had no business purpose and was not a covered enterprise and house parent therein was not engaged in the production of goods for commerce). This Decision and Order holds that, as in <u>Kitchings</u> and as in <u>Joles</u>, the plaintiff has failed to establish coverage under either circumstance. FLSA coverage does not apply.

1. FLSA Enterprise Coverage Does Not Apply to FCS

FCS is not an enterprise engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. section 207(a)(1) and as those terms are defined through 29 U.S.C. section 203(r) and (s). Unless it engages in commercial activities in competition with private entrepreneurs or qualifies as one of the organizations listed in 29 U.S.C. section 203(r)(2), a nonprofit charitable organization is not an enterprise under section 203(r) because it is not conducted for a business purpose. Unless one of these two circumstances apply, nonprofit eleemosynary organizations which provide shelter and care

Powell vs. FCS
Order Granting Summary Judgment and Dismissing Claims

Case No. 4FA-06-2438CI
Page 5 of 12

for troubled youth are not engaged in a business purpose under the act. See, Joles at 1175.

As a nonprofit corporation providing a home to special needs children, FCS is a charitable organization. FCS is not engaged in commercial activities in competition with private entrepreneurs. No evidence introduced suggested otherwise. FCS provides the needed community service of offering a residential home to special needs children. It is in no way engaged in activities performed for a business purpose. FCS is a children's home akin to the homes found in both Kitchings and Joles. FCS is not an enterprise under FLSA.

Powell alleges, without evidentiary support, that FCS should be deemed an institution engaged in the care of the mentally ill who reside on the premises. However, the uncontradicted facts of the matter are that the FCS home that Powell was employed in was no more than a licensed residential child care facility that served as a home for needy children. The purpose of the home was to provide a safe stable home environment for its children; it is a home, not a treatment facility. No stretch of the facts in this case can bring FCS within FLSA enterprise coverage.

Powell also alleges that FCS's children's home is engaged in commerce because of the contacts it has with interstate commerce. In support of this Powell points to the fact that the home buys goods from Sam's Club, banks with an interstate bank, receives payments from Medicaid and out of state insurers, and has employees who on occasion travel

out of state or are hired from out of state. FCS does not contest these facts. However, these facts do not make FCS a business enterprise engaged in commerce. The test is an "economic reality test" where the focus is on whether the enterprise is primarily engaged in competition in the public with ordinary commercial enterprises. Kitchings at 1294. FCS passes this test. The economic reality in this case is that FCS's purpose is not to compete in public as a commercial enterprise but rather to operate a nonprofit children's home as a community service. Such a home could not operate without feeding its children, financing its operations, and recruiting and training its staff. Contact with interstate commerce while it does these things does not change FCS's purpose.

### 2. FLSA Individual Coverage Does Not Apply to Powell

Employees of enterprises not covered under the FLSA may still be individually covered by the FLSA in any work week in which they are engaged in interstate commerce, the production of goods for commerce, or activities closely related and directly essential to the production of goods for commerce. Powell has not shown that he is such an employee entitled to individual coverage.

The burden of proof lies on the employee to establish that he was engaged in interstate commerce, or engaged in the production of goods, and that such production was for interstate commerce. See, Kitchings at 1292, n. 25. The test to determine whether an employee is engaged in commerce is not whether the employee's activities affect or

indirectly relate to interstate commerce, but whether they are actually in or so closely related to the movement of the commerce as to be part of it. Id. citing McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943).

Powell filed no affidavit claiming that he himself engaged in interstate commerce or was engaged in the production of goods. He advanced no facts in support of such a conclusion. The only evidence with regard to Powell's duties comes from the defendant. Powell's duties included only the conventional duties of a house parent. He took on the role of the primary parent for the children, tending to their educational, medical, and social needs. There was no production of goods and no suggestion of any personal contact with interstate commerce. Accordingly, on the facts presented, FLSA individual coverage does not apply to Powell. This conclusion is consistent with Kitchings and Joles which hold that FLSA individual coverage does not apply to house parents in children's homes.

B. Powell's Employment Exempt Under AWHA

The AWHA exempts Powell from its wage and hour requirements. AS 23.10.055(a)(12) states:

> (a) The provisions of AS 23.10.050--23.10.150 do not apply to
> 12) employment by a nonprofit educational or child care facility to serve as a parent of children while the children are in residence at the facility if the employment requires residence at the facility and is compensated on a cash

> basis exclusive of room and board at an annual rate of not less than
> (A) $10,000 for an unmarried person; or
> (B) $15,000 for a married couple.

