Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK  99701
Phone: (907) 452-4377
Fax:     (907) 451-7802
E-mail:

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT and LORETTA E. | ) |
| | ) |
| PROBERT,  *ET. AL.* | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
|       vs. | ) |
| | ) |
| FAMILY CENTERED SERVICES OF | ) |
| | ) |
| ALASKA, INC. | ) |
| | ) |
|       Defendants. | ) |
| _____ | ) Case No. 4:07-CV-00030-RRB |

**REPLY TO RESPONSE TO PROBERT, *ET. AL.* – SECOND MOTION FOR
PARTIAL SUMMARY JUDGMENT.
(The Children at Defendant's Therapeutic Homes Are Sick, Defective, <u>Or The
Like.</u>)**

      This court previously decided a Motion concerning the applicability of the FLSA

where the criterion was  "mentally ill."  This Partial Summary Judgment Motion focuses on

the applicability of the FLSA under a broader criteria than the definition of "mentally ill."

This is a novel argument not decided by any case found by Proberts. This motion examines

the Department of Labor interpretation found in its Field Operations Handbook (FOH) and the inclusion of language "of any kind" and "and the like."

FCYS ignores these words and essentially says that only "mental illness," a definition it believes to be a narrow one, will require it to pay overtime. FCYS then replays its prior Summary Judgment Opposition disputing that residents of the Therapeutic Family Homes (TFH) residents are mentally ill.

Whether or not the residents of the Therapeutic Family Homes are mentally ill, they are admittedly "individuals . . . suffering from physical or mental infirmity or sickness **of any kind**, . . . . Such institutions . . . include those institutions generally known as **nursing** homes, **rest** homes, **convalescent** homes, **homes for the** elderly and **infirm, and the like.**"

When the statute is liberally construed to apply to as many people as Congress could have intended, this is what 29 USC §203(r)(2)(A) and (s)(1)(B) requires. FCYS must pay overtime.

### Department of Labor Interpretation

The Department of Labor interpreted this statute. The interpretation fulfills the directive that [the statute] is to be liberally construed to apply to the furthest reaches consistent with Congressional direction."[1]

The FOH interpretation includes the words "**and the like**."[2] Because we are lawyers we must parse this phrase rather than just "knowing" what it means. Another way of saying

---

[1] *Biggs v. Wilson*, 1 F.3d 1537, 1539 (9th Cir. 1993).

[2] Mirriam-Webster Dictionary: http://w.merriam-webster.com/dictionary/and%20the%20like

"and the like" is "*et cetra." Et Cetra* means 1**:** A number of unspecified additional persons or things, 2: *plural* **:** unspecified additional items**:"** [3] **The term "of any kind" appears also. In this phrase "any" means**: 1: one or some indiscriminately of whatever kind: a: one or another taken at random.[4] And, the word "kind" means: "a group united by common traits of interests **:** a specific or recognized variety."[5]

When the requirement that the FLSA be construed liberally[6] is coupled with the expansive terms "and the like" and "of any kind," Congress' intention to create a statute that added a broad class of enterprises to those whose workers were entitled to overtime pay becomes plain.  Proberts are so included.

## The Field Operations Handbook (FOH)

.     The FOH, 12g02, says that 29 USC §203 applies to . . . "individuals who reside on the premises and who, if suffering from *physical or mental infirmity or sickness* **of any kind**, will require only general treatment and observations of a less critical nature than that provided by a hospital.  Such institutions are not limited to nursing homes, . . . but include those institutions generally known as nursing homes, rest homes, convalescent homes, homes for the elderly and infirm, **and the like.**" (FOH 12g02)(emphasis added)

Observe the similarity between the institutions described in the FOH and the Therapeutic Family Homes.  The patients admitted to the Therapeutic Family Homes have a

---

[3] Mirriam-Webster Dictionary: http://www.merriam-webster.com/dictionary/et+cetera

[4] Mirriam-Webster Dictionary: http://www.merriam-webster.com/dictionary/any

[5] Mirriam-Webster Dictionary: http://www.merriam-webster.com/dictionary/kind
[6] *Biggs v. Wilson*, 1 F.3d 1537, 1539 (9th Cir. 1993).

*physical or mental infirmity (**of any kind**)* and require only general treatment and observation of a less critical nature than supplied by a hospital. A Therapeutic Family Home is a **home for the . . . infirm and/or the like.** (FOH 12g02)

Mr. Regitano said that, "Children residing in Therapeutic Family Homes have Axis I diagnosis and do not require intense treatment or institutionalization. . . . The low level of treatment . . . would be inadequate for children with more serious diagnoses." (Regitano II, ¶17)  In other words, as in the FOH discussion, these patients have a mental infirmity (whether it is a technical mental illness or not).  These patients are provided with less intensive treatment than would be given at a hospital.

