IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROBERT PROBERT,
LORETTA E. PROBERT,
GENE GRISSOM,
SANDRA GRISSOM, and others
similarly situated,

       Plaintiffs,

vs.

FAMILY CENTERED SERVICES OF
ALASKA, INC., and DOES I to X
(Managerial Employees Jointly
Liable),

       Defendants.

Case No. 4:07-cv-0030-RRB

**ORDER RE SECOND MOTION FOR
PARTIAL SUMMARY JUDGMENT
AT DOCKET 53**

## I. INTRODUCTION

Plaintiffs Robert and Loretta Probert previously filed a Motion for Partial Summary Judgment seeking determination of liability only at Docket 9. The Court denied the motion at Docket 50. Now, the Proberts have filed a Second Motion for Partial Summary Judgment at Dockets 53, which has been fully briefed. The motion was brought on behalf of the Proberts and others similarly

situated who have joined in this action.[1]  A hearing was requested
and was held on January 9, 2009, during which the Defendant orally
requested summary judgment in their favor.  The Court now enters
the following order.

## II. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides
that summary judgment should be granted if there is no genuine
dispute as to material facts and if the moving party is entitled to
judgment as a matter of law.  The moving party has the burden of
showing that there is no genuine dispute as to material fact.[2]  The
moving party need not present evidence; it need only point out the
lack of any genuine dispute as to material fact.[3]  Once the moving
party has met this burden, the nonmoving party must set forth
evidence of specific facts showing the existence of a genuine issue
for trial.[4]  All evidence presented by the non-movant must be
believed for purposes of summary judgment, and all justifiable

---

[1]    Specifically, Donna and John Grimes, and Gene and Sandra
Grissom.   See Dockets 7, 8, 14 & 15.

[2]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[3]    *Id.* at 323-325.

[4]    *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49
(1986).

inferences must be drawn in favor of the non-movant.[5] However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[6]

## III. BACKGROUND

This matter arises from an employment dispute between Robert and Loretta Probert and their former employer, Family Centered Services of Alaska, Inc. ("FCSA"). The background is summarized at Docket 50. The dispute revolves around the Proberts' payment as house parents in a FCSA family home. The Proberts argue that they were entitled to overtime payment under the Federal Fair Labor Standards Act and seek reimbursement for past unpaid overtime wages. FCSA alleges that Robert and Loretta Probert were salaried employees, and that the Fair Labor Standards Act does not apply.

## IV. DISCUSSION

### A. Fair Labor Standards Act - 29 U.S.C. § 201 et. seq ("FLSA")

The FLSA was established to regulate industries engaged in commerce or in the production of goods for commerce in order to maintain the "minimum standard of living necessary for health,

---

[5]     *Id.* at 255.

[6]     *Id.* at 248-49.

efficiency, and general well-being of workers. . . ."[7]  Section 207 established the maximum hours employees may work under the Act. Pursuant to §207, an employer is subject to the FLSA's maximum hours provision if either of two conditions exist: (1) the employee is engaged in commerce or in the production of goods for commerce, or (2)the employee is employed by an *enterprise* engaged in commerce or in the production of goods for commerce.

An "enterprise engaged in commerce or in the production of goods for commerce" includes an employer that is "engaged in the operation of . . . an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution," regardless of whether or not the institution is operated for profit or not for profit.[8]  The FLSA does not define "institution" or "mentally ill." Once it is established that the FLSA applies, Section 213 establishes numerous exemptions.

**B. Enterprise Coverage**

Plaintiffs assert coverage under the "enterprise" theory, arguing that FCSA is an institution of a type specially designated by Congress to be subject to FLSA protections under 29 U.S.C.

---

[7]     29 U.S.C. § 202.

[8]     29 U.S.C. § 203(s)(1)(B).

§203(r), because it is "engaged in the operation of . . . an institution primarily engaged in the care of the . . . mentally ill or defective who reside on the premises of such institution."

