John Foster Wallace
McCONAHY, ZIMMERMAN & WALLACE
711 Gaffney Road, Suite 202, Fairbanks, AK 99701
(907) 452-2211 / (907) 456-1137 facsimile
foster@mzwlaw.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT and LORETTA E. PROBERT, and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| FAMILY CENTERED SERVICES OF ALASKA, INC. | ) ) ) |
| Defendants. | ) ) |
| | ) Case No.: 4:07-CV-00030 RRB |

**SUPPLEMENTAL CITATIONS TO MOTION FOR RECONSIDERATION**

Pursuant to Local Rule 7.1(h)(1)[B], Family Centered Services files these supplemental citations to its Motion for Reconsideration of Order granting plaintiffs' second motion for partial summary judgment.

This Court denied plaintiffs' first motion for partial summary judgment because there was "conflicting information from Plaintiffs and Defendant"; "the mental status of the children housed in FCSA's therapeutic family homes is a genuine issue of material fact"; "[t]he Court cannot determine if the FLSA applies to this matter absent clear resolution of the issue"; and "[t]he record before the Court is, at best, contradictory." However, this Court granted plaintiffs' second motion for partial summary judgment "[u]pon further review of the exhibits as well as review of Defendant's current web site...." *See* Order on second motion for partial summary judgment, pp. 12-13, Motion for Reconsideration, p. 5, and Third Affidavit of Regitano. "…[I]nformation derived from a website … is often unreliable and is frequently changed at the whim of the operator…." SD Protection v. Del Rio, 498 F.Supp.2d 576, 583 (E.D. N.Y. 2007). "Of particular concern is that the District Court used the website … to establish certain facts about Victaulic's business. While it is proper for a court to take judicial notice of facts not reasonably subject to dispute, … several concerns come into play here. First, we require that evidence be authenticated before it can be admitted…." Victaulic Co. v. Tieman, 499 F.3d 227, 236 (3rd Cir. 2007). "…[A] company's website is a marketing tool. Often, marketing material is full of imprecise puffery that no one should take at face value…. Thus courts should be wary of finding judicially noticeable facts amongst all the fluff; private corporate websites, particularly when describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned,'…." Id. "…Taking judicial notice of facts on a webpage …

Probert v. Family Centered Services of Alaska, Case No.: 4:07-CV-00030 RRB
Supplemental Citations to Motion for Reconsideration
Page 1 of 3

poses heightened concerns because anyone can say anything on a webpage, and the posting of a 'fact' on a webpage does not necessarily make it true…." Knight v. Standard Ins., 2008 U.S. Dist. LEXIS 8742, *6 (E.D.Cal. 2008). "The unregulated content of webpages poses significant hurdles for the court to find that a webpage, or its host or author, is necessarily 'a source whose accuracy cannot reasonably be questioned.'" Id. See also Passa v. City of Columbus, 123 Fed.Appx. 694, 697 (6th Cir. 2005). Indeed, Plaintiffs admitted that the later version of the Therapeutic Family Homes' Policy and Procedure Manual differed from the former materials. See Reply to Opposition to First Partial Summary Judgment Motion, at p. 6, fn. 7.

With respect to the Motion for Reconsideration, at pp. 2-4, "This case arises because Congress, in 1966, amended the Wages and Hours statutes to extend coverage to those 'engaged in the operation of a hospital, [or] an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution.'" Brennan v. Harrison County, 505 F.2d 901, 903 (5th Cir. 1975). "The real consideration here is what Congress intended when it extended coverage to include hospitals and institutions 'primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution.'" Id. "…[W]e are constrained to hold that the language of the statute may not be judicially stretched to include a public function … which Congress did not see fit to mention." Id., p. 904. "Despite the fact that the Supreme Court has repeatedly construed the Act liberally in order to 'apply to the furthest reaches', it has declined to extend the Act to enterprises which are not truly engaged in public competition." Murray v. R.E.A.C.H., 908 F.Supp. 337, 339 (W.D. N.C. 1995). "The goal of the shelter is to provide a safe haven during which counseling is provided to help these individuals 'get back on their feet.' To that end, the shelter has counselors who assist in finding permanent housing and a psychologist provides therapy on a contract basis. Plaintiff argues this converts the shelter into an enterprise which 'primarily engages in the care of the . . . mentally ill … who reside on the premises of such institution….'" Id., p. 339-340.

> This Court cannot find the services provided here amount to being "primarily" engaged in the care of the mentally ill. The most important function of this facility is not to provide permanent housing for individuals who are there because they are mentally ill. *Brennan v. Harrison County,* 505 F.2d 901, 903 (5th Cir. 1975). Indeed, it is offensive to consider the victims of domestic violence and sexual abuse to be mentally ill based solely on these accidents of life. The "indispensable prerequisite for the operation" of the shelter is the need for emergency sanctuary for these victims of domestic violence and sexual abuse. *Id.,* at 904. The fact that many, if not all, such victims may also suffer from severe emotional problems, alcoholism, or even true mental illness is merely incidental. *Id.* The shelter provides only temporary housing for people who literally have no other place to turn…. Id.

McCONAHY, ZIMMERMAN & WALLACE
Attorneys for Defendants

Dated: February 20, 2009                    By: /s/John Foster Wallace
                                            John Foster Wallace, ABA #9211115

Probert v. Family Centered Services of Alaska, Case No.: 4:07-CV-00030 RRB
Supplemental Citations to Motion for Reconsideration
Page 2 of 3

| CERTIFICATE OF SERVICE |
| --- |
| This certifies that a copy of the foregoing will be electronically served simultaneous with filing to the following attorneys and/or parties of record: |
|     Kenneth L. Covell |
|     Law Offices of Kenneth L. Covell |
|     kcovell@gci.net |
| /s/Lisa R. Miller               02/19/2009 |
| Lisa R. Miller for McConahy, Zimmerman & Wallace |

Probert v. Family Centered Services of Alaska, Case No.:  4:07-CV-00030 RRB
Supplemental Citations to Motion for Reconsideration
Page 3 of 3