IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT PROBERT,<br>LORETTA E. PROBERT,<br>GENE GRISSOM,<br>SANDRA GRISSOM, and others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES OF ALASKA, INC., and DOES I to X (Managerial Employees Jointly Liable),<br><br>    Defendants. | Case No. 4:07-cv-0030-RRB<br><br><br>**ORDER RE MOTION FOR<br>RECONSIDERATION AT<br>DOCKET 68 AND MOTION<br>TO STRIKE AT DOCKET 72** |

This matter arises from an employment dispute between Robert and Loretta Probert and their former employer, Family Centered Services of Alaska, Inc. ("FCSA"). The Court granted a motion for summary judgment which was brought on behalf of the Proberts and others similarly situated who have joined in this action. Defendants seek reconsideration of the Court's ruling at Docket 68. Separately, Plaintiffs, at Docket 72, have moved to strike an exhibit to Defendant's motion for reconsideration as irrelevant hearsay that lacks foundation.

The threshold issue in this case is whether the Fair Labor Standards Act applies.[1] The FLSA applies in this case if the FCSA is "engaged in the operation of . . . an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution," regardless of whether or not the institution is operated for profit or not for profit.[2] Plaintiffs argue that FCSA is an institution of a type specially designated by Congress to be subject to FLSA protections under 29 U.S.C. §203(r). FCSA argues it is not subject to FLSA because the children who reside in the Therapeutic Family Homes are not "mentally ill or defective." FCSA asserts that children are referred to the family home because they lack a safe and stable home to cope with their problems and foster healthy development.

In sharp contrast to Defendant's assertions, Plaintiffs argue that FCSA's promotional materials and 2008 grant application, together with internal guidelines, *require* that a child be mentally ill and/or severely emotionally disturbed in order to be eligible for placement.[3] Plaintiffs draw on numerous statements by John

---

[1]   29 U.S.C. § 201 et. seq ("FLSA").

[2]   29 U.S.C. § 203(s)(1)(B).

[3]   Docket 35 at 5.

ORDER RE MOTIONS AT DOCKETS 68 AND 72 - 2
4:07-CV-0030-RRB

Regitano, Executive Director of FCSA, to support their argument, including Regitano's statement that the children residing in Therapeutic Family Homes have Axis I diagnoses and that the children experience "emotional and behavior problems" and that they are at risk of placement in institutions.[4] Plaintiffs further rely on FCSA's own advertising literature and its 2005 Annual Report to show that services provided by FCSA are related to sickness, infirmity, or mental health related issues.[5]

The Court found in its previous order that FCSA is "engaged in the operation of . . . an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution," and that therefore the FLSA applies in this case.[6]  The sole issue on reconsideration is whether Plaintiffs met their burden of proof in showing that the children residing in the Therapeutic Family Homes are "sick," or "mentally ill or defective."

---

[4] Docket 53 at 10.

[5] Docket 53 at 15.

[6] It is undisputed that the children reside on the premises of the Therapeutic Family Homes. It is also undisputed that the house parents are hired primarily to engage in the care of these children.  The Court found that the Therapeutic Family Homes fall under at least one definition of "institution," and the Motion for Reconsideration does not argue otherwise.

ORDER RE MOTIONS AT DOCKETS 68 AND 72 - 3
4:07-CV-0030-RRB

Defendant disputed both the authenticity and the relevance of many of the documents relied upon by Plaintiffs.[7] Defendant's Executive Director, John Regitano, stated under oath that children with serious mental illnesses were not admitted into Therapeutic Family Homes. The Court noted that in order to survive summary judgment, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial. In light of the exhibits, as well as statements on FCSA's own web site, the Court found that John Regitano's statements amounted to "mere denials" insufficient to overcome summary judgment.[8] In its Motion for Reconsideration, FCSA argues that the Proberts had the ultimate burden of proof, that the FLSA should not

---

[7] Docket 46 at 4-5.

