IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT PROBERT,<br>LORETTA E. PROBERT,<br>GENE GRISSOM,<br>SANDRA GRISSOM, and others similarly situated,<br><br>         Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES OF ALASKA, INC., and DOES I to X (Managerial Employees Jointly Liable),<br><br>         Defendants. | Case No. 4:07-cv-0030-RRB<br><br>**ORDER GRANTING MOTION<br>FOR CERTIFICATION FOR APPEAL** |

  Defendant Family Centered Services of Alaska, Inc. ("FCSA") has moved this Court to certify its Orders granting Plaintiffs' second motion for partial summary judgment and denying reconsideration at Dockets 50 (January 22, 2009) and 63 (February 26, 2009), for an immediate appeal under 28 U.S.C. § 1292(b) and Fed. R. App. P. 5. The standard for an immediate appeal is found in 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of

ORDER GRANTING MOTION FOR
 CERTIFICATION FOR APPEAL - 1
4:07-CV-0030-RRB

>law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

Plaintiffs have opposed an interlocutory appeal and FCSA has replied.  The Court now enters the following order.

This matter arises from an employment dispute between Robert and Loretta Probert and their former employer, FCSA.  The dispute revolves around the Proberts' payment as house parents in a FCSA family home. The Proberts argue that they were entitled to overtime payment under the Federal Fair Labor Standards Act ("FLSA") and seek reimbursement for past unpaid overtime wages. FCSA alleges that Robert and Loretta Probert were salaried employees and that the FLSA does not apply.

This Court observed that this is a matter of first impression in this Circuit.  Despite the affidavits stating otherwise, which the Court concluded amount to nothing more than "mere denials," the Court found that Defendant, through its Therapeutic Family Homes, was "engaged in the operation of . . . an institution primarily engaged in the care of the . . . mentally ill or defective who reside on the premises of such institution."

29 U.S.C. § 203(r). Accordingly, the Court held that Defendant is subject to the overtime provisions of the FLSA. The Court agrees that the applicability of the FLSA to institutions such as the Therapeutic Family Homes in this case is a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Accordingly, the motion for an immediate appeal at **Docket 95** is **GRANTED.**

      ENTERED this 24th day of April, 2009.

                              S/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE