John Foster Wallace
ZIMMERMAN & WALLACE
711 Gaffney Road, Suite 202
Fairbanks, AK  99701
(907) 452-2211
(907) 456-1137 facsimile
foster@mzwlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT; LORETTA E. PROBERT, GENE GRISSOM; SANDRA GRISSOM; JOHN GRIMES; DONNA GRIMES; KENNETH MCDANIELS; LEONA MCDANIELS; ERIC CLONINGER; and DEBRA CLONINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES OF ALASKA, INC.; JOHN W. REGITANO; KATHY CANNONE; SUSZAN DALE; LONNIE HOVDE; DEBORAH L. COXON, and additional DOES I TO X, Managerial Employers, Jointly Liable,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.:  4:07-CV-00030 RRB |

## **OPPOSITION TO MOTION FOR INDICATIVE RULING**

Family Centered Services of Alaska, Inc. ("FCSA") opposes the attempt of the plaintiffs to supplement the Ninth Circuit's record on appeal with documents that were not before this Court when it issued its order of January 22, 2009 (at Docket 63).

Plaintiffs already moved the Ninth Circuit to supplement the appellate record with these same documents, and the Ninth Circuit has referred the matter to its merits panel for appropriate

consideration and treatment. Any ruling by this Court would be a usurpation of the merits panel's authority, may conflict with the merits panel's ultimate determination, is beyond this Court's jurisdiction, would reward plaintiffs' obvious forum shopping, would be patently unfair to FCSA (who has already prepared and filed its Appellant's Brief based on the current record on appeal)[1], and may impermissibly impinge on and compromise the Ninth Circuit's scheduling and control of its appellate process.

**1.    Plaintiffs' Motion to Supplement the Appellate Record is Pending for Decision by the Ninth Circuit**.

On September 24, 2009, Plaintiffs moved the Ninth Circuit to supplement its appellate record with the same documents they ask this Court to consider in their Motion for Indicative Ruling. *See* plaintiffs' Motion to Supplement Record Pursuant to FRAP 10(e)(2)(C) and FCSA's opposition thereto, at DktEntry 7074315 and 7085942, attached as Exhibits "A" – "B". Plaintiffs' motion was referred to the Ninth Circuit's merits panel for appropriate consideration and treatment:

> The appellants'[2] motion to supplement the record is construed as a request for judicial notice. So construed, the request for judicial notice, any response thereto and any future such requests shall be referred to the merits panel for such treatment the panel deems appropriate.

*See* Ninth Circuit Order dated September 28, 2009, at DktEntry 7076507, attached as Exhibit "C". On October 12, 2009, plaintiffs moved the Ninth Circuit for reconsideration, arguing that the supplemental documents were self-proving and that: "The clerk's order is possibly inadequate. Since the documents were not in the Trial Court record, the taking of judicial notice of them from an appellate pleading is arguably unsound." *See* plaintiffs' Motion to Reconsider

---

[1] FCSA electronically filed its Appellant's Brief on December 14, 2009. In addition, Amicus Curiae Briefs were filed by the State of Alaska and Alaska Mental Health Trust Authority on December 21, 2009.
[2] The Clerk of Court apparently meant to refer to the plaintiffs or appellees, rather than appellants, i.e., FCSA.

Motion to Supplement the Record Pursuant to 9th Cir. R. 27-10 (A Request to Supplement Record with Self-Proving Documents), at DktEntry 7091713, attached as Exhibit "D". On October 30, 2009, the Ninth Circuit Appellate Commissioner denied plaintiffs' motion for reconsideration: "The plaintiffs' motion for reconsideration of the clerk's order referring the plaintiffs' motion to supplement the record to the panel that considers the merits of the case is denied." *See* Ninth Circuit Order dated October 30, 2009, at DktEntry 7113476, attached as Exhibit "E".

Consequently, the Ninth Circuit's merits panel will consider and take any appropriate action on plaintiffs' motion to supplement the appellate record. Any ruling by this Court would usurp the merits panel's authority, and may well result in a ruling that conflicts with the merit's panel's ultimate determination. This Court should reject plaintiffs' obvious forum shopping to obtain an order from this Court on a matter that is pending before the Ninth Circuit. It is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

**2.     This Court Should Not Lift its Stay of Litigation Pending Appeal**.

On June 15, 2009, this Court issued a stay of litigation pending appeal to avoid simultaneous litigation before this Court and the Ninth Circuit, finding that "continued litigation pending appeal is wasteful of the parties' limited resources, as well as of the judicial resources, while this matter is pending before the Ninth Circuit." *See* Order Regarding Pending Motions, p. 2, at Docket 129. Plaintiffs' motion to supplement the appellate record is pending before the Ninth Circuit and will be decided by the Ninth Circuit. Moving this Court for supplementation

of the same documents was wasteful, unnecessary, unwarranted, and no reason for this Court to lift its stay.

