Richard D. Monkman
Alaska Bar No. 8011101
SONOSKY, CHAMBERS, SACHSE,
 MILLER & MUNSON, LLP
302 Gold Street, Suite 201
Juneau, Alaska 99801
Phone:   (907) 586-5880
Fax:     (907 586-5883
E-mail: dick@sonoskyjuneau.com

Attorney for Defendants-Appellants
Family Centered Services of Alaska, Inc.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT PROBERT; et al., | ) No. 09-35703 |
| Plaintiffs-Appellees, | ) D.C. No. 4:07-cv-00030-RRB<br>) District of Alaska,<br>) Fairbanks |
| GENE GRISSOM; et al., | ) |
| Plaintiff-Intervenors-<br>Appellees, | ) |
| v. | ) |
| FAMILY CENTERED SERVICES OF<br>ALASKA, INC.; et al., | ) |
| Defendants-Appellants. | ) |

**Appellants' Opposition to Motion to Supplement Record**

Appellants' Opposition to Motion to Supplement Record                                   Page 1
*Robert Probert, et al., Gene Grissom, et al. v. Family Centered
Services of Alaska, Inc.,* et al., No. 09-35703

*Exhibit* B
*Page* 1 *of* 10

Appellants, Family Centered Services of Alaska, Inc., et al. oppose the motion of appellees Proberts, et al., to supplement the record "with recently obtained documents that were exhibits" to appellees' opposition for permission to appeal. (Appellees' Mot. to Supp. R. at 1, Dkt. Entry 7074315, Sept. 25, 2009.)

The Clerk ordered that the motion be "construed as a request for judicial notice" and referred it to the merits panel. (Order, Dkt. Entry 7076507, Sept. 28, 2009.) Whether construed as a request for judicial notice or as a motion to supplement, the motion should be denied.

**1.     Documents at issue.** The documents at issue are scans of selected pages pulled from the State of Alaska's records, with underlining and marginalia presumably made by appellees' counsel. The documents were never presented to or considered by the district court.

Appellees admit that the documents are <u>not</u> part of the record on appeal, which "consists of 'the original papers and exhibits *filed in the district court.*'" *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 593–594 (9th Cir. 2002) (emphasis original) (citing *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988); Fed. R. App. P. 10(a)(1); 16A Wright, Miller & Cooper, Fed. Prac. & Proc. § 3956.1 (Supp.2000) ("explaining that under Rule

Appellants' Opposition to Motion to Supplement Record                                    Page 2
*Robert Probert, et al., Gene Grissom, et al. v. Family Centered
Services of Alaska, Inc.,* et al., No. 09-35703

*Exhibit* B
*Page* 2 *of* 10

10(a), 'only those matters that were in fact *presented to the district court* are considered part of the record on appeal'") (emphasis original)); *see also* 9th Cir. R. 10-2. Appellees argue nonetheless that the documents should be considered because "these documents conclusively show that [appellants] are 'engaged in the operation of ... an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective...'" (Appellees' Mot. to Supp. R. at 2.)

The documents do not prove this or anything else. Appellants have not had a chance to challenge, question or rebut the documents; nor to test their authenticity, provenance, completeness, relevance or admissibility. The documents are neither consecutive nor complete.

2. **Judicial notice is not appropriate.** The documents presented are not suitable for judicial notice. Requests for judicial notice are governed by Federal Rule of Evidence 201, which provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Appellants' Opposition to Motion to Supplement Record                                    Page 3
*Robert Probert, et al., Gene Grissom, et al. v. Family Centered
Services of Alaska, Inc.*, et al., No. 09-35703

Exhibit B
Page 3 of 10

Case 4:07-cv-00030-RRB   Document 147-3   Filed 01/04/2010   Page 4 of 10
Case: 09-35703   10/06/2009   Page: 4 of 10   DktEntry: 7085942

That is not the case here. Judicial notice is not appropriate if the fact in question is an "adjudicative fact" that does not satisfy either prong of Fed. R. Evid. 201(b). Adjudicative facts are facts which relate to the parties and to their arguments:

> When a court or an agency finds facts concerning the immediate parties—who did what, where, when, how, and with what motive or intent—the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts.
>
> . . . .
>
> Stated in other terms, the adjudicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses.

