John Foster Wallace
ZIMMERMAN & WALLACE
711 Gaffney Road, Suite 202
Fairbanks, AK  99701
(907) 452-2211
(907) 456-1137 facsimile
foster@mzwlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT; LORETTA E. PROBERT, GENE GRISSOM; SANDRA GRISSOM; JOHN GRIMES; DONNA GRIMES; KENNETH MCDANIELS; LEONA MCDANIELS; ERIC CLONINGER; and DEBRA CLONINGER,<br><br>          Plaintiffs,<br><br>     vs.<br><br>FAMILY CENTERED SERVICES OF ALASKA, INC.; JOHN W. REGITANO; KATHY CANNONE; SUSZAN DALE; LONNIE HOVDE; DEBORAH L. COXON, and additional DOES I TO X, Managerial Employers, Jointly Liable,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.:  4:07-CV-00030 RRB |

### MOTION TO DISMISS DEBORAH COXON UNDER FEDERAL CIVIL RULE 12(b)(6)

The Defendant, Deborah Coxon, moves for dismissal from this lawsuit under Federal Civil Rule 12(b)(6) because plaintiffs' claims against her are barred by the Volunteer Protection Act.

**Background**

On January 28, 2009, plaintiffs moved to amend their complaint to add individual defendants who allegedly fell within the definition of "employer" under the Federal Labor Standards Act, 29 U.S.C. § 203(d), including Deborah Coxon.  *See* Docket 65-66. On March 30, 2009, plaintiffs filed their Corrected Amended Complaint, naming Coxon as a defendant based on her status as President of FCSA's Board of Directors.  *See* Docket 100, pp. 3, 25.  Plaintiffs admitted that "Family Centered Services of Alaska, Inc. (hereinafter, FCSA) is an Alaskan non-profit corporation…."  Id., p. 3.

On June 15, 2009, this Court entered its order staying litigation of motions to calculate damages during the pendency of the Ninth Circuit appeal.  "If the Ninth Circuit disagrees with this Court and finds that the FLSA does not apply to the employees in this case, it would have been a waste of time to calculate the damages to which Plaintiffs may not be entitled."  Docket 129, p. 2.  However, this Court's stay has not prohibited the parties from joining in or exiting from this lawsuit, or from requesting other relief.  For example, on July 3, 2009, Carla Smith and Timothy Decker filed their Notice of Election to Participate in Claim, thus joining this lawsuit.  On May 7, 2010, the parties stipulated to dismiss the claims brought by Loretta Rees, which this Court granted on May, 11, 2010.  Dockets 159-160.  In addition, on December 4, 2009, the Proberts moved for an indicative ruling, which generated an opposition and reply, as well as motions for extensions, to file exhibits by alternative means, supplemental exhibits, and a request for oral argument, and several ruling by this Court.  Dockets 140-158.  On July 20, 2010, defendant Kathy Cannone filed her supplemental affidavit.  Docket 161.  This Court's stay does not prohibit it from dismissing Ms. Coxon from this lawsuit.


**Legal Standard**

Where the defendant brings a "factual" motion to dismiss for lack of subject matter jurisdiction based on extrinsic evidence, the court may "look beyond the complaint without having to convert the motion to dismiss into a motion for summary judgment."[1] The court "may resolve factual disputes based on the evidence presented where the jurisdiction issue is separable from the merits of the case,"[2] as it is here. The proponents of subject matter jurisdiction bear the burden of establishing its existence by a preponderance of the evidence.[3]

**Argument**

The Volunteer Protection Act bars liability for harm caused by volunteers of nonprofit organizations if the volunteer was properly authorized and acting within the scope of her responsibilities for the nonprofit organization.[4] 42 U.S.C. § 14503. The term "volunteer" means "an individual performing services for a nonprofit organization… who does not receive": "compensation … or … any other thing of value in lieu of compensation, in excess of $500 per year, and such term includes a volunteer serving as a director [or] officer…." 42 U.S.C. § 14505(6). A "nonprofit organization" is: "(A) any organization which is described in section 501 (c)(3) of title 26 and exempt from tax under section 501(a) of such title….; or (B) any not-for-profit organization

---

[1] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted); *United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1995, 1200 n.2 (9th Cir. 2009) (citing *Safe Air*). Courts may consider public records as extrinsic evidence. *See Gemtel Corp. v. Community Redev. Agency of L.A.*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994).

[2] *United States ex rel. Alfatooni v. Kitsap Physicians Servs.*, 163 F.3d 516, 521 (9th Cir. 1999) (citation omitted).

