John Foster Wallace
ZIMMERMAN & WALLACE
711 Gaffney Road, Suite 202
Fairbanks, AK  99701
(907) 452-2211
(907) 456-1137 facsimile
foster@mzwlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT; LORETTA E. PROBERT, GENE GRISSOM; SANDRA GRISSOM; JOHN GRIMES; DONNA GRIMES; KENNETH MCDANIELS; LEONA MCDANIELS; ERIC CLONINGER; and DEBRA CLONINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES OF ALASKA, INC.; JOHN W. REGITANO; KATHY CANNONE; SUSZAN DALE; LONNIE HOVDE; DEBORAH L. COXON, and additional DOES I TO X, Managerial Employers, Jointly Liable,<br><br>Defendants. | Case No.:  4:07-CV-00030 RRB |

**OPPOSITION TO MOTION TO VACATE
AND RECONSIDER ORDER AT DOCKET 164**

This Court should not vacate or reconsider its order dismissing Deborah Coxon from this lawsuit at Docket 164.

Plaintiffs added Deborah Coxon to this lawsuit for unpaid wages based on her status as President of the Board of Directors of Family Centered Services of Alaska ("FCSA"), which allegedly qualified her as an "employer" under the Federal Labor Standards Act ("FLSA").  29

USC § 203(d).  *See* Docket 66, p. 2.  Plaintiffs pled: "Deborah Coxon is the president of FCSA's Board of Directors" and "Deborah Coxon is the president of FCSA's Board of Directors, which body oversees a yearly independent audit report of FCSA's fiscal operations."[1]  *See* plaintiffs' Corrected Amended Complaint, at Docket 100, paragraph 9 at p. 2 and paragraph 5 at p. 7.  Plaintiffs also pled: "Defendant Family Centered Services of Alaska, Inc. (hereinafter FCSA) is an Alaskan non-profit corporation…."  Id, paragraph 4 at p. 2.  Notably, Plaintiffs did not plead that Ms. Coxon personally acted beyond the scope of her responsibilities, without authorization, or willfully, recklessly, or grossly negligently.  Docket 100.

On November 29, 2010, Ms. Coxon moved for dismissal because the claims against her were barred by the Volunteer Protection Act ("VPA").  42 U.S.C. 14503.  *See* Docket 162.  Under 42 U.S.C. 14503, "no volunteer of a nonprofit organization … shall be liable for harm caused by an act or omission of the volunteer on behalf of the organization or entity if … the volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization … at the time of the act or omission."  Ms. Coxon supported her motion with her affidavit swearing that she served on FCSA's Board of Directors and as President of its Board of Directors and that for this service, she "did not receive compensation or any other thing of value in lieu of compensation in excess of $500 a year" within the definition of "volunteer" under the Volunteer Protection Act.[2]  42 U.S.C. § 14505(6).  *See* Docket 163.  Any opposition to Ms. Coxon's motion was due on or before December 23, 2010.  No opposition was filed.  On December 29, 2010, this Court granted Ms. Coxon's unopposed motion.  *See* Docket 164.

---

[1] In addition, Plaintiffs pled: "Kathy Cannone is the Chief Financial Officer for FCSA" and "Kathy Cannone is the Chief Financial Officer for FCSA and is responsible for the fiscal management of FCSA…"  Id., paragraph 6 on p. 2 and paragraph 2 on p. 6.

[2] "Volunteer" is defined as "an individual performing services for a nonprofit organization… who does not receive": "compensation … or … any other thing of value in lieu of compensation, in excess of $500 per year, and such term includes a volunteer serving as a director [or] officer…."  42 U.S.C. § 14505(6).

On January 10, 2010, plaintiffs moved this Court to vacate and/or reconsider its order dismissing Ms. Coxon, alleging that the motion either "went unnoticed" by counsel or he "paid little heed to it as he knew the proceedings were stayed." Docket 165, p. 2. However, Ms. Coxon's motion clearly expressed her position that the stay did not prohibit this Court from considering her motion and dismissing her from this lawsuit:

> …[T]his Court's stay has not prohibited the parties from joining in or exiting from this lawsuit, or from requesting other relief. For example, on July 3, 2009, Carla Smith and Timothy Decker filed their Notice of Election to Participate in Claim, thus joining this lawsuit. On May 7, 2010, the parties stipulated to dismiss the claims brought by Loretta Rees, which this Court granted on May, 11, 2010. Dockets 159-160. In addition, on December 4, 2009, the Proberts moved for an indicative ruling, which generated an opposition and reply, as well as motions for extensions, to file exhibits by alternative means, supplemental exhibits, and a request for oral argument, and several ruling by this Court. Dockets 140-158. On July 20, 2010, defendant Kathy Cannone filed her supplemental affidavit. Docket 161. This Court's stay does not prohibit it from dismissing Ms. Coxon from this lawsuit. *See* Docket 162, p. 2.

