Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK  99701
Phone: (907) 452-4377
Fax:     (907) 451-7802
E-mail:  kcovell@gci.net

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| **ROBERT PROBERT** and **LORETTA E. PROBERT**, and others similarly situated, <br><br>            Plaintiffs, <br><br>        vs. <br><br> **FAMILY CENTERED SERVICES OF ALASKA, INC**. and **DOES I to X,** (Managerial Employees Jointly Liable) <br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Case No. 4:07-cv-00030-RRB |

### ATTORNEY'S REQUEST FOR HEARING

This case is purportedly stayed, at Defendants' request, Docket 129 page 2.

Defendants filed a Motion to Dismiss Deborah Coxon from the action at Docket 162.

Plaintiffs' Counsel believing the case was stayed took no action thereon.

The Court issued an Order Dismissing Ms. Coxon out at Docket 164.

Plaintiffs' Counsel filed a Motion to Vacate and Reconsider at Docket 165.

*Probert, et. al. v. FCSA, et. al.*
*Attorney's Request for Hearing*
*Case No. 4:07-cv-00030-RRB*
*Page 1 of 5*

Defendants filed a Response in Opposition to Motion to Vacate and Reconsider Docket 165 on January 19, 2011.  The Court granted Defendants' Motion Leave to File Opposition on January 24, 2011, six (6) days after the Motion to File Response to Motion to Reconsider.

Plaintiffs' Counsel is under the impression that he gets fifteen (15) or more days to oppose Defendants' Motions.

Is he missing something?

The Motion for Leave to File was filed on January 19th, 2011.  Counsel had been out of the country through the 18th, had important hearings on the 20th, prepared for trial on the 21st and tried a case on the 24th – 26th and turned his attention to this matter on the 27th, spending four (4) hours to begin to read all the Pleadings in regard thereto.

The Volunteer Protection Act 42 U.S.C. does not apply in various instances §14503(a)(1-4).  For example, it does not apply to criminal misconduct.

## ONE OF MANY POSSIBLE POTENTIAL ATTACKS ON THE MOTION TO DISMISS COXON

Plaintiffs' position is not fully developed because Plaintiff had inadequate time to read, research and contemplate the issue, however the Volunteer Protection Act seems to be Swiss-Cheesed with exceptions, to the extent that the exceptions likely swallow the rule; essentially all it does is excuse ordinary negligence; it does not excuse any other range of behavior.  At least one theory for non-applicability of the Act is that the actions of the Defendant(s) in failing to comply with the Act are criminal acts.

The Volunteer Protection Act exceptions, some of which are found at 43 U.S.C.

*Probert, et. al. v. FCSA, et. al.*
*Attorney's Request for Hearing*
*Case No. 4:07-cv-00030-RRB*
*Page 2 of 5*

§14503(a)(3) the harm was not caused by willful or criminal misconduct.  Under the FLSA there is a question of whether the action of the employer was "willful".  That is an issue yet for trial in this case.  Willfulness leads to the third year of damages.  The Court will not decide willfulness on summary judgment in this case.  Therefore that question remains open and if Coxon was willful the Volunteer Protection Act should not apply.

Furthermore the Volunteer Protection Act does not apply to criminal misconduct.

The FLSA provides for criminal penalties for various violations of the FLSA.  29 U.S.C. §216(a) provides for a penalty of not more than $10,000.00 and imprisonment of not more than 6 months for violation of the provisions of §215 of the Act.  §215(a)(2) of the Act provides that a violation of §206 is prima facie evidence of a prohibited act.  It would appear then that any violation of the minimum wage provisions would be "criminal misconduct".  See 42 U.S.C. §14503(a)(3).

If Mrs. Probert is entitled to wages under the Minimum Wage Statute, then the conduct of the Defendants is criminal. (Whether or not they are charged, their conduct would amount to criminal misconduct.)

Therefore, the Volunteer Protection Act does not apply to Ms. Coxon on that basis.  This is just one of many potential theories or many potential avenues for disputing the application of Voluntary Protection Act.  This obviously could involve deposing Ms. Coxon and completing disclosure and discovery in the case.  This would further include having the Court making a Summary Judgment ruling, if appropriate (which it may or may not be) on the issue of whether there was a minimum wage violation.  This would put us back in the throes of litigating the whole case.  In 2009 when Defendants moved

*Probert, et. al. v. FCSA, et. al.*
*Attorney's Request for Hearing*
*Case No. 4:07-cv-00030-RRB*
*Page 3 of 5*

for the Stay, Plaintiff opposed such Stay and wanted that issue resolved.  At this point, if the Court were serious about reopening litigation, Plaintiffs position might be that she wants to wait for the Ninth Circuit Decision.  We could be days away from a Ninth Circuit Opinion here (then again it could be months to a year).

**CONTINUE DISCUSSION**

It is now January 28th, 2011.

Counsel is/may attempt to diligently work on the pile of paperwork in regard to the Motion to Dismiss Deborah Coxon; however fears that the Court may take further action without ever hearing Plaintiffs' position.

In doing his research, Plaintiffs' Counsel believes that in order for a full and fair airing of the Motion to Dismiss Ms. Coxon, there will need to be discovery, not just as to Ms. Coxon, but as to the whole case.

Essentially hearing this Motion undersigned Counsel believes will require the Court to begin litigating the whole case, including the important issues in the case.

IS THIS WHAT THE COURT REALLY WANTS TO DO?

Rather than leaving Counsel guessing as to where the Court is coming from, Counsel requests the Court put this case on for Status Hearing to clear up what the Court might be doing and thinking in this regard, hear Plaintiffs' position as to the Motions and allow the Court to respond to Plaintiffs' procedural position as to the Motions and discovery, etc., and allow the Court to express, or Issue an Order, on its position as to the status of the Stay and how to proceed further with the Motion to Dismiss Coxon.

*Probert, et. al. v. FCSA, et. al.*
*Attorney's Request for Hearing*
*Case No. 4:07-cv-00030-RRB*
*Page 4 of 5*

Currently Plaintiffs' Counsel feels as if the Court has turned its chair to face the back wall of the courtroom in dealing with the Motion to Dismiss Coxon.

Defendants' filed their Response in Opposition on January 25, 2011.  The Court now has available to read, and probably is reading, something that the Plaintiffs' Counsel has not even had a chance to read yet.  This seems to be fundamentally unfair.

**RESPECTFULLY SUBMITTED** this 28th day of January, 2011, Fairbanks, Alaska.

LAW OFFICES OF KENNETH L. COVELL<br>
Attorney for the Plaintiffs

By:/s/_____Kenneth L. Covell_____
                              KENNETH L. COVELL
                              ABA Bar No. 8611103

CERTIFICATE OF SERVICE
This is to certify that a copy of the foregoing has been
Served electronically, via ECF, to the following party(s):

John Foster Wallace

Richard D. Monkman

Dated: 01/28/2011
By: /s/ Camille De Santiago_____
Camille De Santiago for Kenneth L. Covell

*Probert, et. al. v. FCSA, et. al.*
*Attorney's Request for Hearing*
*Case No. 4:07-cv-00030-RRB*
*Page 5 of 5*