Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK  99701
Phone: (907) 452-4377
Fax:    (907) 451-7802
E-mail:  kcovell@gci.net

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT and LORETTA E. PROBERT, and others similarly situated,<br><br>                   Plaintiffs,<br>vs.<br><br>FAMILY CENTERED SERVICES of ALASKA, INC. and DOES I to X, Managerial Employers, Jointly Liable,<br><br>                   Defendants. | |
| | Case No. 4:07-CV-00030 RRB |

DECLARATION OF KENNETH L. COVELL IN SUPPORT OF
ATTORNEY'S REQUEST FOR HEARING
JANUARY 28, 2011

1. I, Kenneth L. Covell, am Counsel in the above captioned-matter.

2. Defendants filed a Motion to Dismiss Deborah Coxon from the action at Docket 162.

3. The Court issued an Order Dismissing Ms. Coxon out at Docket 164.

4. I filed a Motion to Vacate and Reconsider at Docket 165.

5.  Defendants filed a Response in Opposition to Motion to Vacate and Reconsider Docket 165 on January 19, 2011.  The Court granted Defendants' Motion Leave to File Opposition

on January 24, 2011, six (6) days after the Motion to File Response to Motion to Reconsider.

6. I was under the impression that Counsel gets fifteen (15) days to oppose Defendants' Motions.

7. The Motion for Leave to File was filed on January 19, 2011.

8. I was out of the country from January 15 through January 18, 2011, I had important hearings on January 20, 2011, I prepared for trial on January 21, 2011 and tried a case January 24 – January 26, 2011.

9. I did not turn my attention to this matter until January 27, 2011. I spent four (4) hours to begin to read all the Pleadings in regard thereto.

10. Today is January 28, 2011. I am attempting to work diligently on the pile of paperwork in regard to the Motion to Dismiss Deborah Coxon; however I fear that the Court may take further action without ever hearing Plaintiffs' position.

11. In doing my research, I believe that in order for a full and fair airing of the Motion to Dismiss Ms. Coxon, there will need to be discovery, not just as to Ms. Coxon, but as to the whole case.

12. Additionally, I believe essentially hearing this Motion will require the Court to begin litigating the whole case, including the important issues in the case.

13. Rather than leaving Counsel guessing as to where the Court is coming from, I request the Court to put this case on for a Status Hearing to clear up what the Court might be doing and thinking in this regard, to hear Plaintiffs' position as to the Motions and allow the Court to respond to Plaintiffs' procedural position as to the Motions, discovery, etc. and allow the Court to express its position (Order) as to the status of the Stay and how to proceed further with the Motion to Dismiss Deborah Coxon.

14. Currently I feel as if the Court has turned its chair to the back wall of the courtroom in dealing with the Motion to Dismiss Ms. Coxon.

15. Defendants filed their Response in Opposition on January 25, 2011. The Court now has available to read, and probably is reading, something that the Plaintiffs' Counsel has not even had a chance to read yet. This seems to be fundamentally unfair.

16. I have reviewed the Local Rules and the U.S. District Court Rules and find no provision of the rules for the six (6) day period of time between Defendants' Motion at Docket 167 and the Court's Order at Docket 169.

## DECLARATION

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on January 28, 2011.

s/ Kenneth L. Covell

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served electronically by ECF to the following attorney(s) and/or parties of the record:

John Foster Wallace

Richard D. Monkman

Dated: January 28, 2011
By: s/ Kenneth L. Covell