IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT PROBERT,<br>LORETTA E. PROBERT,<br>GENE GRISSOM,<br>SANDRA GRISSOM, and others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES OF ALASKA, INC., and DOES I to X (Managerial Employees Jointly Liable),<br><br>      Defendants. | Case No. 4:07-cv-0030-RRB<br><br>**ORDER RE PENDING MOTIONS** |

On June 15, 2009, at the request of Defendants and over the objection of the Plaintiffs, this Court stayed this matter pending an interlocutory appeal to the Ninth Circuit.[1] The Court agreed with Defendants that continued litigation pending appeal was wasteful of the parties' limited resources, as well as judicial resources, while this matter was pending before the Ninth Circuit.[2]

---

[1] Docket 129.

[2] *Id.*

The Ninth Circuit granted consideration of the interlocutory appeal, which is still pending.[34]

Despite the stay, this case remained slightly active through July 2010. Additional Plaintiffs continued to join in the case pursuant to Notices of Election to Participate in Claim.[5] The parties stipulated to dismiss claims by one Plaintiff.[6] Plaintiffs also sought an "Indicative Ruling" from this Court on December 4, 2009, which was denied via a text order.[7] On July 20, 2010, Defendants filed a "Supplemental Affidavit" in support of their general position in the matter.[8]

Four months later, on November 29, 2010, Defendants filed a Motion to Dismiss the claims against Defendant Deborah Coxon.[9] Coxon argued that the claims against her were precluded by the Volunteer Protection Act.[10] *Id.* Counsel argued that the stay did

---

[3] Plaintiffs' counsel reports that oral argument was heard by the Ninth Circuit in July 2010. Docket 165.

[4] Docket 132.

[5] See Dockets 130 & 131.

[6] Docket 159.

[7] Dockets 140 & 158.

[8] Docket 161.

[9] Docket 162.

[10] Plaintiffs have pled that FCSA is a non-profit corporation and that Ms. Coxon was President of its Board of Directors. *See* Docket 100, pp. 3, 25.

not prevent the Court from dismissing Coxon from the lawsuit, noting that the stay had not prohibited the parties from joining in or exiting from this lawsuit or from requesting other relief.

On December 29, 2010, this Court granted Coxon's properly served **unopposed** motion.[11] Plaintiffs cried foul on January 10, 2011, in a motion entitled "Motion to Vacate the Order at Docket 164/Motion to Reconsider Order at Docket 164."[12] Counsel for Plaintiffs complained that he either did not notice the Motion to Dismiss or he ignored it because the matter had been stayed. He complained that no motion to lift the stay had been filed in conjunction with the Motion to Dismiss. Counsel requests that this Court either vacate the Order at Docket 164 pending the Ninth Circuit's imminent decision, or give Plaintiffs the opportunity to file an opposition (which may or may not require the deposition of Ms. Coxon).[13]

Construing the Motion to Vacate as a timely Motion for Reconsideration **because that is what Plaintiff called it**, the Court allowed a response by Defendants, who argue that Plaintiffs have not shown that their attorney's neglect was excusable or that they

---

[11] Docket 164.

[12] Docket 165.

[13] *Id.*

ORDER RE PENDING MOTIONS - 3
4:07-CV-0030-RRB

have any meritorious claim against Ms. Coxon.[14] Counsel for Defendants notes that Ms. Coxon is no longer on FCSA's Board of Directors, that she has taken this lawsuit and her status as a Defendant very seriously, that it has caused her great concern, and that she will be greatly distressed if her dismissal is vacated.[15]

Plaintiffs now file a Motion for Hearing, in which counsel briefly addresses the *merits* of the Motion to Dismiss.[16] Counsel suggests that the Volunteer Protection Act may not even apply, noting that it is "Swiss-Cheesed with exceptions."[17] Counsel suggests that this issue cannot be resolved without discovery.[18] In somewhat repetitive pleadings, Plaintiffs' counsel has filed a Motion for Clarification at Docket 175 and a Motion to Strike at Docket 176. Plaintiffs' counsel also has moved to strike the Affidavit of Kathy Cannone filed at Docket 161.[19]

The Court acknowledges Plaintiffs' counsel's confusion. The Court also notes, however, that Plaintiffs' counsel's failure to answer the Motion to Dismiss (even to object to its filing during

---

[14] Docket 170.

[15] Docket 170.

[16] Docket 171.

[17] Docket 171 at 2.

[18] Docket 171 at 4.

[19] Docket 174.

the stay) is what caused most of the confusion. This was due to the admitted neglect of counsel (either in failing to check his mail or failing to recognize the significance of the motion when he did see it). A Motion to Dismiss is not a document that should be ignored, regardless of the status of the case. Nevertheless, the Court is not inclined to resolve this matter on a technical issue. The Court's greater concern is with the merits of Defendant Coxon's motion, i.e. whether it should properly have been considered while the matter was stayed and whether she should properly be a Defendant in this case as a matter of law.

The Court, therefore, will permit Plaintiffs until **February 22, 2011**, to respond to Defendant's Motion to Dismiss at Docket 162, with Defendant to reply pursuant to the Federal Rules of Civil Procedure. At that time the Court will consider whether or not to vacate its Order at Docket 164.

In light of the foregoing, and in an effort to restore a semblance of order to this matter, it is hereby ordered as follows:

1. The Motion for Hearing at **Docket 171** is **DENIED.**

2. The Motion to Strike Affidavit of Kathy Cannone at **Docket 174** is **DENIED.** Although arguably filed in a vacuum, the Court declines to strike the affidavit only to have it filed again later.

3.   The Motion for More Definite Statement at **Docket 175** is **GRANTED** to the extent clarified by this Order.

4.   The Motion to Strike Order at **Docket 176** is **DENIED.**

5.   The Motion to Vacate at **Docket 165** is **held in abeyance** pending review of the pleadings requested herein.

Leave of the Court is required before the parties file any additional substantive documents in this matter other than those requested by this Order.

**IT IS SO ORDERED.**

ENTERED this 7th day of February, 2011.

```
                              S/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE
```