Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK  99701
Phone: (907) 452-4377
Fax:     (907) 451-7802
E-mail:  kcovell@gci.net

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT; LORETTA E. PROBERT; GENE GRISSOM; SANDRA GRISSOM; JOHN GRIMES; DONNA GRIMES; KENNETH MCDANIELS; LEONA MCDANIELS; ERIC CLONINGER; DEBRA CLONINGER; and LORETTA REES,<br><br>     Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES of ALASKA, INC.; JOHN W. REGITANO; KATHY CANNONE; SUSZAN DALE; LONNIE HOVDE; DEBORAH L. COXON, and ADDITIONAL DOES I to X, Managerial Employers, Jointly Liable,<br><br>     Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 4:07-CV-000030 RRB |

## OPPOSITION TO MOTION TO DISMISS COXON

This case is Stayed pending appeal.

Nonetheless, Defendant, who had asked for the Stay moved to be dismissed from the action.

Plaintiffs did not respond knowing the case was Stayed.

The Court granted Defendant's Motion to Dismiss and Plaintiffs complained.  The Court ordered Plaintiff to file an Opposition to the Motion to Dismiss Defendant Coxon by February 22, 2011.

This Opposition is submitted accordingly.

Defendant Coxon's Motion should be denied because the case is Stayed.  The case is not Stayed merely to prevent Plaintiff from pursuing his case, but to allow Defendant to pick and choose what issues she may wish to have litigated; yet this is the approach Defendant Coxon takes.  To allow Defendant to do so is painfully unfair.

Even if Coxon were allowed to pursue her Motion, it is meritless and frivolous.  It is meritless because if considered it would at best leave questions concerning triable issues of fact as to whether Coxon's actions were willful, intentional and criminal.  The only way to decide such issues would be to have the Court continue to decide various Motions pending in the case (e.g. Motion for Summary Judgment on Wages and Overtime Due Docket 102) and to allow Plaintiff to conduct Discovery in regard to the case.  Even if all such actions were

allowed, there would at a minimum be a jury question on the willfulness on the Defendant's actions (willfulness is an exception of the Volunteer Protection Act) which would prevent the Court from granting Coxon's Motion to Dismiss. The Court should deny Coxon's Motion, vacate its prior Order granting it and admonish Defendant Coxon and the other Defendants that its filing of the Motion is frivolous and that such frivolous conduct will not be tolerated in the future.

If the Court, for whatever reason (which is unfathomable to Plaintiff) should consider the Motion, the Court should find that the Motion is frivolous and deny it. Under a 12(b)(6) Motion, the allegations of the Plaintiff are to be accepted as true, Coxon even fails to deny in her Affidavit Docket 162 she engaged in willful, intentional or criminal conduct. As written the Motion can't be a winner. Even if Coxon swore that her conduct was not in the exceptions to the Volunteer Protection Act, that would only at best raise those issues to triable issues of fact. Triable issues of fact prevent Summary Judgment and 12(b)(6) Orders. Failing to support her Motion factually is a second frivolous act of Coxon who should once again be admonished and warned that frivolous acts of this nature will not be tolerated by the Court.

## COXON IS AN EMPLOYER UNDER THE FLSA

29 USC § 203 (d) defines "Employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, . . .

"The definition of 'employer' in the FLSA is not limited by the common law concept of 'employer. The definition is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.'" *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999) (citation omitted), *cert. denied*, 528 U.S. 1116 (2000). Specifically, Section 203(d) defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee.

The Third Amended Complaint adds several persons in the management of the FCYS, and the President of the Board of Directors which undertakes a yearly independent audit of FCYS' fiscal operations. Based upon information gathered which now permits naming these individuals without violating the letter and spirit of the civil rules, these individuals qualify as "employers" because they act in the interest of FCYS *vis-à-vis* an employee.

As an employer, the FLSA attaches personal liability "in the amount of the unpaid minimum wages, or the unpaid overtime compensation, as the case may be, and in an additional equal amount of liquidated damages" for FLSA violations. 29 U.S.C. § 216(b); *see also, e.g., Chao v. Hotel Oasis, Inc*., 493 F.3d 26, 34 (1st Cir. 2007) (holding corporation's president personally liable when he had ultimate

control over business' day-to-day operations and was corporate officer principally in charge of directing employment practices); *United States Dep't of Labor v. Cole Enter., Inc*., 62 F.3d 775, 778-79 (6th Cir. 1995) (person was an employer within FLSA when president and 50% owner of corporation, ran business, issued checks, maintained records, determined employment practices, and was involved in scheduling hours, payroll, and hiring employees).

