John Foster Wallace
ZIMMERMAN & WALLACE
711 Gaffney Road, Suite 202
Fairbanks, AK  99701
(907) 452-2211
(907) 456-1137 facsimile
foster@mzwlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

ROBERT PROBERT; LORETTA E.          )
PROBERT, GENE GRISSOM; SANDRA       )
GRISSOM; JOHN GRIMES; DONNA         )
GRIMES; KENNETH MCDANIELS;          )
LEONA MCDANIELS; ERIC               )
CLONINGER; and DEBRA CLONINGER,     )
                                    )
          Plaintiffs,               )
                                    )
     vs.                            )
                                    )
FAMILY CENTERED SERVICES OF         )
ALASKA, INC.; JOHN W. REGITANO;     )
KATHY CANNONE; SUSZAN DALE;         )
LONNIE HOVDE; DEBORAH L.            )
COXON, and additional DOES I TO X,  )
Managerial Employers, Jointly Liable, )
                                    )
          Defendants.               )
_____     ) Case No.:  4:07-CV-00030 RRB

## REPLY TO OPPOSITION TO MOTION TO DISMISS COXON

The Defendant, Deborah Coxon, replies to the opposition to the motion for her dismissal

under the Volunteer Protection Act.

**1.     The Stay Was Issued to Preclude Litigating the Amount of Damages, and Not
to Preclude Parties from Joining In or Exiting From this Lawsuit.**

This Court granted plaintiffs' second motion for partial summary judgment on January

22, 2009, finding that the Federal Labor Standards Act ("FLSA") applied to the employment of

house parents by Family Centered Services of Alaska, Inc. ("FCSA").  *See* Docket 53.  On

March 27, 2009, FCSA moved this Court to certify its order for an immediate appeal to the Ninth

Circuit.  Dockets 95-97.  While this motion was pending, Kenneth McDaniel and Leona

McDaniel filed elections to participate in this lawsuit.  *See* Dockets 98-99.  On April 10, 2009,

Loretta Probert moved for summary judgment to establish the amount of wages and overtime

compensation she was owed under the FLSA.  *See* Docket 102.  On that same day, Eric and

Debra Cloninger filed elections to participate in this lawsuit.  Dockets 103-104.  On April 24,

2009, this Court certified its order for an immediate appeal, "agree[ing] that the applicability of

the FLSA to institutions such as the Therapeutic Family Homes in this case is a 'controlling

question of opinion and that an immediate appeal from the order may materially advance the

ultimate termination of this litigation."  Docket 112.

On May 12, 2009, FCSA moved for a stay pending the Ninth Circuit's appeal, to

preclude litigating the amounts of damages owed to Loretta Probert and the other defendants:

> Since this Court's order of January 22, 2009, four additional plaintiffs have
> entered into this case.  Consequently, there are now ten different plaintiffs
> claiming differing amounts of wages and overtime compensation.  Wage
> calculations in FLSA cases are notorious for requiring "exacting review of
> voluminous pay and leave records", painstaking efforts, and vast time
> consumption.  Rogers, supra.  This case will be no different: the times claimed to
> have been worked by the ten plaintiffs vary wildly, despite their having provided
> similar if not identical services to similar if not identical groups of children in
> similar if not identical family group home settings.  FCS is a non-profit
> organization that operates on limited resources to provide essential services to
> needy children in Alaska.  The public interest is not served by depleting its
> resources through continued litigation as to the amounts owed to each of the ten
> different plaintiffs, while the underlying liability issues are pending appeal.
> Loretta Probert has already filed a motion for summary judgment to calculate the
> amount of wages and overtime compensation due to her, and FCS assumes the
> other nine plaintiffs may file similar motions.  If Loretta Probert, or any of the
> other plaintiffs, were to prevail in calculating damages on summary judgment,
> final judgment could issue, irreparably harming FCS's credit and leaving its assets
> vulnerable to execution, while the underlying liability issues are pending review
> and are subject to reversal.  Continued litigation is wasteful of the parties' limited

resources, as well as of the judicial resources.  The plaintiffs will not be substantially injured if a stay is granted.  Any delay in calculating the amount of damages will be compensated by interest if this Court's orders are upheld. Consequently, the balance of hardships tips sharply in favor of staying this Court's proceedings pending appeal.  *See* Docket 117, pp. 506.

Notably, FCSA did not request that this case be closed to the filing of elections by additional plaintiffs.  On May 29, 2009, Loretta Rees filed her election to participate in this lawsuit. Docket 118.

