Rev. 596　　　　　　　FIELD OPERATIONS HANDBOOK - 10/20/93　　　　　　10b - 10b03

## 10b　THE EMPLOYMENT RELATIONSHIP

### 10b00　Employment relationship required for FLSA to apply.

In order for the FLSA to apply there must be an employee-employer relationship. This requires an "employer" and "employee" and the act or condition of employment: FLSA Secs 3(d), (e) and (g) define the terms "employer", "employee", and "employ".

### 10b01　FLSA employment relationship distinguished from the common law concept.

The courts have made it clear that the employment relationship under the FLSA is broader than the traditional common law concept of the master and servant relationship. The difference between the FLSA employment relationship and the common law employment relationship arises from the FLSA statement that "Employ includes to suffer or permit to work". The courts have indicated that, while "to permit" requires a more positive action than "to suffer", both terms imply much less positive action than required by the common law. Mere knowledge by an employer of work done for him or her by another is sufficient to create the employment relationship under the FLSA.

### 10b02　Method of compensation not material.

The fact that no compensation is paid and the worker is dependent entirely on tips does not negate his/her status as an employee, if other indications of employment are present. If the worker is paid, the fact that he or she is paid by the piece or by the job or on a percentage or commission basis rather than on the basis of work time does not preclude a determination that the worker is, on the facts, an employee with respect to the work for which such compensation is received.

### 10b03　Religious, charitable, and nonprofit organizations, schools institutions, volunteer workers, member of religious orders.

(a) There is no special provision in the FLSA which precludes an employee-employer relationship between a religious, charitable or nonprofit organization and persons who perform work for such an organization. For example, a church or religious order may operate an establishment to print books, magazines, or other publications and employ a regular staff who do this work as a means of livelihood. In such cases there is an employee-employer relationship for purposes of the Act.

(b) Persons such as nuns, monks, priests, lay brothers, ministers, deacons, and other members of religious orders who serve pursuant to their religious obligations in the schools, hospitals, and other institutions operated by their church or religious order shall not be considered to be "employees". However, the fact that such a person is a member of a religious order does not preclude an employee-employer relationship with a State or secular institution.

(c) In many cases the nature of religious, charitable and similar nonprofit organizations, and schools is such that individuals may volunteer their services in one capacity or another, usually on a part-time basis, not as employees or in contemplation of pay for the services rendered. For example, members of civic organizations may help out in a sheltered workshop; women's organizations may send members or students into hospitals or nursing homes to provide certain personal services for the sick or the elderly; mothers may assist in a school library or cafeteria as a public duty to maintain effective services for their children;

Exhibit A
Page 1 of 2

Rev. 596         FIELD OPERATIONS HANDBOOK - 10/20/93         10b03 -2

or fathers may drive a school bus to carry a football team or band on a trip. Similarly, individuals may volunteer to perform such tasks as driving vehicles or folding bandages for the Red Cross, working with children with disabilities or disadvantaged youth, helping in youth programs as camp counselors, scoutmasters, den mothers, providing child care assistance for needy working mothers, soliciting contributions or participating in benefit programs for such organizations and volunteering other services needed to carry out their charitable, educational, or religious programs. The fact that services are performed under such circumstances is not sufficient to create an employee-employer relationship.

(d) Although the volunteer services (as described in (c) above) are not considered to create an employment relationship, the organizations for which they are performed will generally also have employees performing compensated service whose employment is subject to the standards of the Act. Where such an employment relationship exists, the Act requires payment of not less than the statutory wages for all hours "worked" in the w/w. However, there are certain circumstances where such an employee may donate services as a volunteer, and the time so spent is not considered to be compensable "work". For example, an office employee of a hospital may volunteer to sit with a sick child or elderly person during off-duty hours as an act of charity. WH will not consider that an employee-employer relationship exists with respect to such volunteer time between the establishment and the volunteer or between the volunteer and the person for whose benefit the service is performed. Another example is where an office employee of a church may volunteer to perform non-clerical services in the church preschool during off duty time from his or her office work as an act of charity. Conversely, a preschool employee may volunteer to perform work in some other facet of the church's operations without an employment relationship being formed with respect to such volunteer time. However, this does not mean that a regular office employee of a charitable organization can volunteer services on an uncompensated basis to handle correspondence in connection with a special fund drive or to handle other work arising from exigencies of the operations conducted by the employer.

(e) As part of their overall educational program, public or private schools and institutions of higher learning may permit or require students to engage in activities in connection with dramatics, student publications, glee clubs, bands, choirs, debating teams, radio stations, intramural and interscholastic athletics and other similar endeavors. Activities of students in such programs, conducted primarily for the benefit of the participants as a part of the educational opportunities provided to the students by the school or institution, are not "work" of the kind contemplated by Sec 3(g) of the Act and do not result in an employee-employer relationship between the student and the school or institution. Also, the fact that a student may receive a minimal payment for participation is such activities would not necessarily create an employment relationship.

(f) The sole fact that a student helps in a school lunchroom or cafeteria for periods of 30 minutes to an hour per day in exchange for their lunch is not considered to be sufficient to make him or her an employee of the school, regardless of whether he or she performs such work regularly or only on occasion. Also, the fact that students on occasion do some cleaning up of a classroom, serve the school as junior patrol officers or perform minor clerical work in the school office or library for periods of an hour per day or less without contemplation of compensation or in exchange or a meal or for a cash amount reasonably equivalent to the price of a meal or, when a cash amount is given in addition to a meal, it is only a nominal sum, is not considered sufficient in itself to characterize the students as employees of the school. A similar policy will be followed where the students perform such tasks less frequently but for a full day, with an arrangement to perform their academic work for such days at other times. For example, the students may perform full-day cafeteria service four times per year. In such cases, the time devoted to cafeteria work in the aggregate would be less than if the student worked an hour per day. However, if there are other indicia of employment or the students

Exhibit A
Page 2 of 2