IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT PROBERT,<br>LORETTA E. PROBERT,<br>GENE GRISSOM,<br>SANDRA GRISSOM, and others<br>similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES OF<br>ALASKA, INC., and DOES I to X<br>(Managerial Employees Jointly<br>Liable),<br><br>        Defendants. | Case No. 4:07-cv-0030-RRB<br><br><br>**ORDER GRANTING MOTION<br>TO DISMISS AT DOCKET 162<br>AND DENYING MOTION TO<br>VACATE AT DOCKET 165** |

**I.  INTRODUCTION**

On June 15, 2009, this Court stayed this matter pending an interlocutory appeal to the Ninth Circuit.[1] The Ninth Circuit granted consideration of the interlocutory appeal, which is still pending.[2]

---

    [1]    Docket 129

    [2]    Docket 132.

On November 29, 2010, Defendant filed a Motion to Dismiss the claims against Defendant Deborah Coxon.[3] Coxon argued that the claims against her were precluded by the Volunteer Protection Act ("VPA").[4] On December 29, 2010, this Court granted Coxon's properly served **unopposed** motion, noting that this case had remained slightly active despite the stay.[5] However, Plaintiffs then objected to the Court issuing such a ruling during a stay.[6] The Court therefore allowed Plaintiffs to brief the merits of the Motion to Dismiss, even though such briefing would be untimely. Plaintiffs request that the Order at Docket 164 be vacated and that the Court find the Motion to Dismiss Coxon is frivolous.[7] Plaintiffs suggest that discovery is required, including the deposition of Ms. Coxon.[8]

---

[3]   Docket 162.

[4]   *Id.*

[5]   Docket 164.

[6]   Defendant argue that this matter was stayed only to postpone, and possibly avoid, the time-consuming task of calculating the amount of damages owed to various Plaintiffs - it was not stayed to preclude the addition or subtraction of parties. Docket 180 at 4.  By way of example, Defendant note that several Plaintiffs have joined this lawsuit during the stay.

[7]   Docket 179 at 10.

[8]   *Id.* at 11.

## II.  STANDARD OF REVIEW

A motion under Rule 12(b)(6) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." In deciding this motion, not only must the Court accept all material allegations in the Complaint as true, but the Complaint must be construed, and all doubts resolved, in the light most favorable to the Plaintiffs.

The United States Supreme court has recently and specifically addressed the pleading requirements in a civil action:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*,. . .  the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." . . . .
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether

>a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .[9]

The Court has reviewed Plaintiffs' Complaint and Defendant's Motion to Dismiss in keeping with the above principles. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[10] Because the Court finds that the Complaint contains <u>insufficient</u> factual allegations against Ms. Coxon to overcome application of the VPA and "state a claim to relief that is plausible on its face," the Motion to Dismiss at **Docket 162** is **GRANTED.**

### III. DISCUSSION

The VPA provides in relevant part that "no volunteer of a nonprofit organization . . . shall be liable for harm caused by an act or omission of the volunteer on behalf of the organization or entity . . ." provided the volunteer was acting within the scope of his or her responsibilities within the organization. The Act

---

[9] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50(2009)(internal citations omitted); See also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[10] *Iqbal*, 129 S. Ct. at 1950.

contains several exceptions.[11] However, the only exception that Plaintiffs argue may be relevant in this case is the possibility that Ms. Coxon engaged in "willful or criminal misconduct" pursuant to § 14503(a)(3).[12] Plaintiffs suggest that discovery, including the deposition of Ms. Coxon, would be necessary to make this determination. They contend that "willful and intentional acts are pled in the Complaint and criminal acts are inferred as an operation of law. . ."[13] Plaintiffs suggest that Coxon "willfully and intentionally failed to keep [employment] records," in violation of AS 23.05.080, and could be subject to criminal charges.

Defendant argues that Plaintiffs have not pled any claims based on Ms. Coxon's personal conduct and have not explained what facts they hope to elicit in discovery or how such facts would preclude dismissal.

---

[11] *See Armendarez v. Glendale Youth Center, Inc.*, 265 F. Supp. 2d 1136 (D. Ariz. 2003), for a detailed analysis of the interaction of the FLSA and the VPA.

[12] Docket 179. Plaintiffs argue alternatively that the FLSA includes conduct that is not exempted under the VPA, and in the next sentence that the VPA applies only to state law. These two arguments are mutually exclusive, and neither is adequately developed.

[13] Docket 179 at 7.

The evidence before the Court indicates the following undisputed facts: (1) FLSA is a non-profit corporation; (2) Ms. Coxon was President of its Board of Directors; and (3) Ms. Coxon was paid no compensation. The only question is whether Ms. Coxon is entitled to immunity under the VPA.[14]  While Plaintiffs attempt to create factual issues to avoid dismissal, the fact remains that the Complaint at Docket 100 alleges no actions on the part of Ms. Coxon that would preclude protection from liability as a volunteer under 42 U.S.C. § 14503.  Nor have Plaintiffs even attempted to describe what information could be gleaned from a deposition of Ms. Coxon that would show "willful or criminal misconduct." Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.[15]

The Complaint at Docket 100 alleges willful and intentional conduct only on the part of FLSA, not on the part of the individually named Defendants.[16]  (The Court notes that the Third Amended Complaint at Docket 87 refers to "FCSA et. al.," but the "et. al" was removed from every Count in the Corrected Amended Complaint at Docket 100).

---

[14]   42 U.S.C. § 14503.

[15]   *Iqbal*, 129 S. Ct. at 1950.

[16]   Docket 100 at 26.

The Court agrees with Defendant that Plaintiffs' claims against Ms. Coxon must be dismissed because, as a matter of law, they do not state a claim against her individually for which relief may be granted.

## IV. CONCLUSION

Based on the foregoing, the Motion to Vacate at **Docket 165** is **DENIED** and the Motion to Dismiss at **Docket 162** is **GRANTED**. No further action will be taken in this case until the Ninth Circuit issues its opinion regarding the interlocutory appeal.

**IT IS SO ORDERED.**

ENTERED this 11th day of March, 2011.

                                S/RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE