John Foster Wallace
ZIMMERMAN & WALLACE
711 Gaffney Road, Suite 202
Fairbanks, AK  99701
(907) 452-2211
(907) 456-1137 facsimile
foster@mzwlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT; LORETTA E. PROBERT, GENE GRISSOM; SANDRA GRISSOM; JOHN GRIMES; DONNA GRIMES; KENNETH MCDANIELS; LEONA MCDANIELS; ERIC CLONINGER; and DEBRA CLONINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES OF ALASKA, INC.; JOHN W. REGITANO; KATHY CANNONE; SUSZAN DALE; LONNIE HOVDE; DEBORAH L. COXON, and additional DOES I TO X, Managerial Employers, Jointly Liable,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 4:07-CV-00030 RRB |

**CONSOLIDATED REPLY TO OPPOSITION TO MOTION TO DISMISS AND OPPOSITION TO MOTION TO STRIKE OR STAY MOTION TO DISMISS**

Family Centered Services of Alaska, Inc. ("FCSA") files this consolidated reply to plaintiffs' opposition to FCSA's motion to dismiss and opposition to plaintiffs' motion to strike or stay its motion to dismiss.

Plaintiffs oppose FCSA's motion to dismiss asserting that because they plan to file a Petition for Writ of Certiorari by November 18, 2011, this Court has no jurisdiction. However,

in issuing its Opinion of June 23, 2011, the Ninth Circuit remanded this case to this Court "for further proceedings consistent with this opinion." On August 19, 2011, the Ninth Circuit denied plaintiffs' petitions for rehearing and for rehearing en banc: "The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc." On August 29, 2011, the Ninth Circuit issued its formal mandate that: "The judgment of this Court, entered June 23, 2011, takes effect this date." Plaintiffs did not move the Ninth Circuit to stay the mandate pending their filing of a petition for writ of certiorari, which would have required them to "show that the certiorari petition would present a substantial question and that there is good cause for a stay." Federal Appellate Rule 41(d)(2)(A). Consequently, this Court has jurisdiction to decide motions consistent with the Ninth Circuit's opinion.

Plaintiffs move this Court to stay the motion to dismiss, presumably under Federal Appellate Rule 8(a). In deciding whether to stay proceedings pending appeal, the relevant factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." [Citing Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); Lopez v. Heckler, 713 F.2d 1432, 1435-36 (9th Cir. 1983); and L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200-01 (9th Cir. 1980)]. Golden Gate Restaurant v. San Francisco, 512 F.3d 1112, 1115-1116 (9th Cir. 2008). "...[T]he standard for granting a stay is a continuum. At one end of the continuum, if there is a 'probability' or 'strong likelihood' of success on the merits, a relatively low standard of hardship is sufficient." [Citing Lopez, supra, p. 1435; and Natural Res. Def. Council v. Winter,

502 F.3d 859, 862 (9th Cir.2007). Id., p. 1119. "At the other end, if 'the balance of hardships tips sharply in . . . favor' of the party seeking the stay, a relatively low standard of likelihood of success on the merits is sufficient." [Citing Lopez, p. 1435]. Id., p. 1119.

Plaintiffs have not addressed either of these factors in their motion for stay. It is unlikely that the United States Supreme Court will grant review on any writ of certiorari filed by plaintiffs. The Supreme Court's review on a writ of certiorari "is not a matter of right, but of judicial discretion", and "will be granted only for compelling reasons", such as:

> (a) a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter; has decided an important federal question in a way that conflicts with a decision by a state court of last resort; or has so far departed from the accepted and usual course of judicial proceedings, or sanctioned such a departure by a lower court, as to call for an exercise of this Court's supervisory power;
> (b) a state court of last resort has decided an important federal question in a way that conflicts with the decision of another state court of last resort or of a United States court of appeals;
> (c) a state court or a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court, or has decided an important federal question in a way that conflicts with relevant decisions of this Court.
>
> A petition for a writ of certiorari is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law.
>
> Supreme Court Rule 10.

The Ninth Circuit's opinion was well reasoned and does not conflict with any decision of any court of appeals, state supreme court, or the United States Supreme Court, is consistent with the decisions of all other district courts considering the issue, as well as of the State of Alaska Superior Court, and lacks the type of "character of reasons" that prompts United States Supreme Court review.

The plaintiffs will suffer no hardship if this Court considers FCSA's motion to dismiss. FCSA requests rulings on plaintiffs' other wage claims, apart from their 29 U.S.C. § 203(r) enterprise claim that was the subject of the Ninth Circuit's opinion. Whether plaintiffs have valid claims for individual coverage under the FLSA (which was not pled), the Alaska Wage and Hour Act (despite the houseparent exemption at AS 23.30.055(a)(12)), any state record-keeping act (despite the absence of any valid state wage claim), and any contractual claims (despite plaintiffs' failure to allege nonpayment under their employment contracts and admissions to the contrary) are issues of law that should be ruled on, regardless of the status of plaintiffs' writ of certiorari. Determining the validity of these other wage claims will simplify the issues and facilitate the conclusion of this litigation, even in the unlikely event that the United States Supreme Court accepts their writ of certiorari and, then, reverses the Ninth Circuit's opinion on their 29 U.S.C. § 203(r) claim. Unlike the calculation of damages, which would have required voluminous records review and painstaking effort to determine the amounts owed to the ten different plaintiffs and which this Court stayed pending FCSA's appeal, rulings on the validity of plaintiffs' other wage claims will not become moot in the unlikely event that the Supreme Court grants certiorari and rules in their favor on their § 203(r) claim, and thus is not wasteful of this Court's and the parties' resources. If plaintiffs agree that their other wage claims are non-viable and does not intend to pursue them (as they suggest in asserting that they may voluntarily dismiss or withdraw these claims, at Dockets 199-200), then there is no reason that these other claims should not be dismissed immediately, without further expenditures of time or effort by FCSA or this Court.

FCSA thus requests that this Court dismiss plaintiffs' wage claims premised on individual coverage under the FLSA, the Alaska Wage and Hour Act and state record-keeping

statutes, and their employment contracts. FCSA does not object to delaying entry of final judgment on plaintiffs' § 203(r) claim until November 18, 2011 or after the United States Supreme Court disposes of any writ of certiorari that may be filed by the plaintiffs. However, if review is denied or disposed of against plaintiffs, this case should be subject to immediate dismissal and entry of final judgment on all claims asserted by plaintiffs against FCSA.

DATED at Fairbanks, Alaska, this 21st day of September, 2011.

ZIMMERMAN & WALLACE
Attorneys for Defendants


By: /s/John Foster Wallace
John Foster Wallace, ABA #9211115

CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing will be electronically served simultaneous with filing to the following attorneys and/or parties of record:

Kenneth L. Covell
Law Offices of Kenneth L. Covell
kcovell@gci.net

Richard D. Monkman
dick@sonoskyjuneau.com

/s/Lorraine M. Peterson                    9/21/2011