John Foster Wallace
ZIMMERMAN & WALLACE
711 Gaffney Road, Suite 202
Fairbanks, AK  99701
(907) 452-2211
(907) 456-1137 facsimile
foster@mzwlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT; LORETTA E. PROBERT, GENE GRISSOM; SANDRA GRISSOM; JOHN GRIMES; DONNA GRIMES; KENNETH MCDANIELS; LEONA MCDANIELS; ERIC CLONINGER; and DEBRA CLONINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES OF ALASKA, INC.; JOHN W. REGITANO; KATHY CANNONE; SUSZAN DALE; LONNIE HOVDE; DEBORAH L. COXON, and additional DOES I TO X, Managerial Employers, Jointly Liable,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 4:07-CV-00030 RRB |

**REPLY TO OPPOSITION (AT DOCKET 200)
TO MOTION TO DISMISS (AT DOCKET 196)**

Family Centered Services of Alaska, Inc. ("FCSA") replies to plaintiffs' opposition at docket 200 to FCSA's motion to dismiss at docket 196.

Plaintiffs oppose FCSA's motion to dismiss because they believe this Court is without jurisdiction to decide the motion. *See* Docket 200. However, in issuing its Opinion of June 23, 2011, the Ninth Circuit remanded this case to this Court "for further proceedings consistent with

this opinion." Docket 192. On August 19, 2011, the Ninth Circuit denied plaintiffs' petitions for rehearing and for rehearing en banc: "The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc." Docket 195. On August 29, 2011, the Ninth Circuit issued its formal mandate that: "The judgment of this Court, entered June 23, 2011, takes effect this date." Docket 197. Plaintiffs did not move the Ninth Circuit to stay the mandate pending their filing of a petition for writ of certiorari, which would have required them to "show that the certiorari petition would present a substantial question and that there is good cause for a stay." Federal Appellate Rule 41(d)(2)(A). Consequently, this Court has jurisdiction to decide motions consistent with the Ninth Circuit's opinion, including FCSA's motion to dismiss.

Plaintiffs have given this Court no reason to stay its ruling on FCSA's motion to dismiss. *See* FCSA's Opposition filed herewith to Plaintiffs' Motion to Strike or Stay (at Docket 199) Motion to Dismiss (at Docket 196). It is unlikely that the United States Supreme Court will grant review on any writ of certiorari filed by plaintiffs. *See* Supreme Court Rule 10. The Ninth Circuit's opinion was well reasoned and does not conflict with any decision of any court of appeals, state supreme court, or the United States Supreme Court, is consistent with the decisions of all other district courts considering the issue, as well as of the State of Alaska Superior Court, and lacks the type of "character of reasons" that prompts United States Supreme Court review under Supreme Court Rule 10. Judicial economy will not be thwarted if this Court considers FCSA's motion to dismiss. FCSA moved for rulings on plaintiffs' other wage claims, apart from their 29 U.S.C. § 203(r) enterprise claim that was the subject of the Ninth Circuit's opinion. Whether plaintiffs have valid claims for individual coverage under the FLSA (which was not pled), the Alaska Wage and Hour Act (despite the houseparent exemption at AS

23.30.055(a)(12)), any state record-keeping act (despite the absence of any valid state wage claim), and any contractual claims (despite plaintiffs' failure to allege nonpayment under their employment contracts and admissions to the contrary) are issues of law that should be ruled on, regardless of the status of plaintiffs' writ of certiorari. Determining the validity of these other wage claims will simplify the issues and facilitate the conclusion of this litigation, even in the unlikely event that the United States Supreme Court accepts their writ of certiorari and, then, reverses the Ninth Circuit's opinion on their 29 U.S.C. § 203(r) claim. Unlike the calculation of damages, which would have required voluminous records review and painstaking effort to determine the amounts owed to the ten different plaintiffs and which this Court stayed pending FCSA's appeal, rulings on the validity of plaintiffs' other wage claims will not become moot in the unlikely event that the Supreme Court grants certiorari and rules in their favor on their § 203(r) claim, and thus is not wasteful of this Court's and the parties' resources. If plaintiffs agree that their other wage claims are not viable and does not intend to pursue them (as they suggest in asserting that they may voluntarily dismiss or withdraw these claims, at Dockets 199-200), then there is no reason that these other claims should not be dismissed immediately, without further expenditures of time or effort by FCSA or this Court.

Consequently, for the reasons set forth above, in FCSA's Motion to Dismiss at Docket 196, and in FCSA's Opposition filed herewith to Plaintiffs' Motion to Strike or Stay at Docket 199, FCSA requests that this Court dismiss plaintiffs' wage claims premised on individual coverage under the FLSA, the Alaska Wage and Hour Act and state record-keeping statutes, and their employment contracts. FCSA does not object to delaying entry of final judgment on plaintiffs' § 203(r) claim until November 18, 2011 or after the United States Supreme Court disposes of any writ of certiorari that may be filed by the plaintiffs. However, if review is denied

or disposed of against plaintiffs, this case should be subject to immediate dismissal and entry of final judgment on all claims asserted by plaintiffs against FCSA.

DATED at Fairbanks, Alaska, this 22nd day of September, 2011.

ZIMMERMAN & WALLACE
Attorneys for Defendants

By: /s/John Foster Wallace
John Foster Wallace, ABA #9211115

CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing will be electronically served simultaneous with filing to the following attorneys and/or parties of record:

Kenneth L. Covell
Law Offices of Kenneth L. Covell
kcovell@gci.net

Richard D. Monkman
dick@sonoskyjuneau.com

/s/Lorraine M. Peterson            9/22/2011