The children's home employing Powell was licensed under Alaska law with a "Community Care License" to operate day "Residential Child Care Facility." The home was a nonprofit childcare facility that employed Powell to serve as a parent of children while the children were in residence at the facility. The employment required that Powell reside at the facility. The employment paid Powell, an unmarried person, in excess of $10,000. Accordingly, under the plain language of AS 23.10.055(a)(12), Powell's home parent position was exempt from the overtime requirements of the AWHA.

Powell argues that the definition of "child care facility" set forth in 8 AAC 15.910(a)(18) calls into question whether FCS's therapeutic homes qualify as childcare facilities. That regulation states:

> (18) "child care facility," as used in AS 23.10.055(12), includes those treatment programs that require that the children live in facilities provided, under the 24-hour care of program personnel, for a period of at least 30 consecutive days.

Powell's arguments are misguided. 8 AAC 15.910(a)(18) does not serve to exclude conventional residential child care facilities from the definition of child care facilities. Instead, the regulation seeks to bring certain residential treatment programs facilities within that definition of

child care facility. The regulation does not strip FCS's therapeutic homes of their standing as child care facilities. The regulation is inapplicable.

Powell also argues that the exemption available under FLSA and the exemption available under AWHA are mutually exclusive. However, Powell is mistaken in these arguments. Powell's arguments are based on a misinterpretation of 8 AAC 15.910(a)(18) and an unsupported conclusion that the FCS home in question is a mental health treatment program. As set forth above, there is no dispute as to the material fact that FCS's home is a residential child care facility. It is exempt under FLSA as such and it is exempt under AWHA as such.

C. Pending Discovery Motions Without Merit

Based on the applicable substantive law and the defendant's discovery conduct, the plaintiff's pending discovery motions are without merit. Plaintiff seeks to discover with more specificity facts that are undisputed and immaterial to the disposition of the Motion to Dismiss. For example, it is not disputed that the defendant receives Medicaid payments and payments from out of state insurance companies to a significant extent. Similarly, it is not disputed that there is travel by the defendant's employees, there is merchandise purchased at Sam's Club, there are bank loans from interstate banks, there are some employees that have come to work for the defendant from out of state, there are some out-of-state phone calls and there is internet and e-mail use. The defendant provided ample

discovery on all of these facts. The defendant does not contest these facts.

The defendant has provided extensive documentation to the plaintiff, and the plaintiff has employed those documents in his opposition. In addition to being uncontested, these facts are fundamentally immaterial to the interstate commerce analysis. These facts amount to no more than ordinary insubstantial contact with interstate commerce that do not affect FCS's purpose. No person or entity can avoid these contacts. The focus of the interstate commerce analysis is not on these contacts but rather on the nature of the services FCS provides.

Further discovery is superfluous. These facts are plainly established through the discovery currently provided. More importantly, they are immaterial to disposition of the Motion to Dismiss. The discovery provided by the defendant was ample, if not overly generous. For example, defendant pressed the limits of HIPPA privacy rules when providing documents. The defendant's discovery conduct was responsive and sufficient for the plaintiff to make an unfettered response to the Motion to Dismiss. Further discovery on uncontested and immaterial facts is unnecessary. This finding extends to the current motion to take the deposition of the defendant's director. Discovery is long since closed and plaintiff had ample time to conduct such a deposition. Further discovery is unnecessary given the uncontested issue of material facts and given this dispositive ruling.

## Conclusion

For the foregoing reasons the defendant's Motion for Summary Judgment Dismissing Claims is GRANTED. Summary judgment is granted in favor of the defendant as to both Count I and Count II. Accordingly, all the plaintiff's claims are dismissed.

DATED this 29th day of February, 2008 at Fairbanks, Alaska.

Michael A. MacDonald
Superior Court Judge

I certify that a copy of the foregoing was distributed via:
MAIL
[ ] S. Postal Svc. _____
[ ] _____
[ ] D DELIVERY
[ ]
[X]   Walleri
[ ]
[X] on  & Counsel - Wallare
By: KG          Date: 3/3/08
    Clerk

Powell vs. FCS
Order Granting Summary Judgment and Dismissing Claims

Case No. 4FA-06-2438CI
Page 12 of 12