FOH 12g12 talks about "Institutions for the Residential Care of Emotionally Disturbed Persons."[7] The FOH does not use the words "mentally ill." The FOH says "mental or emotional disturbance."  Mr. Regitano described a "Therapeutic Family Home as providing residential care for children who are experiencing **emotional and behavior problems**, and are at risk of placement of institutional facilities**.**" (Regitano Affidavit I, ¶2)(emphasis added) Probert suggests that "emotional and behavioral problems" equal "mental or emotional disturbance." Therefore, FOH 12g12 makes the FLSA applicable.

The FOH 12g15 discusses the meaning of the word "care" in expansive terms.  The FOH says that "Institutions which care for the aged (as well as other institutions which care for the sick, or for the mentally ill or defective) can vary in the care provided."  By analogy,

---

[7] If 50% of the residents are admitted by a physician, psychiatrist or psychologist this section applies.  Probert offers the language by way of example at this stage of litigation. The dispute involved was part of the First Summary Judgment motion.

if the occupants must be closely watched because their condition necessitates their being supervised and guided, even though they receive no medical attention, they may still be receiving care.

When interpreting the FLSA, this court should be "mindful of the directive that [the statute] is to be liberally construed to apply to the furthest reaches consistent with Congressional direction."[8] The relevant regulatory language is quoted above. Probert contends that it is definite that an institution is covered if it cares for persons with a *physical or mental infirmity (**of any kind**)* that require only general treatment and observation of a less critical nature than supplied by a hospital. A Therapeutic Family Home is a **home for the. . . infirm and/or the like.** (FOH 12g02)[9]

## FCYS' ARGUMENT

FCYS begins its argument by trying to ignore the FOH by saying that the only provision addressing children specifically is 12g18. FOH 12g18 exempts a non-profit organization caring for neglected or dependant children unless it is a "**covered institution**." (Response  at 5) FCYS says that this defeats Plaintiffs' argument that a residential facility providing care for children "in some way" is within 29 USC §203(r)-(s) because it is a covered institution. (Response at 5 – 6)  Probert's argument is that 12g02 is expansive and includes the TFHs. The FCYS argument is a compound logical fallacy.

---

[8] *Biggs v. Wilson*, 1 F.3d 1537, 1539 (9th Cir. 1993).

[9] (FOH 12g02)(emphasis added).

**If children ≠ mentally Ill,  ∴  children ≠ "sick" or children ≠ "defective."**

In plain nontechnical words, FCYS claims that if a child is not mentally ill, the child cannot be sick or defective. This is the combination of two logical fallacies known as circular reasoning and the fallacy of affirming the consequent.

The circular reasoning occurs where the conclusion of an argument is implicitly or explicitly assumed in one of the premises. It this case the premise that the individual is not mentally ill does not imply the conclusion. This fallacy is combined with "affirming the consequent" because it is mistakenly concluded from the second premise that the affirmation of the consequent entails the truthhood of the antecedent.

Diagramed, it plays like this:

If not MI, then not sick or not defective.

But,

If not sick, not follow that not defective and
If not sick, not follow that not mentally ill.

The premise is untrue because one who is mentally ill can still be either sick or defective.

The consequent is not true because one is not mentally ill could still be either sick or defective.

**Logical Fallacy Summary**

Despite FCYS' attempt to prove otherwise, the rational construction of the statute, especially when combined with the departmental interpretations, is that one who is mentally ill can be, but may not be, sick and one mentally ill can be, but may not be, defective.

Proberts' claim that despite questions of fact defeating a claim to summary adjudication based on mental illness, the residents of the TFH's are "suffering from a "*physical or mental infirmity or sickness* **of any [some] kind**" and thus fall within the purview of the rules contained in the interpretation of 29 USC §(r) and (s) as illustrated in the FOH at §12g02. There is no other logical conclusion.