FCSA argues it is not subject to FLSA. Specifically, FCSA argues that it is a non-profit organization that does not engage in interstate commerce for any business purpose, that all of the children in the therapeutic family homes are residents of the state of Alaska, and that the homes are not "institutions" and the children are not "mentally ill or defective." The homes are licensed as a "residential child care facility," not a mental institution or residential psychiatric treatment center. While many of the children are diagnosed with emotional and/or behavioral problems, they are not suffering from severe mental illnesses, nor do they require institutionalization. FCSA asserts that children are referred to the family home because they lack a safe and stable home to cope with their problems and foster healthy development.

In sharp contrast to Defendant's assertions, Plaintiffs argue that FCSA's promotional materials and grant application, together with internal guidelines, *require* that a child be mentally ill and/or severely emotionally disturbed in order to be eligible for placement.[9]

---

[9]    Docket 35 at 5.

ORDER RE SECOND MOTION FOR
 PARTIAL SUMMARY JUDGMENT - 5
4:07-CV-0030-RRB

In the previous Order at Docket 50, the Court noted that although the determination of "enterprise coverage" under the FLSA is a question of law, it must be resolved on the facts of each case.[10] The Court found it could not determine if the FLSA applies to this matter absent clear resolution of the mental status of the children involved, and that the record before the Court was, at best, contradictory. Accordingly, the Motion for Partial Summary Judgment at Docket 9 was denied without prejudice.

In their renewed Motion for Partial Summary Judgment at Docket 53, Plaintiffs broaden their argument, seeking application of the FLSA because the children housed in the family homes are "admittedly sick, defective, or in need of care in some way." They argue that "mental illness is not required to trigger 29 U.S.C. §203(r) and (s). What is required is serving those who require care because of any infirmity, when the care required is less than that requiring institutionalization in a hospital."[11] There is no definition of "sick" or "defective" in the statute. Plaintiffs

---

[10]    *Donovan v. Weber,* 723 F.2d 1388, 1392 (8th Cir. 1984).

[11]    Docket 53 at 3.

argue that "this court's duty [is] to interpret the statute in light of its intent, history, purpose and structure."[12]

In support of their interpretation of the statute, Plaintiffs rely on the Wage and Hour Division's (WHD's) Field Operations Handbook (FOH), an operations manual that provides WHD investigators and staff with interpretations of statutory provisions, procedures for conducting investigations, and general administrative guidance. The FOH states that 29 USC §203 applies to:

> I]ndividuals who reside on the premises and who, **if suffering from physical or mental infirmity or sickness of any kind**, will require only general treatment and observations of a less critical nature than that provided by a hospital. Such institutions are not limited to nursing homes, . . . but include those institutions generally known as nursing homes, rest homes, convalescent homes, homes for the elderly and infirm, and the like.[13]

Plaintiffs observe a similarity between the institutions described in the FOH and the Therapeutic Family Homes, arguing that the children admitted to the Therapeutic Family Homes have a physical or mental infirmity and require only general treatment and

---

[12]     Docket 53 at 9, citing *Resident Councils v. Leavitt*, 500 F.3d 1025, 1031 (9th Cir. 2007).

[13]     Docket 53, citing FOH 12g02(emphasis added).

observation of a less critical nature than supplied by a hospital. They argue that a Therapeutic Family Home is a home for the "infirm and/or the like."

Plaintiffs draw on numerous statements by John Regitano, Executive Director of FCSA, to support their argument that FCSA is subject to the Fair Labor Standards Act, including Regitano's statement that the children residing in therapeutic family homes have Axis I diagnoses, and that the children experience "emotional and behavior problems," and that they are at risk of placement in institutions.[14] Plaintiffs further rely on FCSA's own advertising literature and its 2005 Annual Report to show that services provided by FCSA are related to sickness, infirmity, or mental health related issues.[15]

Plaintiffs also rely on statutory construction to support their argument.  They argue that the plain meaning of the statutory language, read in conjunction with the FOH, yields the conclusion that the Therapeutic Family Homes are covered by the FLSA:

> Examine FCSA's Therapeutic Family Home's purpose, the nature of the patients it serves, the type of care it provides, and the number of sick, infirm and/or mentally ill or severely emotionally disturbed children

---

[14]   Docket 53 at 10.