[8] See www.familycenteredservices.com. Specifically, the Court noted that FCSA's Mission Statement states: "Today the organization provides individualized mental health and substance abuse treatment, and education services to children, young adults, and their families in the least restrictive setting possible." The 2005 Annual Report further boasts: "FCSA has become recognized as a forerunner in the delivery of individualized mental health services," and in the next sentence cites the Therapeutic Family Homes as one of its newest developments, impliedly designed to provide such services. This was followed by the claim that "as the needs of Alaskan children and their families requiring mental health and dual diagnoses services have changed overtime FCSA has continually changed over the years to meet those needs."

be interpreted broadly, and that John Regitano's affidavits created genuine issues of material fact.[9]  A third affidavit of John Regitano suggests that both the Mission Statement, as well as the description of the Therapeutic Family Homes on its website (and presumably in the exhibits produced by Plaintiffs), are "outdated." The Mission Statement, he now argues, was drafted years before the first Therapeutic Family Home was opened in 2004, and the description of the Therapeutic Family Homes was drafted at an "early stage of the development of the program."[10]  Regitano states that the children **actually** residing in the Therapeutic Family Homes are **not** at imminent risk of psychiatric placement outside of their community, contrary to the plain language on the web site. Regitano says his statements in the 2005 Annual report reflected "our original vision for the program, and not the population of children served in the actual homes as the program developed in later years."[11]

---

[9]  Docket 68.

[10] Docket 68, Exhibit C.

[11] Docket 68, Ex. C. Elsewhere, Defendant argues "[t]his Court should have determined whether the Therapeutic Family Homes was an institution primarily engaged in the care of the mentally ill based upon their actual operations, the actual services provided, and the mental health status of their actual residents, and not based upon the contents of Family Centered Services' website."  Docket 76. Supplemental citations filed at Docket 78 further support this argument, noting that "a company's website is a marketing tool.

Regitano states that 26 children received services in the Therapeutic Family Homes between July 2005 and June 2007, and their diagnoses included: Reactive Attachment Disorder, Attention-Deficit/Hyperactivity Disorder, Major Depressive Disorder, Posttraumatic Stress Disorder, Oppositional Defiant Disorder, Conduct Disorder, Sexual Abuse of a Child, Victim, and Adjustment Disorder.[12]  Regitano argues that none of these diagnoses were recognized under the first edition of the Diagnostic and Statistical Manual for Mental Disorders (DSM-I), which was published in 1952 and used in 1966.  This was the DSM in place when the FLSA was conceived and contained approximately 100 disorders.  In contrast, the DSM-IV lists more than 300 disorders and has been criticized as "medicalizing common life challenges and adolescent behaviors."[13]

Plaintiffs oppose reconsideration, arguing that the motion merely reiterates earlier arguments and offers only

---

Often, marketing material is full of imprecise puffery that no one should take at face value."  However, because Defendants do not dispute that the statements on the web site were accurate at the time they were published, the Court need not address this argument.  The Court notes that other areas of the web site are updated through 2009.

[12] Docket 68, Ex. C.

[13] Docket 68 at 3.

"semantics and loose reasoning" to avoid its overtime obligation. Furthermore, Plaintiffs complain that any argument regarding changes in the DSM is a new argument and not subject to reconsideration.[14] In response to the argument that the information in the exhibits and web site is "outdated," Plaintiffs note that as recently as 2008, FCSA sought a grant for a quarter million dollars to build therapeutic youth homes, which indicated that the homes were for children "who are experiencing some form of mental health illness, often combined with substance abuse and at risk of psychiatric placement outside their community."[15]

According to the reasoning offered by FCSA and John Regitano, despite the Mission Statement and the original stated purpose of the Therapeutic Family Homes, the FLSA should not be applied to house parents in light of the nature of the actual children residing in the homes. If the Court followed this reasoning to its logical conclusion, it could reach a different result for each set of house parents involved, because some of the homes may have had more "mentally ill" children than others. Indeed, whether or not the FLSA applied, under this reasoning, could change regarding each individual home every time the

---

[14] Docket 79.

[15] See Docket 53, Exhibit 8.

residents of that home changed. The Court doubts that the FLSA was intended to be applied in such a manner.

In any event, the Court is not persuaded that the diagnoses listed by John Regitano do not qualify as "sick" or "mentally ill or defective" as required by the FLSA. The 26 children identified by Regitano suffer from a number of "disorders," many of which are identified in the DSM-IV. Defendants engage in an unsuccessful semantics argument by trying to state that the disorders do not fall under "sick" or "mentally ill or defective" under the FLSA.

The Court finds that Defendant, through its Therapeutic Family Homes, is clearly "engaged in the operation of . . . an institution primarily engaged in the care of the sick, . . . mentally ill or defective who reside on the premises of such institution." 29 U.S.C. §203(r). Accordingly, Defendant is subject to the overtime provisions of the Fair Labor Standards Act.

Based on the foregoing, the Motion for Reconsideration at **Docket 68** is **DENIED** and the Motions to Strike at **Dockets 80 and 82** are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTERED this 26th day of February, 2009.

           S/RALPH R. BEISTLINE
           UNITED STATES DISTRICT JUDGE