3. **This Court Has No Jurisdiction to Supplement the Ninth Circuit's Record on Appeal**.

The Ninth Circuit's record on appeal consists of: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Federal Rule of Appellate Procedure, Rule 10(a). This Court has jurisdiction to correct "any differences … about whether the record truly discloses what occurred in the district court" and any material omissions or misstatements in the record. Appellate Rule 10(e)(1)-(2). However, "All other questions as to form and content of the record must be presented to the court of appeals." Appellate Rule 10(e)(3). Not surprisingly, FCSA has found no case where a district court ruled on whether the record in a pending Circuit Court appeal should be supplemented with additional documents.

The Ninth Circuit, and not this Court, has control over the appellate record and authority to decide whether the appellate record should be supplemented. Plaintiffs moved the Ninth Circuit to supplement the appellate record, and their motion will be decided by the Ninth Circuit's merits panel. This Court has no jurisdiction to issue any ruling on the scope of the appellate record.

4. **Plaintiffs' Motion for An Indicative Ruling to Expand the Scope of the Appellate Record Was Not Contemplated by and is a Misuse of Federal Civil Rule 62.1.**

Plaintiffs stylized their motion as requesting an "indicative ruling" based on the newly enacted Federal Civil Rule 62.1 and Federal Appellate Rule 12.1. These rules allow the district court to consider timely motions for relief from judgment pending appeal, and either defer, deny, or state whether it might grant the motion if it is remanded for that purpose:

**Civil Rule 62.1.** Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal

(a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
- (1) defer considering the motion;
- (2) deny the motion; or
- (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

(b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

(c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

**Appellate Rule 12.1.** Remand After an Indicative Ruling by the District Court on a Motion for Relief that is Barred by a Pending Appeal

(a) Notice to the Court of Appeals. If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.

(b) Remand After an Indicative Ruling. If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

Plaintiffs' use of Federal Rule 62.1 for the sole purpose of enlarging the scope of the appellate record was not contemplated by the rule and is a misuse of the indicative ruling mechanism. Federal Rule 62.1 was enacted to formalize the practice of most district courts, except for Ninth Circuit district courts, of considering Rule 60(b) motions for relief from judgment that were made pending appeal, and indicating if they might be favorably disposed. *See* Advisory Committee Notes for Federal Civil Rule 62.1 and Appellate Rule 12.1. However, in this case, plaintiffs are not seeking relief from judgment. Indeed, the order on appeal was granted in favor of plaintiffs and plaintiffs are urging that it be upheld. Plaintiffs' motion for an

indicative ruling seeks only to manipulate the scope of the appellate record. The author[3] of the Notre Dame Law Review article entitled: "Power, Protocol, and Practicality: Communications from the District Court During An Appeal", characterizes such possible use of Rule 62.1 as a "misuse of the indicative ruling mechanism":

> The possible advantages noted above – that combining an appeal from the denial of an indicative ruling motion with the appeal from the original judgment provides the appellate court with the record on the indicative ruling motion when it considers the original appeal – might suggest to some the possibility of misuse. Such skeptics might fear that an unscrupulous litigant would use the mechanism as a means for smuggling into the appellate record items that do not belong there. But such a misuse of the indicative ruling mechanism would face hurdles in both courts. In district court, such a tactic would risk sanctions if the indicative ruling request failed to meet the requirements set by Civil Rule 11(b). And if the appellate judges were to form the impression that the indicative ruling request was merely a cover for an attempt by the appellant to insert extraneous material into the appellate record, the attempt would be unlikely to assist the prospects of appeal.[4]

Federal Rule 62.1 was not enacted to allow district courts to inject extraneous materials into pending circuit court appeals.

Secondly, plaintiffs' motion was not timely as required by Federal Rule 62.1(a). This Court issued its order on appeal on January 22, 2009, nearly one year ago. Docket 63. This Court certified the interlocutory appeal on April 24, 2009, more than eight months ago. Docket 112. The Ninth Circuit granted its permission to appeal on July 28, 2009, more than five months ago. DktEntry 7006605. The Ninth Circuit issued its scheduling order on July 31, 2009. DktEntry 7011624. At this point, FCSA has already filed its Appellant's Brief based on the current appellate record. In addition, the State of Alaska and the Alaska Mental Health Trust Authority have filed Amicus Curiae Briefs based on the current appellant record. Any

---

[3] The author, Catherine T. Struve, is a professor at the University of Pennsylvania Law School and served as reporter to the Judicial Conference Advisory Committee on Appellate Rules. *See* 84 Notre Dame L.Rev. 2053, 2054, fn. 1.