Fed. R. Evid. 201 Advisory Committee's Note (quoting 2 Kenneth Davis, *Administrative Law Treatise* 353).

Appellees argue the documents "conclusively show" that appellees should prevail on the principal issue in the case. The alleged "facts" appellees attempt to extrapolate from these documents are quintessentially adjudicative: they go to the principal disputed issues of fact and law in this matter. The conclusions appellees draw from the documents are hotly disputed, and have been disputed from the

Appellants' Opposition to Motion to Supplement Record                              Page 4
*Robert Probert, et al., Gene Grissom, et al. v. Family Centered*
*Services of Alaska, Inc.*, et al., No. 09-35703

Exhibit B
Page 4 of 10

outset of this matter. *See* Pet. for Permission to Appeal, Dkt. Entry 691354 (May 7, 2009) (identifies disputed issues).

The documents and the alleged "facts" in them are simply not "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). These are not, for example, reported governmental agency decisions with precedential value. *Cf. City of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1113 n.1 (9th Cir. 2009) (citing *Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002) (taking judicial notice, on appeal, of a decision released by an administrative law judge)). The proffered materials contain "facts" that are subject to interpretation, dispute and opinion:

> If this testimony constitutes "adjudicative facts," we conclude that Roos' opinions are in "reasonable dispute" because they are not "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

*United States v. Decker*, 600 F.2d. 733, 739 n.9 (9th Cir. 1979) (fishing rights case; judicial notice is inappropriate of a person's testimony about the difficulties inherent in "dual agency management").

Appellants' Opposition to Motion to Supplement Record                               Page 5
*Robert Probert, et al., Gene Grissom, et al. v. Family Centered
Services of Alaska, Inc.*, et al., No. 09-35703

Exhibit B
Page 5 of 10

The proffered materials do not satisfy the requirements of Fed. R. Evid. 201(b). Appellees' motion to supplement the record, considered as a request for judicial notice (Order, Dkt. Entry 7076507), should be denied.

3. **Motion to supplement should be denied.** Should the panel choose to consider appellees' motion as one to supplement the record on appeal, the motion should similarly be denied. Appellees do not pretend that the district court ever saw these documents. This is not a situation where the record inaccurately reflects the proceedings below–these documents were never presented to the district court and were never considered by the district court.

Generally, the court will not allow parties to supplement the record on appeal "except in extraordinary circumstances." *United States v. Boulware*, 558 F.3d 971, 976 (9th Cir. 2009) (citing *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003)); *Barilla v. Ervin*, 886 F.2d 1514, 1521 n.7 (9th Cir. 1989), *overruled on other grounds, Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996). Judge Kozinski explained the justification for this well-established rule:

> This limitation is fundamental. As a court of appeals, we lack the means to authenticate documents submitted to us, so we must be able to assume that documents designated part of the record actually are part of the record. To be sure, the fact that a document is filed in the district court doesn't resolve all questions of authenticity, but it does ensure that both opposing counsel and the district court are aware of it

Appellants' Opposition to Motion to Supplement Record
*Robert Probert, et al., Gene Grissom, et al. v. Family Centered Services of Alaska, Inc.*, et al., No. 09-35703

Page 6

Exhibit B
Page 6 of 10

at a time when disputes over authenticity can be properly resolved. Litigants who disregard this process impair our ability to perform our appellate function.

*Lowry*, 329 F.3d at 1024. In this instance, appellees describe the materials presented as "recently obtained documents that were exhibits to Appellate Court motion practice in this matter." (Appellees' Mot. to Supp. R. at 1.) This is nothing like the "extraordinary" situations that *Lowry* requires in order to qualify as an exception to the general rule. *See Lowry*, 329 F.3d at 1024-25, citing *Dickerson v. Alabama*, 667 F.2d 1364, 1366-68 & n.5 (11th Cir. 1982) (district court's own oversight caused state trial transcript not getting properly reviewed at the district court level); and *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997) (considerations of new facts on appeal may be mandatory when new developments render a controversy moot and thus divest the appeals court of jurisdiction).