[3] *United States ex rel. Harshman v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1018 (9th Cir. 1999).

[4] The VPA's protection does not apply to harm caused by willful or criminal misconduct, gross negligence, or recklessness. *See* 42 U.S.C. § 14503(a)(3). Other inapplicable exceptions involve operating a motor vehicle, vessel, or aircraft; committing a federal crime of violence, international terrorism, hate crime, or state law sexual offence, violating a civil rights law, or acting under the influence of alcohol or drugs. *See* 42 U.S.C. § 14503(a)(4), (f).

which is organized and conducted for public benefit and operated primarily for charitable, civic, educational, religious, welfare, or health purposes…." 42 U.S.C. § 14505(4). "Harm" includes "economic … losses." 42 U.S.C. § 14505(2).

In <u>Armendarez v. Glendale Youth Center</u>, 265 F.Supp.2d 1136, (D.Ariz. 2003), a former employee sued a nonprofit corporation and its individual Board members for unpaid wages under the Federal Labor Standards Act ("FLSA"). The court dismissed the individual Board members under Civil Rule 12(b)(6) because they were protected from suit by the Volunteer Protection Act ("VPA"). "The VPA protects volunteers of non-profit organizations from both federal and state claims" <u>Id</u>., p. 1139. "This Act applies to *any* claim for harm caused by an act or omission of a volunteer." [Citing 42 U.S.C. §14501 Hist. and Stat. Notes (b)]. <u>Id</u>., 1139. "…[T]he plain language of the statute, along with the legislative history, satisfies the Court that the VPA preempts state law, and precludes the federal law at issue, the FLSA." "Dispositive to the resolution of this Motion is that those federal laws listed as exceptions do *not* include the FLSA. Because Congress purposely failed to list the FLSA as an exception, the Court cannot imply that the FLSA is an exception to the VPA's limitations on liability." <u>Id</u>., p. 1141. With respect to the VPA's applicability to the Board members, the court found that "volunteers are protected if: (1) acting within the scope of their duties as Board Members; (2) properly authorized to serve as Board Members; (3) the harm was not caused by willful or criminal misconduct, gross negligence, or reckless misconduct; (4) the harm was not caused by the volunteer operating a motor vehicle, vessel, or aircraft." [Citing 42 U.S.C. §14503(a)(1)-(4)]. <u>Id</u>., p. 1141. As these elements were either admitted by plaintiffs, or not denied, the Board Members were dismissed. "The Court concludes (1) the VPA

*Robert Probert & Loretta E. Probert, et al.; Case No. 4:07-CV-00030 RRB*
*MOTION TO DISMISS DEBORAH COXON UNDER FEDERAL CIVIL RULE 12(b)(6)*
*Page 4 of 6*

preempts state law and precludes recovery from the volunteers under the FLSA, and (2) the VPA applies to the members of the Board." Id., p. 1139.

In this case, plaintiffs have pled that FLSA is a non-profit corporation and that Ms. Coxon was President of its Board of Directors. *See* Docket 100, pp. 3, 25. There are no allegations that any actions of Ms. Coxon were unauthorized, willful, criminal, grossly negligent, reckless, or within any other exception to the VPA's protection. *See* Docket 100. The affidavit of Ms. Coxon filed herewith establishes that she worked as a volunteer and was paid no compensation for her services as President of FCSA's Board of Directors. In this case the issue of jurisdiction is clearly separable from the merits of the case. As a matter of law, the VPA protects Ms. Coxon from this lawsuit. The plaintiff's claim against Ms. Coxon must be dismissed as a matter of law for failing to state a claim for which relief can be granted.

Deborah Coxon respectfully requests that the court find that at all times relevant to this action she was acting as a volunteer Board member for Family Centered Services of Alaska, Inc., that her service was covered by the Volunteer Protection Act, that the Plaintiffs' claims against her are barred, and grant her Motion to Dismiss pursuant to Federal Civil Rule 12(b)(6).

DATED at Fairbanks, Alaska, this 29th day of November 2010.

                ZIMMERMAN & WALLACE
                Attorneys for Defendants


                By: /s/John Foster Wallace
                  John Foster Wallace, ABA #9211115

CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing will be electronically served simultaneous with filing to the following attorneys and/or parties of record:

 Kenneth L. Covell
 Law Offices of Kenneth L. Covell
 kcovell@gci.net

 Richard D. Monkman
 dick@sonoskyjuneau.com

/s/Lisa R. Miller       11/29/2010
Lisa R. Miller for Zimmerman & Wallace