Plaintiffs' counsel was given clear notice that Ms. Coxon would not be moving to lift the stay and that he should pay heed to her motion. Although plaintiffs' counsel was out of his office when Ms. Coxon filed her motion on Monday, November 29, 2010 and from December 20, 2010 through January 3, 2011, he has no explanation for failing to notice and address her motion, or at least request an extension, during the nearly three-week period that he was in his office, from Tuesday, November 30, 2010, through Friday, December 17, 2010. *See* Docket 166, pp. 1-2.

Counsel's second reason for requesting vacation or reconsideration is his "belief that Ms. Coxon was the CFO (Chief Financial officer) of FCSA." *See* Docket 166, p. 2. However, plaintiffs pled that: "Deborah Coxon is the president of FCSA's Board of Directors" and "Kathy Cannone is the Chief Financial Officer for FCSA". *See* Docket 100, pp. 2, 6-7. Ms. Cannone has filed three affidavits swearing to her status as Chief Financial Officer (CFO) of FCSA, and Ms. Coxon has sworn that she served on FCSA's Board of Directors and as President of its

Board of Directors.  *See* Docket 96, p. 2, Docket 126-6, p. 2, and Docket 161-1, p. 2, and Docket 163, p. 2.  There is no basis for counsel's unfounded belief that Deborah Coxon, rather than Kathy Cannone, was FCSA's Chief Financial Officer (CFO).  Plaintiffs sued Ms. Coxon because she was the President of the Board of Directors, <u>not</u> because she was Chief Financial Officer. *See* Docket 100, p. 3.

Under the allegations of Plaintiffs' Corrected Amended Complaint, FCSA was a nonprofit corporation and Ms. Coxon served as President of its Board of Directors.  The definition of "volunteer" expressly includes volunteers serving as directors and officers.  42 U.S.C. § 14505(6).  Plaintiffs do not allege that Ms. Coxon acted beyond the scope of her responsibilities, without authorization, or willfully, recklessly, or grossly negligently to except her from the Volunteer Protection Act.[3]  42 U.S.C. § 14503(a)-(d).  Plaintiffs sued Ms. Coxon because she was President of the Board of Directors, which allegedly qualifies her as a FLSLA "employer", without alleging any particular act of Ms. Coxon as the basis for her liability.  The FLSA is not an "exception to the VPA's limitations on liability."  <u>Armendarez v. Glendale Youth Center</u>, 265 F.Supp.2d 1136, 1139, 1141 (D.Ariz. 2003).

Plaintiffs have not shown that their attorney's neglect was excusable or that they have any meritorious claim against Ms. Coxon.  Their attorney has given no reasonable excuse for failing to timely respond to Ms. Coxon's motion or request an extension.  If he simply failed to notice Ms. Coxon's motion, he was at least careless and neglectful.  However, he admittedly may have seen her motion, but paid it no heed, in serious disregard of his responsibilities and this Court's docket.  His claim that Ms. Coxon may have been FCSA's CFO is completely unfounded, unwarranted, and contradicted by his own pleadings.  Ms. Coxon will be prejudiced

---

[3] "Under the Volunteer Protection Act, a volunteer is not liable for simple negligence."  <u>Elliot v. La Quinta Corp</u>., 2007 WL 757891, *3 (N.D.Miss. 2007).

if her dismissal is reversed because she will be compelled to continue her defense despite her immunity under the VPO.  Ms. Coxon is no longer on FCSA's Board of Directors.  She has taken this lawsuit and her status as a defendant very seriously and it has caused her great concern, and she will be greatly distressed if her dismissal is vacated.  Considering the factors of Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-1224 (9th Cir. 2000), plaintiffs' motion to vacate or reconsider should be denied.

DATED at Fairbanks, Alaska, this 25th day of January, 2011.

              ZIMMERMAN & WALLACE
              Attorneys for Defendants


              By: /s/John Foster Wallace
                John Foster Wallace, ABA #9211115


CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing will be electronically served simultaneous with filing to the following attorneys and/or parties of record:

 Kenneth L. Covell
 Law Offices of Kenneth L. Covell
 kcovell@gci.net

 Richard D. Monkman
 dick@sonoskyjuneau.com

/s/Lisa R. Miller        1/25/11
Lisa R. Miller for Zimmerman & Wallace