If the Plaintiffs are entitled to money, each and every of these defendants will be jointly and severally liable for the full amount due.

## EVEN IF COXON ONLY ENGAGED IN NEGLIGENT CONDUCT THE FLSA WOULD STILL APPLY

Repeals by implications are disfavored. The intention of the legislature to repeal must be clear and manifest. *Nigg v. U.S. Postal Service,* 555 F.3d 781,786 (9th Cir. 2009).

See the example discussed in *Nigg* where law enforcement officers covered under the LEAP Reform Act that Congress then explicitly amended the FLSA to exempt these officers under 29 U.S.C. § 213(a)(6). In the current Motion, Defendants can point to no clear and manifest intent of Congress to repeal the New Deal Remedial Legislation of the FLSA. They surely point to no statutory exemptions under the FLSA, as is done in *Nigg*.

## **LEGAL STANDARDS FOR 12(b)(6) MOTIONS TO DISMISS**

"A Court may not dismiss a Complaint for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief". *Barnett v. Centoni*, 31 F.3d 813,813 (9th Cir. 1994). *Armendarez v. Glendale Youth Center Inc.,* 265 F. Supp. 1136 2003, p. 1138.

"All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party" *Smith v. Jackson,* 84 F.3d 1213,1217 (9th Cir. 1996). See also *Armendarez* at 1138.

Defendants cite to *Armendarez v. Glendale Youth Center* in support of their cause. Armendarez is only the decision of another district court and Armendarez is wrong (see above discussion of implied preemption of federal law). The Court must look at the plain language of the statue. The Volunteer Protection Act states "This chapter preempts the laws of any State to the extent that such laws are inconsistent with this chapter, except that this chapter shall not preempt any State law that provides...protection..." 42 U.S.C. § 14502(a).

Regarding the *Armendarez* case, Plaintiffs note that in that matter the § 14503(f) exceptions were not contested *Armendarez* at 1141. In *Probert*, not only does Coxon fail to assert that she did not act willfully, intentionally or criminally

but willful and intentional acts are pled in the Complaint and criminal acts are inferred as an operation of law based on the pled willful and intentional conduct and violation of § 206 and § 207 of the FLSA.

42 U.S.C. § 14502, entitled "Preemption and Election of State nonapplicability" means what it says. Defendants in *Armendarez* say preemption and exemption of state nonapplicability means preemption and exemption of state and federal nonapplicability. That is an implied repeal of the FLSA. Such implication is neither clear nor manifest.

The suggestion that an implied repeal of New Deal Remedial Legislation is taking place here is too much to fathom. Additionally, reaching such conclusion is contrary to the plain language of the FLSA. The FLSA includes conduct that is not exempted under the Volunteer Protection Act.

The Volunteer Protection Act by its own term only applies to state law.

Count I of the Third Amended Complaint Docket 67, p. 8 includes an allegation that FCSA and Coxon willfully and intentionally failed to keep such records. Willful and intentional conduct are not exempted under the Volunteer Protection Act. See Coxon's Motion Docket 162, p. 4.

Additionally, Plaintiffs allege that Defendant violated § 206 (Docket 87, p. 8) § 207 (Docket 87, p. 9) of the FLSA. § 206 is the Minimum Wage provision

and § 207 is the Overtime Act.

The acts of Defendant Coxon are criminal. 29 U.S.C. § 216(a) provides for a penalty of not more than $10,000.00 and imprisonment for not more than six (6) months for violation of the provisions of § 215 of the Act. § 215(a)(2) of the Act provides that a violation of § 206 is prima facie evidence of a prohibited Act. § 206 is the Minimum Wage provision of the Act. It would appear that any violation of the Minimum Wage provision would be criminal misconduct. See 42 U.S.C. § 14503(a)(3). Pending before this Court is a Motion concerning Wages and Hours due which also concerns whether or not the Minimum Wage provisions of the FLSA under § 206 were violated. For the purposes of a 12(b)(6) Motion, the Court must construe the allegations of the Complaint to be true.