On June 15, 2009, the Court entered its order staying litigation on damages.  "The Court agrees with Defendants that continued litigation pending appeal is wasteful of the parties' limited resources, as well as of the judicial resources, while this matter is pending before the Ninth Circuit.  If the Ninth Circuit disagrees with this Court and finds that the FLSA does not apply to the employees in this case, it would have been a waste of time to calculate the damages to which Plaintiffs may not be eligible."  Docket 129.

On July 3, 2009, Carla Smith and Timothy Decker filed elections to participate in this lawsuit.  Docket 130-131.  Notably, Smith, Decker and all plaintiffs in this lawsuit are represented by the same counsel, who prepared and filed all elections to participate.

On December 4, 2009, plaintiffs filed a motion for an indicative ruling concerning this Court's reliance on evidence in issuing its motion granting summary judgment, and for leave of court to file exhibits by alternative means.  *See* Dockets 140-141.  Litigation thus ensued on the indicative ruling issue, culminating in a denial on March 4, 2010.  *See* Dockets 142-158.

On May 7, 2010, the parties stipulated to dismiss Loretta Rees from this lawsuit, resulting in this court's dismissal of Rees' claims on May 11, 2010.  *See* Docket 159-160.

On July 20, 2010, FCSA filed the Supplemental Affidavit of Kathy Cannone.  Docket 161.

On November 29, 2010, Deborah Coxon moved for dismissal under the Volunteer Protection Act ("VPA").  Dockets 162-163.

As set forth above, this Court stayed litigation to postpone, and possibly avoid, the time-consuming task of calculating the amount of damages owed to the various plaintiffs.  However, as plaintiffs have themselves demonstrated, this case was not stayed to preclude the addition or subtraction of parties.  As the Volunteer Protection Act bars this lawsuit against Deborah Coxon as a matter of law, the stay should not preclude this Court from dismissing Ms. Coxon from this lawsuit.

2.      **Standard of Review**.

To survive a motion to dismiss, a complaint must have pled "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  [Citing Bell v. Twombly, 550 U.S. 544, 555 (2007)].  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", under the "[t]wo working principles" of Twombly:  "First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements….  Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense…."  Id.  "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  [Citing Twombly, pp. 555-556].  Id., pp. 1940-1941.  "The factual allegations must be sufficient to "'raise[] a right to relief above the speculative level.'"  [Citing Twombly].  Milstead v. Begich,

363 Fed Appx. 471, 473 (9th Cir. 2010).  "We do not ask for 'detailed factual allegations,' but [plaintiffs] must go beyond 'labels and conclusions, and a formulaic recitation of the elements of a cause of action' and provide us the grounds of its entitlement to relief."  [Citing Twombly]. Market Trading v. AT&T, 388 Fed.Appx 707, 709 (9th Cir. 2010).  "…[A] plaintiff's obligation to provide the grounds of [his or her] entitlement to relief requires more than labels and conclusions,' and, therefore, 'naked assertion[s]' of wrongdoing unaccompanied by 'further factual enhancement' do not survive a Rule 12(b)(6) motion."  [Citing Twombly].  Wise v. Verizon, 600 F.3d 1180, 1189 (9th Cir. 2010).  "We assume the truth of well-pleaded factual allegations in the complaint, … but need not assume the truth of opinions, factual and legal conclusions, or arguments.  [Citing Twombly and Anderson v. Clow, 89 F.3d 1399, 1403 (9th Cir.1996)].  Northern Highlands v. Comerica Bank, 328 Fed.Appx. 358, 360 (9th Cir. 2009). "…[A] court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations."  [Citing Sprewell v. Golden State, 266 F.3d 979, 988 (9th Cir. 2001)].  Sedgwick v. Delsman, 2009 WL 2157573 (N.D.Cal. 2009).  "Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  [Citing Balistreri v. Pacifica, 901 F.2d 696, 699 (9th Cir. 1990)].  Dietzman v. Homer, 2010 WL 4684043, *11 (D.AK. 2010).  *See* also Long v. Darmer, 2008 WL 5000160, *3 (D.AK. 2008)

To the extent that the summary judgment standard may apply, once the movant demonstrates there is no genuine issue of material fact, "the opposing party has the affirmative burden of coming forward with specific facts evidencing a need for trial".  Kruse v. Hawai'i, 857 F.Supp. 741, 750 (D.Hi. 1994).  The "nonmoving party must present specific, significant probative evidence, not simply 'some metaphysical doubt'",   and "may not merely state that it

will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim."  [Citing <u>Matsushita v. Zenith</u>, 475 U.S. 574, 586 (1986) and <u>T.W. Elec. Serv. V. Pac. Elec. Contractors</u>, 809 F.2d 626, 630 (9th Cir. 1987)].  <u>Dietzmann</u>, <u>supra</u>, *10. "There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party."  <u>Id</u>.