### Sick "And The Like"

The word "sick" means in need of care or the state of being infirm. The Merriam Webster's Medical Dictionary defines "sick" to mean affected with disease or ill health and mentally or emotionally unsound or disordered.[10] The ordinary contemporary and common meaning of the word "sick" supports Proberts' position. This meaning is also consistent with the Department of Labor's interpretation found in its FOH, a book used in the enforcement of the law. The FOH at section 12g02 says that 29 USC §203 applies to . . . "individuals who reside on the premises and who, if suffering from **physical or mental infirmity or sickness of any kind**, will **require only general treatment and observations** of a **less critical nature than that provided by a hospital**.[11]

FCYS then argues that defective means mentally defective and requires a subnormal IQ. (Opposition at 6) A subnormal IQ is one way to be defective, but there are others. FCYS

---

[10] The Merriam Webster's Medical Dictionary (1995) at 643, *see also,* The Merriam Webster's Online Dictionary at http://mw1.m-w.com/dictionary/sick.

[11] (FOH 12g02)(emphasis added).

quotes a case to liken a nursing home to a home for the sick.[12]  FCYS' argument actually supports Proberts' position, that even if not mentally ill, the residents of the TFH's suffer from **physical or mental infirmity or sickness of any kind**, and will **require only general treatment and observations** of a **less critical nature than that provided by a hospital**. Thus the house parents are entitled to overtime.

### FCYS's Concluding Logical Fallacy

Proberts do not mean to be flippant, but the final argument concerning sickness is so illogical as to demand discussion.  Opposition at 6 says that the residents could not be mentally defective, or mentally ill, or sick, ill or indisposed because they *attend regular public schools, ride school buses, and participate in after-school activities and community functions.*  This is the classical *Non-Sequtur.*  An argument is a *non sequitur* if the conclusion does not follow from the premise. It should be stressed that in a *non sequitur*, the conclusion can be either true or false, but the argument is a fallacy because the conclusion **does not follow** from the premise.  Because these residents attended a regular school, on public buses, and attended after-school and community activities says nothing at all about whether they were suffering from a physical or mental infirmity or sickness of any kind.  The entire argument is false both logically and in structure.

---

[12] Proberts do not really oppose this comparison since homes for the sick or nursing homes would be covered by 29 USC §203(r) and (s) pursuant to the interpretation in FOH 12g02. The case quoted really stood for the proposition that when "Indigence [sic], not illness or age, was the indispensable prerequisite for the operation of the home. That the inmates were old or ill was an incidental, not a primary factor." *Brennan v. Harrison County*, 505 F.2d 901, 904 (5th Cir. Miss. 1975)(Opposition at 6)

**Statutory Interpretation**

An administrative interpretation of the statute is an interpretation that is binding on this court.[13]

The heading in the Opposition at 8 is confusing. This is not a question of "judicial" interpretation. The principle of separation of powers circumscribes the court's authority to interpret a statute. FCYS misunderstands 29 USC §779.8, which it cites for the proposition that the courts have ultimate power to decide interpretations of the FLSA. The section actually says:

§ 779.8 Basic support for interpretations.

The **ultimate decisions on interpretations of the Act are made by the courts**. . . As included in the regulations in this part, **these interpretations are believed to express the intent of the law as reflected in its provisions as constructed by the courts and evidenced by its legislative history**. . . (emphasis added)

Judicial deference is consistently followed whenever a decision as to the meaning or the reach of a statute is at issue.[14] Our Supreme Court instructs that when reviewing an agency's construction of a statute it is charged with administering, *Chevron* requires that this court defer to the agency's interpretation if it is based on "a permissible construction of

---

[13]  *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842-43, (1984).

[14]  *Chevron,* 467 U.S. at 845.

the statute."[15]   **This court must accept the Department of Labor's interpretation embodied in the FOH as if it were controlling precedent.**[16]

It is not within this court's purview to substitute its interpretation for the FOH or interpret the statute as it likes.[17] This Court must apply sections 203(r) and (s) to any institution that includes among its residents persons suffering from any **physical or mental infirmity or sickness of any kind**, that will **require only general treatment and observations** of a **less critical nature than that provided by a hospital**.  It does not matter if the infirmity rises to the level of technically "mentally ill" or not, so long as the infirmity requires treatment and observation of a less intensive nature than that provided in a hospital.

Applying this interpretation FCYS is obligated by 29 USC §203(r) and (s) to pay Proberts overtime.

### THE BALANCE OF FCYS' ARGUMENT RESTATES ITS MENTAL ILLNESS ARGUMENT AND ADDS AN ALASKA CASE TURNING ON DIFFERENT LAW AND DIFFERENT PRINCIPLES NOT INCLUDING 29 USC §203(s) AND (r).