[15]   Docket 53 at 15.

ORDER RE SECOND MOTION FOR
 PARTIAL SUMMARY JUDGMENT - 8
4:07-CV-0030-RRB

residing on the premises with a mental health diagnosis from the DSM-IV, AXIS I. (Regitano I, ¶10) Taken together with the fact that at least some, and perhaps many, children are receiving psychotropic medications, there is no other reasonable interpretation but that FCSA is primarily engaged in the care of the sick, infirm, defective, mentally ill, severely emotionally disturbed, or the like (as interpreted in the FOH).[16]

In response, Defendant argues that the FOH provides the following relevant definition for application of 29 U.S.C. § 203(r)-(s):

> **Institutions for neglected and dependent children.** Private nonprofit institutions providing care for neglected and dependent children are **not** covered by the enterprise provisions of the FLSA, provided that such institution is not operated in conjunction with a hospital, covered institution, or school within the meaning of Secs 3(r) and 3(s) of the Act. However, there may be employees who are covered on an "individual" bases.

FOH 12g18 (emphasis added). Accordingly, argues Defendant, under the FLSA, regulations, FOH, and case law, the children residing in Therapeutic Family Homes were not "the sick, the aged, the mentally ill or defective," and the Therapeutic Family Homes were not "institutions" primarily caring for "the sick, the aged, the mentally ill or defective." According to FOH 12g18, 29 U.S.C.

---

[16]   Docket 53 at 16-17.

§ 203(r)-(s) does not cover nonprofit organizations providing care to neglected or dependent children.

## V. ANALYSIS

This is a matter of first impression in this Circuit. Plaintiffs' argument rests on the enterprise analysis. An "enterprise engaged in commerce or in the production of goods for commerce" includes an employer that is "engaged in the operation of . . . an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution," regardless of whether or not the institution is operated for profit or not for profit.[17]

In order to survive summary judgment, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[18]

It is undisputed that the children reside on the premises of the Therapeutic Family Homes. It is also undisputed that the house parents are hired primarily to engage in the care of these

---

[17]    29 U.S.C. § 203(s)(1)(B).

[18]    *Id.* at 248-49.

ORDER RE SECOND MOTION FOR
 PARTIAL SUMMARY JUDGMENT - 10
4:07-CV-0030-RRB

children.[19]  The only issues that remain, therefore, are whether the Therapeutic Family Homes qualify as an "institution," and whether the children are "sick," "mentally ill" or "defective."

The FLSA does not define "institution."  Defendant suggests that the definition of "institution for mental diseases" in federal Medicaid regulations should be considered.  Under those regulations, "institution for mental diseases" is defined as "a hospital, nursing facility, or other institution of more than 16 beds . . . ."  42 C.F.R. § 435.1010.  Because the Therapeutic Family Homes house only five children, Defendant suggests that the Homes should not be considered an "institution" under the FLSA. However, § 435.1010 separately defines "Institution" as "an establishment that furnishes (in single or multiple facilities) food, shelter, and some treatment or services to four or more persons unrelated to the proprietor."  Accordingly, under the Medicaid regulations, the Therapeutic Family Homes (either individually or as a group) could be considered an "institution."

The only remaining issue is whether the children are "sick," "mentally ill," or "defective." In considering the Motion at Docket 53, the Court has revisited the pleadings and exhibits

---

[19]    "No child is allowed to be left unsupervised in a Therapeutic Family Home."  Docket 53, Exhibit 3 at 2.

associated with the first Motion for Partial Summary Judgment at Docket 9.