[4] *See* law review article at 84 Notre Dame L.Rev. 2053, 2106, attached hereto as Exhibit "F".

supplementation of the appellate record would be unfair to FCSA and the amici curiae, and may impermissibly impinge on and compromise the Ninth Circuit's scheduling and control of its appellate process.

**5. The Ninth Circuit's Record on Appeal Consists Only of Documents that Were Before the District Court When it Issued its Order on Appeal.**

The Ninth Circuit strictly limits the scope of its appellate record to only those documents that were in evidence when the district court issued its order on appeal. "Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal." Kirshner v. Uniden, 842 F.2d 1074, 1077 (9th Cir. 1988). "[A]ffidavits that 'were not part of the evidence presented to the district court' would not be considered on appeal." [Citing *United States v. Walker*, 601 F.2d 1051, 1054-55 (9th Cir. 1979)]. Id. "Papers submitted to the district court *after* the ruling that is challenged on appeal should be stricken from the record on appeal." Id. "'We are here concerned only with the record before the trial judge *when his decision was made*.'" [Citing Walker, supra, at 1055]. Id. *See also* Heath v. Helmick, 173 F.2d 156, 156-57 (9th Cir. 1949)(striking from record on appeal papers that were filed in district court *after* judgment from which appeal was taken). Id. "In short, the contested portions of Schumaier's Excerpts of Record were neither filed with the district court, considered by the court, nor even before the court when it entered the order that Schumaier now challenges on appeal. We, therefore, strike the papers … from the record and give them no consideration in adjudicating this appeal." Id., p. 1078.

The Ninth Circuit has stricken a party's unilateral injection of a new document into the appellate record, admonishing that only the circuit court may supplement its record on appeal. Lowry v. Barnhart, 329 F.3d 1019, 1024-1025 (9th Cir. 2003). The attempted supplementation was particularly serious and unfair where the appellant had already prepared and filed his

appellant's brief based on the original appellate record. "The appellate process is for addressing the legal issues a case presents, not for generating new evidence to parry an opponent's arguments." Id., p. 1025. The Ninth Circuit refused to consider a revised FAA Handbook and Certificate of Authorization that became effective after the district court's decision on appeal. "We deny the Center's request for judicial notice pursuant Federal Rule of Evidence 201 because these documents were not before the district court and their significance, if any, is not factored into the record on appeal." Center for Bio-Ethical Reform v. Honolulu, 455 F.3d 910, 918, fn. 3 (9th Cir. 2006). "…[E]xcept in extraordinary circumstances, we generally will not allow parties to supplement the record on appeal. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (noting the general rule against supplementation of the trial record on appeal and that Fed. R. App. P. 10(e)(2)(C) allows the court of appeals to supplement the record only by formal motion based on extraordinary circumstances or error correction." U.S. v. Boulware, 558 F.3d 971, 975-976 (9th Cir. 2009).

Except for FCSA's Community Care License[5] and the transcript of oral argument[6], the documents that plaintiffs seek to supplement into the appellate record were not in evidence when this Court issued its order, and several of these documents[7] did not even exist when this Court issued its order. These documents should not be part of the Ninth Circuit's appellate record, and should certainly not be supplemented into the appellate record by this Court.

---

[5] FCSA attached the Community Care License to the Affidavit of John Regitano filed in Opposition to Plaintiffs' First Motion for Summary Judgment, at Docket 18. The Community Care License is thus already part of the record on appeal

[6] The transcript of oral argument is already part of the record on appeal. Appellate Rule 10(a)(2).

[7] The State of Alaska, Office of Children's Services ("OCS"), Behavioral Rehabilitation Services ("BRS") Handbook became effective on July 1, 2009, the Declaration of Carla Smith is dated April 2, 2009 and the letter from plaintiffs' attorney is dated May 26, 2009, months after this Court's order of January 22, 2009.