Appellees cannot create an "extraordinary situation" simply by attaching new materials as exhibits to a motion, lodging those materials with the Clerk, and then seeking to have the materials introduced on that basis in a subsequent motion. "Papers not filed with the district court or admitted into evidence by that court are not part of the record on appeal." *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074,

Appellants' Opposition to Motion to Supplement Record  
*Robert Probert, et al., Gene Grissom, et al. v. Family Centered Services of Alaska, Inc.*, et al., No. 09-35703

Page 7

Exhibit B  
Page 7 of 10

1077 (9th Cir. 1988) (citations omitted). Furthermore, this court has relied upon a leading treatise that confirms that "'[m]atters that were merely lodged with the clerk ... are excluded from the definition' found in Rule 10(a) of what constitutes the record on appeal." *Barcamerica*, 289 F.3d at 595, quoting 16A Wright, Miller & Cooper, Fed. Prac. & Proc. § 3956.1 (Supp.2000).

It is important that the record reflect the universe of evidence presented to, and considered by, the district court. One could argue that these new materials are cumulative to other materials introduced by appellees during the lengthy summary judgment practice below. In that case, there is no necessity whatsoever to include them in the record.[1] If, as it appears, however, appellees are attempting to use these materials to raise new issues of fact for the first time on appeal, their attempt should be denied. As this court noted recently, when denying a request for judicial notice of certain administrative changes that went into effect after the district court's decision:

> We deny the Center's request for judicial notice pursuant to Federal Rule of Evidence 201 because these documents were not before the district court and their significance, if any, is not factored into the record on appeal. Consideration of these documents and after-enacted changes is best left to the district court, not to the court of appeals for

---

[1] *See, e.g.,* District Court Dockets 9 and 53, plaintiffs' two motions for partial summary judgment and attachments.

Appellants' Opposition to Motion to Supplement Record                                Page 8
*Robert Probert, et al., Gene Grissom, et al. v. Family Centered*
*Services of Alaska, Inc.,* et al., No. 09-35703

Exhibit B
Page 8 of 10

initial analysis. There is good reason why we generally do not consider issues for the first time on appeal–the record has not been developed, the district court has not had an opportunity to consider the issue, and the parties' arguments are not developed against the district court decision.

*Center for Bio-Ethical Reform, Inc., v. City and County of Honolulu*, 445 F.3d 910, 918 n.3 (9th Cir. 2006).

4.  **Conclusion.** Whether characterized as a request for judicial notice or to supplement, appellees' motion should be denied. It is well-established law that "except in extraordinary circumstances, [the court of appeals] generally will not allow parties to supplement the record on appeal." *Boulware*, 558 F.3d at 976. There are no "extraordinary circumstances" presented here.

Dated this 6th day of October, 2009.

By: /s/ Richard D. Monkman
Richard D. Monkman
SONOSKY, CHAMBERS, SACSHE,
 MILLER & MUNSON, LLP
302 Gold Street, Suite 201
Juneau, AK 99801
(907) 586-5880 (Telephone)
(907) 586-5883 (Facsimile)
dick@sonoskyjuneau.com
Alaska Bar No. 8011101

//
//
//

Appellants' Opposition to Motion to Supplement Record  Page 9
*Robert Probert, et al., Gene Grissom, et al. v. Family Centered Services of Alaska, Inc.*, et al., No. 09-35703

Exhibit B
Page 9 of 10

Colin C. Hampson
SONOSKY, CHAMBERS, SACHSE.
 ENDRESON & PERRY, LLP
750 B Street, Suite 3130
San Diego, California 92101
(619) 546-5585 (Telephone)
(619) 546-5584 (Facsimile)
champson@sonosky.com
California Bar No. 174184

Attorneys for Defendants-Petitioner
Family Centered Services of Alaska

**CERTIFICATE OF SERVICE**

This is to certify that on the 6th day of October, 2009, a copy of the foregoing has been served electronically with the Clerk of the Court by using CM/ECF system and that all participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system to the following counsel of record:

John Foster Wallace
foster@mzwlaw.com

Kenneth Covell
covelladmin@gci.net

/s/ Richard D. Monkman
_____

Richard D. Monkman

Appellants' Opposition to Motion to Supplement Record                                    Page 10
*Robert Probert, et al., Gene Grissom, et al. v. Family Centered*
*Services of Alaska, Inc.,* et al., No. 09-35703

Exhibit B
Page 10 of 10