Note the Affidavit of Coxon in her support of her Motion to Dismiss Claim at Docket 162 addresses not once the facts of the case. Were she to have done so, it would only more clearly illustrate a triable issue of fact. The fact that Coxon in her Affidavit does not even deny her violation of the FLSA and especially the Minimum Wage provision of the Act should leave this Court with no qualm in finding that the facts as alleged by Plaintiffs are construed as true. 29 U.S.C. § 216(a) penalties provides for fines and imprisonment for a person who willfully violates any of the provisions of § 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000.00 or imprisonment of six (6) months or

both.  29 U.S.C. § 15 provides that it is a prohibited Act and "... it shall be unlawful for any person to (2) violate any of the provisions of § 206 or 207 of this Title.  § 206 is the Minimum Wage provision and § 207 is the Overtime provision.  Furthermore, violation of the Records provision under the 211(c) and further would trigger criminal liability.  Note that Plaintiffs Complaint alleges that Defendant Coxon violated the record keeping provision of the FLSA Complaint at Docket 67, p. 8, paragraph 68 by willfully and intentionally failing to keep the records.

## WILLFUL

## THE THREE (3) YEAR STATUTE OF LIMITATIONS

The FLSA provides for a two (2) and three (3) year statute of limitations.  There is liability for a three (3) year statute of limitations if the Defendant's conduct was willful.

Plaintiffs have alleged that Defendant Coxon violated the Overtime provisions of the FLSA 29 U.S.C. § 207 Docket 67, p. 9.  Part of this allegation is that Defendant's actions were willful.  Willfulness is a fact to be established at trial and triggers the three (3) year statute of limitations.  *McLaughlin v. Richland Shoe Company,* 486 U.S. 128,135 108 S.Ct. 1677,100 L.Ed.2d 115 (1988).  29 USC 255(a).

Even if the Volunteer Protection Act were to apply, it is riddled with exceptions. A specific and pertinent exception is willful misconduct which is a jury question for trial under the FLSA to decide whether the two (2) or three (3) year statute of limitations applies. *McGuire v. Hillsborough County,* 511 F.Supp 1211, 1218 (U.S.D.C. M.D. Fla 2007). The Court can't make that decision. So the Court can't grant this Motion. (Even if the Court were to, it would require discovery and decision on other Motions in a STAYED CASE).

Additionally, it appears that under the FLSA the Defendant's actions are criminal as well. The Volunteer Protection Act does not excuse criminal behavior. Any violations of the Minimum Wage Provision § 206 of the FLSA and/or the Overtime Provision§ 207 of the FLSA are criminal acts.

Plaintiff is hesitant to name directors in cases like this however the provisions of the FLSA are there to put teeth into the act. When Defendants such as FCSA maintain obstreperous positions, leverage can be brought to bear by naming the directors and it was with great hesitancy that the directors were named. Congress has intended those persons to be personally liable in situations like this where the organization is unable and unwilling to own up to its obligation under federal wage and federal hour law to pay living wages. The Court should find that the case was Stayed when Coxon's Motion was filed, that its Order at Docket 164 is vacated and that the Motion to Dismiss Coxon is frivolous.

## **CONCLUSION**

Plaintiffs' Counsel no doubt could go on and on and dig further into state law and state law regulations pertaining to qualifications and training of volunteers. It seems frivolous to cause Plaintiffs Counsel to do so in:

a) a case that is Stayed;

b) a case where Defendant Coxon by Affidavit cannot even raise the level of concern as to operative facts as to willful, intentional and criminal acts but only remains mute thereon;

c) Discovery would need to be conducted as to the issues already discussed, etc.

At a minimum, before granting any such Motion, the Court should:

a) allow Plaintiffs Discovery concerning these issues including full Discovery/Disclosure in this case, which has not yet taken place;

b) allow the depositions of Ms. Coxon, the executive director Mr. Regitano, and others;

c) a decision by the Court on the Motion at Docket 102 concerning overtime and wages due and minimum wage due.

Defendant's Motion is frivolous because the case is Stayed at her request.

She then makes a Motion with no basis and fact to have herself dismissed from the case. Defendant's Motion is frivolous because she fails to even allege that she did not act willfully, intentionally or criminally in her Affidavit. Further, even were she to have sworn so in her Affidavit, at best it would create a triable issue of fact and be far from sufficient to overcome the standard for 12(b)(6) Motion that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

RESPECTFULLY SUBMITTED this 21st day of February, 2011, at Fairbanks, Alaska.

> LAW OFFICE OF KENNETH L. COVELL
> Attorney for the Plaintiffs
> s/ Kenneth L. Covell
> 712 Eighth Avenue
> Fairbanks, Alaska 99701
> Phone: (907) 452-4377
> Fax: (907) 451-7802
> Email: kcovell@gci.net
> ABA No. 8611103

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing has been served electronically by ECF to the following attorney(s) and/or parties of the record:

**John Foster Wallace**

**Richard D. Monkman**

Dated: February 21, 2011

By: s/ Camille De Santiago
Law Office of Kenneth L. Covell