Coxon has requested that this Court look outside plaintiffs' complaint, only to consider her undisputed affidavit testimony that she served on FCSA's Board of Directors as a volunteer and without compensation.  On a motion to dismiss, this Court "may consider materials incorporated into the complaint", "matters of public record", and documents that are necessarily relied upon in the complaint or whose contents are alleged in a complaint, where the "document's authenticity is not in question and there are no disputed issues as to the document's relevance." <u>Coto Settlement v. Eisenberg</u>, 593 F.3d 1030, 1038 (9th Cir. 2010).  *See also* <u>Long v. Darmer</u>, *3. Otherwise, the court may consider matters outside the pleadings and treat the motion as one for summary judgment under Civil Rule 56.  Federal Civil Rule 12(d).  Plaintiffs were aware that Coxon's motion might be treated as one for summary judgment, at least with respect to considering her Affidavit filed in support of her motion for dismissal. Docket 63.  Plaintiffs argued: "Triable issues of fact prevent Summary Judgment and 12(b)(6) Orders".  *See* plaintiffs' Opposition to Motion to Dismiss Coxon at Docket 178, p. 3.  Nevertheless, plaintiffs failed to dispute Coxon's affidavit testimony or provide any evidence that she was compensated or engaged in non-immune conduct.  Plaintiffs' only contention is because they pled that FCSA engaged in willful, intentional, and/or criminal conduct, Ms. Coxon is not subject to dismissal under the VPA.

### 3.   Plaintiffs Pled No Claims Based on Ms. Coxon's Personal Conduct.

The plaintiffs pled allegations against Ms. Coxon as follows: "Deborah Coxon is the president of FCSA's Board of Directors" and "Deborah Coxon is the president of FCSA's Board of Directors, which body oversees a yearly independent audit report of FCSA's fiscal operations." *See* Corrected Amended Complaint, paragraphs 15 and 178, Docket 100, pp. 3, 25.[1] With respect to all individually named defendants, including Ms. Coxon, plaintiffs pled:

> 179)   Each and every one of the named individual Defendants, and each of them individually, exercises some control over the nature and structure of the employment relationship between Plaintiffs, and each of them, and FCSA.

> 180)   By definition, each of the named individual Defendants, and each of them individually, is an "employer" for purposes of application of the FLSA.

> 181)   All "employers" are individually responsible for compliance with the FLSA; and thus, each and all of the individually named Defendants are jointly and severally liable for the consequences of non-compliance with the FLSA

*See* Corrected Amended Complaint, paragraphs 179-181, Docket 100, p. 25.

Plaintiffs argue that there are factual issues as to whether Ms. Coxon's conduct was willful, intentional and criminal. However, the <u>only</u> conduct pled against Coxon is that she was President of the Board of Directors, and the Board of Directors allegedly oversaw yearly independent audit reports of FCSA's fiscal operations. Plaintiffs did not plead that Coxon engaged in any particular conduct that was willful, intentional, or criminal or outside her

---

[1] Plaintiffs referred to their Third Amended Complaint dated January 28, 2009, at Docket 67. However, on March 17, 2009, the Court directed plaintiffs to file a Corrected Amended Complaint. Docket 93. On March 30, 2009, plaintiffs filed their Corrected Amended Complaint at Docket 100. The Proberts' Corrected Amended Complaint superseded their prior complaints, and waived any claims not realleged therein. "'It is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as non-existent.... Once amended, the original no longer performs any function as a pleading and cannot be utilized to aid a defective amendment." <u>Bullen v. De Bretteville</u>, 239 F.2d 824, 833 (9th Cir. 1956); <u>Doe v. Unocal</u>, 27 F.Supp.2d 1174 (C.D. Cal. 1998). "It has long been the rule in this circuit that a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981). *See* also <u>Parring v. FHP</u>, 146 F.3d 699, 704 (9th Cir. 1998); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987); and <u>Roach Studios v. Reiner</u>, 896 F.2d 1542, 1546 (9th Cir. 1989).

responsibilities as Board President.  In Count I of their Corrected Amended Complaint, plaintiffs

pled that <u>FCSA</u> failed to keep records:

> 184)   29 U.S.C. § 211(c) requires that every employer subject to any provision of this chapter, or of any order issued under this chapter, shall make, keep, and preserve such records of the persons employed by him [her or it] and of the wages, hours, and other conditions and practices of employment maintained by him [her or it].