FCYS' reargues its discussion of mental illness from its Opposition to the earlier summary judgment motion.  Having argued this issue before, Probert's will not repeat themselves.  For purposes of this motion it is assumed that the residents are not "mentally ill" as defined in the statute.  It is the "**physical or mental infirmity or sickness of any kind**" language upon which this motion turns.  None of the cases discussed apply this theory, a theory not advanced in any case found by Proberts.

---

[15] *Chevron,* 467 U.S. at 843.

[16] *Id.*

The *Bowrin*[18] language quoted discusses the entity theory as applied to the statute. This has no relevance to this motion.

The *Kitchings*[19] decision has been briefed to death. But, it has only been briefed in relationship to "mental illness."

The *Joles*[20] case discussed a home providing temporary shelter and care to troubled youths. The case doe not enlighten us about the application of 29 USC §203(r) and (s).

Finally, FCYS discusses an Alaska Superior Court case based upon a different theory and upon different law. In *Powell v. FCYS,* 4FA-06-2438-CI (28 February 2008) the Superior Court granted Summary Judgment to FCYS.[21]

One way to prevail in summary judgment is to offer no evidence to demonstrate a question of fact. The *Powell* court pointed to the lack of evidence to support Powell. (Decision at 2, 4, 5, 6, and 8.)  One theory Powell advanced was that ordinary interstate contacts should support application of FLSA to Powell. The *Powell* court disagreed holding that events like buying food at SAMS Club did not constitute engaging in interstate commerce. (Decision at 3)  Powell introduced no support that FCYS was an institution engaged in the care of the mentally ill.  (Decision at 6)

---

[17]   *United States v. Lopez-Perera,* 438 F.3d 932, 935 (9th Cir. 2006).

[18]   *Bowrin v. Catholic Guardian Society,* 417 F. Supp. 2d 449, 464-465 (SDNT 2006)

[19] *Kitchings v. Fla. United Methodist Children's Home, Inc*., 393 F. Supp. 2d 1282 (M.D. Fla. 2005).

[20] *Joles v. Johnson County Service Bureau*, 885 F.Supp. 1169 (SD Ind. 1995)

[21] The opinion is attached to FCYS' Opposition and will be referred to by its page number.

As the *Powell* court said, . . . the defendant has met its burden and established the absence of a material issue of fact. The plaintiff has not produced competent evidence [to the contrary.] (Decision at 4)

Because Powell failed to produce evidence to meet his burden to demonstrate questions of fact, and because he introduced no evidence at all about the "mentally ill" issue, this case is irrelevant to the case at bar and the novel issue here presented.

## CONCLUSION

### Department of Labor Interpretation

The FOH, 12g02, says that 29 USC §203 applies to . . . "individuals who reside on the premises and who, if suffering from *physical or mental infirmity or sickness* **of any kind**, will require only general treatment and observations of a less critical nature than that provided by a hospital. Such institutions are not limited to nursing homes, . . . but include those institutions generally known as nursing homes, rest homes, convalescent homes, homes for the elderly and infirm, **and the like.**" (FOH 12g02)(emphasis added)

The residents of the TFH's are "suffering from a "*physical or mental infirmity or sickness* **of any [some] kind**" and thus fall within the purview of the rules contained in the DOL interpretation of 29 USC §(r) and (s) as illustrated in the FOH at §12g02. There is no other logical conclusion.

Our Supreme Court instructs that when reviewing an agency's construction of a statute it is charged with administering, *Chevron* requires that this court defer to the agency's interpretation if it is based on "a permissible construction of the statute." **This court must**

accept the Department of Labor's interpretation embodied in the FOH as if it were controlling precedent.

It is not within this court's purview to substitute its interpretation for the FOH or interpret the statute as it likes. This Court must apply sections 203(r) and (s) to any institution that includes among its residents persons suffering from any **physical or mental infirmity or sickness of any kind**, that will **require only general treatment and observations** of a **less critical nature than that provided by a hospital**. It does not matter if the infirmity rises to the level of technically "mentally ill" or not, so long as the infirmity requires treatment and observation of a less intensive nature than that provided in a hospital.

Applying this interpretation FCYS is obligated by 29 USC §203(r) and (s) to pay Proberts overtime.

RESPECTFULLY SUBMITTED this 14th day of November, 2008.


By:/s/___Kenneth Covell_____
Kenneth Covell (ABA 8611103)


By:/s/___Donald F. Logan_____
Donald F. Logan (ABA 8006026)


CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing has been
Served electronically, via ECF, to the following party(s):

John Foster Wallace

Dated: 11/24/2008
By: /s/ Yauna Taylor
Yauna Taylor for Kenneth L. Covell