In earlier pleadings, Defendant disputed both the authenticity and the relevance of many of the documents relied upon by Plaintiffs.[20] Defendant complained that Plaintiffs failed to distinguish those exhibits which pertain to the therapeutic family homes, versus FCSA's other programs and services. In addition, several of the exhibits are dated as early as 1998, before FCSA opened its therapeutic family homes program in 2003, and even the 2005 manual cited by Plaintiffs pre-dates the Plaintiffs' 2006-07 employment. Defendant argued that some of the documents were incomplete, and other exhibits combine pages from multiple documents. Defendant's Executive Director, John Regitano, stated under oath that children with serious mental illnesses were not admitted into therapeutic family homes.

Based on the conflicting information from Plaintiffs and Defendant, the Court found in its prior order that "the mental status of the children housed in FCSA's therapeutic family homes is a genuine issue of material fact. The Court cannot determine if the FLSA applies to this matter absent clear resolution of this issue. The record before the Court is, at best, contradictory."

---

[20]    Docket 46 at 4-5.

ORDER RE SECOND MOTION FOR
 PARTIAL SUMMARY JUDGMENT - 12
4:07-CV-0030-RRB

Upon further review of the exhibits as well as review of Defendant's current web site, www.familycenteredservices.com, the Court concludes that Defendant's Therapeutic Family Homes are "primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises." Under the heading "Mission," Defendant's web site reads as follows:

> Family Centered Services of Alaska (FCSA) is a nationally accredited nonprofit 501(c) (3) corporation founded in 1989 and managed by a nine member board of directors. The original founders of the organization were community members with a diverse range of professional backgrounds committed to helping children with a wide spectrum of mental health disabilities. Today the organization provides individualized mental health and substance abuse treatment, and education services to children, young adults, and their families in the least restrictive setting possible.

The Therapeutic Family Homes are described by Defendant as follows:

> FCSA's Therapeutic Family Homes provide quality residential care to male and female youth ages 6-18 **that are experiencing mental health and behavioral issues and are at imminent risk of psychiatric placement outside of their community**. The family atmosphere of the homes help children avoid the stigmatization that often accompanies youth living in an institutional setting. The homes are supervised by dedicated live-in parents who provide unconditional therapeutic care and supervision for up to five youth per home.

Elsewhere, the site indicates that the Therapeutic Family Homes program "uniquely addresses the needs of Alaskan youth by providing services far beyond mere residential placement . . . ." The most current "Annual Report" found on Defendant's web site is dated 2005. This report contains a letter from the Executive Director, John Regitano, which stated in part:

> Within our area of expertise, FCSA continued to be an innovator in the development of new ways to address some of the many unmet needs of **mental health consumers** in Alaska in a cost effective quality manner. . . . This current year FCSA took the initiative to expand the number of **residential beds** available for children to help prevent them from leaving Alaska to receive service and because of those efforts we were able to double the number of beds available for children in the community of Fairbanks.

The Annual Report further boasts: "FCSA has become recognized as a forerunner in the delivery of individualized mental health services," and in the next sentence cites the Therapeutic Family Homes as one of its newest developments, impliedly designed to provide such services. This was followed by the claim that "as the needs of Alaskan children and their families requiring mental health and dual diagnoses services have changed overtime FCSA has continually changed over the years to meet those needs."

Despite the affidavits stating otherwise, which amount to nothing more than "mere denials," the Court finds that Defendant,

ORDER RE SECOND MOTION FOR
 PARTIAL SUMMARY JUDGMENT - 14
4:07-CV-0030-RRB

through its Therapeutic Family Homes, is clearly "engaged in the operation of . . . an institution primarily engaged in the care of the . . . mentally ill or defective who reside on the premises of such institution." 29 U.S.C. §203(r).  Accordingly, Defendant is subject to the overtime provisions of the Fair Labor Standards Act.

**VI. CONCLUSION**

In light of the foregoing, and the Supreme Court's direction that the FLSA is to be construed "liberally,"[21] the Motion for Partial Summary Judgment at Docket 9, renewed at **Docket 53** is **GRANTED.**  Defendant's oral Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED.**

ENTERED this 22nd day of January, 2009.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[21]  See *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 296 (1985).