**6. The Supplemental Documents are Irrelevant, Misleading, Cumulative, and Could Have Been Timely Discovered with Due Diligence, Providing No Reason for Adding them into the Appellate Record.**

Even if this Court had authority to supplement the Ninth Circuit's record on appeal (which it does not) and even if the appellate record could be supplemented with documents that were not before the district court (which it can not), the supplemental documents are irrelevant, misleading, cumulative, and could have been timely discovered with due diligence, providing no basis for supplementing them into the appellate record.

FCSA disputes that any of the supplemental documents prove, indicate, or are relevant to whether the FCSA's Therapeutic Family Homes are institutions for the mentally ill as contemplated by 29 U.S.C. § 203(r)-(s). Once more, these supplemental documents are cumulative of documents that were considered by this Court when it issued its order. *See* Dockets 18, 36, and 53.

Plaintiffs have no explanation as to why they did not discover the supplemental documents before this Court issued its order on plaintiffs' second motion for summary judgment on January 22, 2009. Plaintiffs filed their original complaint on October 12, 2007 (Docket 1), more than fifteen months before this Court's order. Without conducting any substantive discovery[8] or even exchanging initial disclosures, plaintiffs filed their first motion for summary judgment on December 26, 2007 (Docket 9), thirteen months before this Court's order. FCSA opposed plaintiffs' first motion for summary judgment on February 11, 2008. Docket 18. Following FCSA's opposition, the parties agreed to several extensions of time for plaintiffs to file their reply, totaling more than five extra months, during which plaintiffs conducted discovery

---

[8] Before filing their first motion for summary judgment, plaintiffs propounded a single interrogatory requesting the identity of other FCSA employees classified and/or paid as exempt over the past three years, especially house parents.

to find evidence to support their motion. Dockets 19-20, 24-25, 33-34. On July 29, 2008, plaintiffs filed their reply to FCSA's opposition to their first motion for partial summary judgment, with new declarations and supporting exhibits. Dockets, 35-36, 39, 44. This Court denied plaintiffs' first motion for summary judgment on September 12, 2008. Docket 47. Rather than conducting additional discovery that may have yielded the supplemental documents, on October 22, 2008, plaintiffs filed their second motion for summary judgment, relying on the same exhibits they had previously filed. Docket 53. This Court granted plaintiffs' second motion for summary judgment three months later, on January 22, 2009. Docket 63. Consequently, plaintiffs had ample opportunity to discover the supplemental documents, but chose to proceed with filing motions for summary judgment without doing so.

Plaintiffs insinuate that it was FCSA's fault that the supplemental documents were not in the evidence[9]. However, FCSA fully complied with all plaintiffs' discovery requests by giving them free access to all of its non-privileged documents. Plaintiffs' dilatoriness in conducting discovery provides no basis for supplementing the appellate record with additional documents. For example, plaintiffs did not request production of any grant materials until March 20, 2009, two months after this Court's order. At that time, plaintiffs requested production of 26 different categories of documents, including materials submitted for any grant or money source since 2003. On June 5, 2009, FCSA responded to these discovery requests by informing plaintiffs that applications for grant submittals were kept in its accounting department, and would be available for review on reasonable notice. *See* Responses to Plaintiffs Discovery Requests, March 2009, No. 9, attached as Exhibit "G". FCSA thus offered to produce the documents as "they are kept in the usual course of business" as provided by Federal Rule 34(b)(2)(E)(i). The plaintiffs never

---

[9] The alleged "discovery anomaly" consists of client files containing sensitive information about children that are in the process of being redacted.

requested or made any arrangements with FCSA to review these grant materials. In addition, plaintiffs never requested production of any license evaluations, such as the Standard by Standard Evaluation, which are required for all group homes. The supplemental grant materials are cumulative of grant materials that were in evidence and considered by this Court. *See* Dockets 36 (Exhibit 5) and 53 (Exhibit 8).

The State of Alaska, Office of Children's Services ("OCS"), Behavioral Rehabilitation Services ("BRS") Handbook is irrelevant to this case. The BRS Handbook the plaintiffs submit for supplementation became effective on July 1, 2009, after this Court's order and after the employment periods at issue. (*See* Center for Bio-Ethical Reform v. Honolulu, supra, fn.3, rejecting appellate consideration of document revised after district court's ruling). Contrary to plaintiffs' representations, the BRS Handbook does not and has never applied to FCSA's Therapeutic Family Homes. Therapeutic Family Homes have Community Care Licenses to operate as Residential Child Care Facilities under AS 47.32. AS 47.32.010 establishes standards for licensure to "promote safety", "reduce predictable risk, improve quality of care, foster individual and patient rights", and "advance public health, safety, and welfare", for numerous entities, including child care facilities and foster homes. AS 47.32.010(b)(3), and (5). Although FCSA's license may be subject to applicable state and federal laws, as well as applicable regulations, it is not subject to the BRS Handbook. The BRS Handbook applies only to residential facilities that are operated by organizations that contract with or receive grants from OCS. *See* Affidavit of John Regitano, attached hereto as Exhibit "H". As FCSA does not contract with or receive grants from OCS for any Therapeutic Family Home, its Therapeutic Family Homes are not subject to OCS's BRS Handbook. In addition, contrary to plaintiffs' representations, Therapeutic Family Homes do not require a Certificate of Need as a prerequisite