> 185)   AS 23.05.080 requires an employer to keep accurate record of the daily and weekly hours worked by each person and the wages paid each pay period to each person.  The records shall be kept on file for at least three years.

> 186)   On information and belief, FCSA willfully and intentionally failed to keep such records.

*See* Corrected Amended Complaint, paragraphs 184-186, Docket 100, p. 26.  Plaintiffs did <u>not</u>

plead that Coxon had any duty to keep FCSA's employment records or that she willfully,

intentionally or criminally failed to keep such records.  <u>Id</u>.  Similarly, in Counts II through V,

plaintiffs pled against FCSA, but <u>not</u> against Coxon:

> 187)   FCSA failed to pay Plaintiffs, and each of them, for all hours that they worked in violation of the FLSA, 29 U.S.C. § 206.

> 188)   FCSA failed to pay Plaintiffs, and each of them, for all hours that they worked in violation of the Alaska Wage and Hour Act, AS 23.05.010 et. seq., and specifically in violation of AS 23.05.140.

> 189)   FCSA failed to pay Plaintiffs, and each of them, for overtime pay in violation of the FLSA, 29 U.S.C.§ 207(a)(1).

> 190)   FCSA was required to make the payment of wages due to Robert, Loretta, Gene, Sandra, John, Donna, Kenneth, Leona, and others similarly situated, at the earliest, within three days of their termination.

> 191)   Because FCSA failed to pay Robert, Loretta, Gene, Sandra, John, Donna, Kenneth, Leona, and others similarly situated, all hours worked under both the state and/or federal statutes, and overtime pursuant to the FLSA, Robert, Loretta, Gene, Sandra, John, Donna, Kenneth, Leona, and each of them, are entitled to claim a penalty equal to one day's pay for each day of delay, or for 90 working days, whichever is the lesser.

192)    The law was clear that Robert, Loretta, Gene, Sandra, John, Donna, Kenneth, Leona, and others similarly situated, were subject to the FLSA.

193)    FCSA knew, or showed reckless disregard in whether its conduct was prohibited by the FLSA.

*See* Corrected Amended Complaint, paragraphs 184-186, Docket 100, p. 26..

Under the FLSA, Coxon may be liable for the acts of FCSA if she falls within the definition of an "employer" under 29 U.S.C. §203(d).[2]   However, alleging that Coxon is within FLSA's broad definition of "employer" is not equivalent to alleging that Ms. Coxon acted intentionally, willfully or criminally or outside her responsibilities.  Coxon did not deny in her Affidavit that she acted intentionally, willfully, criminally, or outside her responsibilities, because she was never accused of such conduct or, indeed, of any particular conduct at all, other than serving as President of FCSA's Board of Directors.  *See* Docket 163.  Plaintiffs have alleged no facts to support any claim based on Ms. Coxon's personal conduct.

**4.      The Volunteer Protection Act Immunizes Ms. Coxon and Bars Plaintiffs' Claims Against Her.**

Plaintiffs pled that FCSA "is an Alaskan non-profit corporation" and Deborah Coxon was President of FCSA's Board of Directors.  *See* Corrected Amended Complaint, paragraphs 10, 15, and 178, Docket 100, pp. 3 and 25.  Plaintiffs alleged no facts indicating that Ms. Coxon acted intentionally, willfully, criminally, recklessly or outside her responsibilities.  42 U.S.C. § 14503. Plaintiffs do not dispute that Coxon was a volunteer and received no compensation.  *See* Affidavit of Coxon at Docket 163.  42 U.S.C. § 14505(6).  Plaintiffs have not pled or argued any facts that preclude immunity under the VPA.  42 U.S.C. § 14503.

---

[2] The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…."  29 U.S.C. 203(d).

The VPA applies to FLSA claims.  Under the VPA, in pertinent part:

> "…[N]o volunteer of a nonprofit organization or government entity shall be liable for harm caused by an act or omission of the volunteer on behalf of the organization or entity if-
> (1) the volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization or government entity at the time of the act or omission [and]
> (3) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer….
> [Emphasis added].  42 U.S.C. § 14503(a).