*Robert Probert & Loretta E. Probert, et al.; Case No. 4:07-CV-00030 RRB*
*OPPOSITION TO MOTION FOR INDICATIVE RULING*
*Page 11 of 14*

to licensing under AS 47.80.140 and AS 18.07.031 – 18.07.111. Affidavit of John Regitano. Certificates of Need may be required for "residential psychiatric treatment center[s]" defined as "a secure or semi-secure psychiatric facility or inpatient program in a psychiatric facility that is licensed by the Department of Health and Social Services and that provides therapeutically appropriate and medically necessary diagnostic, evaluation, and treatment services." AS 18.07.043, AS 18.07.111(10). Therapeutic Family Homes are not "residential psychiatric treatment centers", and are not subject to the requirements thereof.

The Declaration of Carla Smith is dated April 2, 2009. This declaration did not exist when this Court issued its order on January 22, 2009. At the time of this Court's order, Ms. Smith was still employed by FCSA and was not a plaintiff to this lawsuit. Similarly, the letter from plaintiffs' attorney is dated May 26, 2009, months after this Court's order and after this Court certified the appeal. As the Ninth Circuit recognized in Lowry, supra, p. 1025, "The appellate process is for addressing the legal issues a case presents, not for generating new evidence to parry an opponent's arguments."

Plaintiffs' supplemental documents are irrelevant, misleading, cumulative, and could have been discovered with due diligence. There is no reason or justification for adding them into the appellate record, and especially not by this Court and at this stage of the appeal.

**7.     Plaintiffs' Newest Supplemental Exhibit Further Illustrates Why Their Motion Must Be Denied.**

After filing their motion for an indicative motion on December 4, 2009, the plaintiffs discovered an advertisement from the December 20, 2009 issue of the Fairbanks Daily News-Miner that they submit should now become part of the record on appeal. Docket 146. Obviously, this advertisement was not and could not have been considered by this Court in issuing its order. The record on appeal is meant to be fixed as of the date of this Court's order on January 22,

*Robert Probert & Loretta E. Probert, et al.; Case No. 4:07-CV-00030 RRB*
*OPPOSITION TO MOTION FOR INDICATIVE RULING*
*Page 12 of 14*

2009.  Kirshner v. Uniden, supra.  The appellate record is not subject to constant expansion and evolution as plaintiffs unilaterally submit "evidence" that allegedly proves their claim.  There is no basis for injecting the December 20, 2009 advertisement, or any of the other supplemental exhibits, into the appellate record.

## CONCLUSION

The Ninth Circuit, and not this Court, has discretion to supplement the record on appeal.  Plaintiffs have moved the Ninth Circuit for supplementation, and the Ninth Circuit has referred the matter to its merits panel.  Any attempt to supplement the record on appeal through an order by this Court would usurp the merits panel's authority, may well conflict with the merits panel's ultimate determination, is beyond this Court's jurisdiction, would reward plaintiffs' obvious forum shopping, would be patently unfair to FCSA, and may impermissibly impinge on and compromise the Ninth Circuit's scheduling and control of its appellate process.  Plaintiffs' request for an order supplementing the record on appeal is not a motion for an indicative ruling as contemplated by Federal Civil Rule 62.1 and is prohibited by Appellate Rule 10(e)(3).  Plaintiffs' motion must be denied.

DATED at Fairbanks, Alaska, this 4th day of January 2010.

ZIMMERMAN & WALLACE
Attorneys for Defendants


By: /s/John Foster Wallace
    John Foster Wallace, ABA #9211115

CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing will be electronically served simultaneous with filing to the following attorneys and/or parties of record:

>Kenneth L. Covell
>Law Offices of Kenneth L. Covell
>kcovell@gci.net
>
>Richard D. Monkman
>dick@sonoskyjuneau.com

/s/Lisa R. Miller                                    1/4/10
Lisa R. Miller for Zimmerman & Wallace