"The VPA protects volunteers of non-profit organizations from both federal and state claims"

Armendarez v. Glendale Youth Center, 265 F.Supp.2d 1136, 1139 (D.Ariz. 2003), p. 1139.

"This Act applies to *any* claim for harm caused by an act or omission of a volunteer."  [Citing 42 U.S.C. §14501 Hist. and Stat. Notes (b)].  Id.  "…[T]he plain language of the statute, along with the legislative history, satisfies the Court that the VPA preempts state law, and precludes the federal law at issue, the FLSA.  The text of § 14502(a) cannot be interpreted to prevent the application of the VPA to federal law, though its central focus is preemption of state law."  Id. In enacting the VPA, Congress was concerned with protecting volunteers from liability, without regard to whether it was federal or state liability:

In H.R. REP No. 105-101(I) at 6 (1997), the Committee stated:

> It is not enough to leave it to the States to solve this problem. Volunteerism is a national activity and the decline in volunteerism is a national concern....Although every state now has a law pertaining specifically to legal liability of at least some types of volunteers, many volunteers remain fully liable for some actions. Only about half of the states protect volunteers other than officers and directors. Moreover, every volunteer protection statute has exceptions. As a result, state volunteer protection statutes are patchwork and inconsistent.... This inconsistency hinders national organizations from accurately advising their local chapters on volunteer liability and risk management guidelines.

> The report also emphasizes, "H.R. 911, as amended, immunizes a volunteer *from liability* for harm caused by ordinary negligence...." No. 105-101(I) at 153 (emphasis added). This portion is noteworthy because it does not distinguish

federal liability from state liability. Concomitantly, the Senate, in accord with the House, stated "[T]he Volunteer Protection Act...covers *all* civil lawsuits except those involving certain types of egregious misconduct." 145 CONG. REC. S6286 (daily ed. May 27, 1999) (statement of Sen. Abraham) (emphasis added). In addition, a thoughtful article on the issue from the Harvard Journal on Legislation states, "The Volunteer Protection Act *immunizes* those who voluntarily provide services...." "The heart of the legislation involves a *bar to liability* for individual volunteers." Again, the author does not distinguish between federal and state liability. *See* Andrew F. Popper, *A One-Term Tort Reform Tale: Victimizing The Vulnerable,* 35 HARV J. ON LEGIS. 123, 130-32 (1998) (emphasis added) (discussing the VPA as applying to both state and federal suits). Id., p. 140.

The court found the VPA's specific limitations indicated that the VPA applied to federal liability and that the FLSA was not excluded from VPA immunity.  "Congress clearly demonstrated an intent for the VPA's liability protection to generally cover both state and federal law, as evidenced by Congress expressly listing exceptions to the VPA's liability protection several federal laws.  Dispositive to the resolution of this Motion is that those federal laws listed as exceptions do *not* include the FLSA.  Because Congress purposely failed to list the FLSA as an exception, the Court cannot imply that the FLSA is an exception to the VPA's limitations on liability."  Id., p. 1141.  Armendarez is a thoughtful and well reasoned decision, where the court scrutinized the VPA and its legislative history, and logically concluded that the VPA applies to FLSA claims.

There is no genuine issue of material fact.  As a matter of law, Deborah Coxon is entitled to immunity under the VPA and should be dismissed from this lawsuit.

**5.    VPA Immunity Prevails Over § 203(d)'s Definition of "Employer"**.

 "...[W]hen two statutes are partially in conflict, '[r]epeal is to be regarded as implied only if necessary to make the [later enacted law] work, and even then only to the minimum extent necessary."  [Citation omitted].   In re Glacier Bay, 944 F.2d 577, 582 (9th Cir. 1991)].

"...'[W]hen two statutes are capable of coexistence, it is the duty of the courts … to regard each

as effective…."  Id.  "Irreconcilable conflict will not be found merely because two statutes compel different results in a particular case.  Rather, there must be a repugnancy between the words or purposes of the two statutes."  [Citations omitted].  Nigg v. U.S. Postal Serv., 555 F.3d 781, 788 (9th Cir. 2009). "The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." [Citations omitted].  Id., pp. 785-786.

    In this case, to the limited extent that there may be an irreconcilable conflict, it must be resolved in favor of the later-enacted VPA[3], immunizing volunteers of nonprofit organizations and government entities despite §203(d)'s definition of "employer".  In all other respects, the VPA does not irreconcilably conflict with the FLSA.  The VPA does not negate FLSA's wage and overtime provisions or its application to nonexempt employees or limit liability against either the nonprofit organization or government entity.[4]  42 U.S.C. § 14503(c).  The VPA limits only §203(d)'s broad definition of "employer" by excluding volunteers of nonprofit organizations and government entities from the pool of possible individuals who may also be liable as an "employer".  The VPA and FLSA may be reconciled and harmonized to give effect to both acts, by not extending §203(d)'s broad definition of "employer" to volunteers.  This interpretation is consistent with the Department of Labor's own guidelines.  The Department of Labor's Field Operations Handbook recognizes that where individuals volunteer their services, and do not act as employees or in contemplation of pay, there is no employee-employer relationship.  See §10(b)03(c), attached hereto as Exhibit "A".  Deborah Coxon became neither

_____

[3] The VPA was enacted in 1997.
[4] "Nothing in this section shall be construed to affect the liability of any nonprofit organization or any government entity with respect to harm caused to any person."  42 U.S.C. § 14503(c).

an employee nor employer when she volunteered to serve on FCSA's Board of Directors. Plaintiffs have no viable claim against Ms. Coxon under the FLSA.

### 6. Plaintiffs Are Not Entitled to Discovery Before Coxon's Dismissal.

In their Opposition to Motion to Dismiss Coxon, plaintiffs generally assert that discovery is required or needed. Docket 178, pp. 10, 11. However, plaintiffs make no attempt to explain what facts they hope to elicit in discovery or how such facts would preclude dismissal. Plaintiffs did not dispute that Coxon served on FCSA's Board of Directors as a volunteer and received no compensation. *See* Affidavit of Coxon at Docket 163. Plaintiffs pled that FCSA "is an Alaskan non-profit corporation." *See* Corrected Amended Complaint, paragraph 10, Docket 100, p. 3. Plaintiffs alleged no facts indicating that Ms. Coxon personally acted intentionally, willfully, criminally, recklessly or outside her responsibilities as Board President.

Under Federal Civil Rule 56(f)(2), summary adjudication may be continued where the opposing party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition…" "…[T]he defendants must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). "References in memorandum and declarations to a need for discovery do not qualify as motions under Rule 56(f)…. Rather, Rule 56(f) requires litigants to submit affidavits settling forth the particular facts expected from further discovery…. [F]ailure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." [Citing Brae Transp. v. Coopers, 790 F.2d 1439, 1443 (9th Cir. 1986)]. Id. "…[D]enial of a Rule 56(f) application is proper when

it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation."  [Citing <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1018 (9th Cir. 1991).

Plaintiffs have not filed an affidavit requesting discovery or set forth any particular facts that they expect to discover that might preclude Ms. Coxon's dismissal.   There is no reason to believe that any such evidence exists or is not the object of pure speculation.  Plaintiffs' general request for discovery should not preclude Ms. Coxon's dismissal.

## CONCLUSION

Plaintiffs pled that FLSA is a non-profit corporation and that Ms. Coxon was President of its Board of Directors.  *See* Docket 100, pp. 3, 25.  There are no allegations that Ms. Coxon personally acted outside her responsibilities or intentionally, willfully, criminally, or recklessly. 42 U.S.C. § 14503.  The Affidavit of Ms. Coxon established that she worked as a volunteer and was paid no compensation, and plaintiffs have not disputed these facts.  *See* Affidavit of Coxon at Docket 163.  42 U.S.C. § 14505(6).  The issue is whether Ms. Coxon actually acted in a manner that precludes VPA immunity, and not whether she is within § 203(d)'s definition of an "employer" for FLSA liability.   There are no allegations or contentions that Ms. Coxon personally engaged in non-immune conduct and no dispute that she was a volunteer.  As a matter of law, the VPA immunizes Ms. Coxon and bars plaintiffs' claims against her.  Plaintiffs' claims against Ms. Coxon must be dismissed because, as a matter of law, they stated no claim against her for which relief may be granted.

DATED at Fairbanks, Alaska, this 4th day of March 2011.

ZIMMERMAN & WALLACE
Attorneys for Defendants


By:  /s/John Foster Wallace
     John Foster Wallace, ABA #9211115

<u>CERTIFICATE OF SERVICE</u>

This certifies that a copy of the foregoing will be
electronically served simultaneous with filing to the
following attorneys and/or parties of record:

    Kenneth L. Covell
    Law Offices of Kenneth L. Covell
    kcovell@gci.net

    Richard D. Monkman
    dick@sonoskyjuneau.com

/s/Lisa R. Miller                              03/04/2011
Lisa R. Miller for Zimmerman & Wallace