Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK  99701
Phone: (907) 452-4377
Fax:     (907) 451-7802
E-mail:  kcovell@gci.net

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT; LORETTA E. PROBERT; GENE GRISSOM; SANDRA GRISSOM; JOHN GRIMES; DONNA GRIMES; KENNETH MCDANIELS; LEONA MCDANIELS; ERIC CLONINGER and DEBRA CLONINGER,<br><br>                    Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES of ALASKA, INC.; JOHN W. REGITANO; KATHY CANNONE; SUSZAN DALE; LONNIE HOVDE; DEBORAH L. COXON, and ADDITIONAL DOES I to X, Managerial Employers, Jointly Liable,<br><br>                    Defendants. | Case No. 4:07-CV-00030 RRB |

## OPPOSITION TO MOTION TO DISMISS AT DOCKET 196

FCSA moves to dismiss the case.

Pending at United States Supreme Court is Plaintiff Probert's Petition for

*Probert, et. al. v. FCSA, et. al.*                                                                                                     Page 1 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

Writ of Certiorari from the Ninth Circuit Decision (copy attached).

This Court at Docket 204 issued a Minute Order requiring Plaintiffs to file a Response to Motion to Dismiss at Docket 196.

Now that the Petition for Writ of Certiorari has been filed, the Court may wish to consider whether the Petition shows that it presents a "substantial question" and there is good cause for a Stay. Having agreed with Plaintiff's position and issued its Order at Docket 63, it would seem that this Court would agree that the Petition presents a "substantial question" and that there is good cause for a Stay. Should the Court insist on a Reply to Defendant's Motion to Dismiss, it should be considered as any other Rule 56 Motion.

## PRE-INTRODUCTION

There are material issues of fact as to contract claim, that is, what is the contract. Defendants have failed to proffer admissible evidence in that other exhibits are not sponsored by Declarations or otherwise. FRCP 56(c). Nor do the exhibits submitted indicate there are integrated contracts nor do Defendants purport to assert that that is the whole of the contract. The Defendants failed to mention the hourly rates for the employees and the other terms of the contracts such as relief workers, weekends off, etc.

Even if the purported contracts were as the Defendants say they are, which

*Probert, et. al. v. FCSA, et. al.*  
*Opposition to Motion to Dismiss at Docket 196*  
*Case No. 4:07-cv-00030-RRB*  
*Page 2 of 18*

they are not, they still may not be enforceable. These contracts are unconscionable, especially in the instance of the part-time house parents who ended up working for as little as $3.00/hour.

## INTRODUCTION

Defendants move to dismiss with discussion in three main categories, the FLSA, the Alaska Wage and Hour Act and Contract Claims.

## FLSA

The Defendants say that it is necessary for Plaintiffs to have pled coverage of the FLSA under two (or more) theories of FLSA coverage. 29 U.S.C. §203(r) and/or §203(s). The Plaintiffs disagree. The Plaintiffs merely have to plead claim under the Act and if the Defendant wishes the case dismissed they have to file the appropriate pleadings to say that there is no coverage under the Act. At a minimum, coverage can be either individual or enterprise coverage. The current appellate litigation according to the Plaintiffs concerns enterprise coverage. The FLSA claim cannot be dismissed unless all potential avenues of coverage are extinguished.

In the alternative, should it be necessary for the Plaintiffs to specifically plead a section of the FLSA which coverage exists under, then the Plaintiffs should be given the opportunity to amend their Complaint to do so; especially in light of

*Probert, et. al. v. FCSA, et. al.*  Page 3 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

arcane procedural nature of this case.  Again, the Plaintiffs think that the most sensible thing to do with this case is Stay it and wait until we see what the Supreme Court does.

But it would still be necessary to determine whether the Court's Decision(s) covered both individual and enterprise coverage of the FLSA.

Again, making these decisions and doing this work all may be moot depending on the resolution of the Petition of Writ of Certiorari, if FCSA is subject to the Act, one way or the other.

## AWHA

Plaintiffs have never asserted an Alaska Wage and Hour Act claim for overtime or wages.  Plaintiffs are aware of the exemption under AS 23.10.055(a)(12).

Plaintiffs claim under state law Title 23 concerns the 90 day penalty.  If wages are due and not paid, there is a penalty of 90 days pay.  AS 23.05.140(d).

Merely because house parents are exempted from overtime penalty and minimum wage claims does not mean that an employer is exempted from paying them their wages due at the time they are due.

Obviously AS 23.05.140(a) would apply to an employer where the employer would have to pay an employee monthly or semi monthly regardless whether or

*Probert, et. al. v. FCSA, et. al.*  Page 4 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

not they were exempt from overtime and minimum wage. Obviously an employer who terminated an employee would still have to pay the employee within three working days pursuant to AS 23.05.140(b). And also obviously an employer who withholds wages from an employee in violation of the above statutes would be subject to the statutory penalty of AS 23.05.140(d), whether or not they were subject to overtime premium and minimum wage payment.

Statues protecting employees in the workplace are remedial and shall be construed to the furthest reaches of the law. *Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 211 (1959), *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 296 (1985).

A case that addresses a similar situation is *Sewell v. M/V Point Barrow*, 556 F.Supp. 168 (Alaska 1983). Here the Court found that even though the seamen were making wage claims under federal maritime laws, the court found that the penalties of AS 23.05.140(d) still applied.

## CONTRACTS

Lastly, Defendants say there is no contract claim here. Defendants are defectively making a Summary Judgment Motion but are failing to support their Motion with admissible evidence. FRCP 56(c). As such, a Summary Judgment Motion should be denied. Defendants fail to establish what the contract is between

*Probert, et. al. v. FCSA, et. al.*    Page 5 of 18
Opposition to Motion to Dismiss at Docket 196
Case No. 4:07-cv-00030-RRB

the parties, whether the contract is integrated, whether there are any oral terms and whether their remains any material fact for trial.

Plaintiffs specifically object that the purported facts of what the contracts are and say is not supported by admissible evidence. Defendants proffer one letter to each Plaintiff but do not sponsor them by Declaration or otherwise. As such these documents would be inadmissible into evidence. FRCP 56(2). Therefore Summary Judgment on the contract claims cannot be granted to Defendants.

Further referencing the nature of the contract between the parties, FCSA says the Ninth Circuit found that the contracts said certain things. Docket 196 p. 5 citing to the Ninth Circuit Opinion Docket 192 FN1.

Footnote 1 in part says what FCSA says but you have to read the whole thing. After reading the whole thing, you know that FN1 says no such thing. Footnote 1 says "The parties...debate whether house parents were salaried employees, but that question is not before us on this appeal..." FCSA Motion at 2, that discussion of FN1 is misleading and wrong. Those facts are in dispute and not established in the Probert trial court or the Probert appeal.

Clearly the Ninth's Circuit's ruling alone is sufficient to show that there are material issues of fact to be litigated in regard to what the nature and quality of the contract between the parties were. And Defendant FCSA in its Motion for

*Probert, et. al. v. FCSA, et. al.*  Page 6 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

Summary Judgment at 196 fails to proffer admissible evidence in that regard.

Submitted herewith are our Declarations of the Proberts stating that:

a) They are owed wages under the contract and;

b) Even if the contract is interpreted as stated by Defendants in their letters of offers of employment; which the Proberts do not accede to, they are still owed wages under the contract.  At a minimum, there is a triable issue of fact on the question of what is the contract and what wages are owed.

For all the foregoing the Motion should be denied.

## DISCUSSION

Defendants assert that Plaintiffs have not plead individual coverage under the FLSA at Docket 204, under 29 U.S.C. §203(r) and (s).  The Plaintiffs maintain that they only need to plead coverage and do not have to say what specific section of the statute might apply.  If the Defendant wishes to have the FLSA claim dismissed, it has to demonstrate that there is no coverage anyway under the FLSA.

In the alternative, if it is necessary for the Plaintiffs to plead specific portions of the Act, then the Court should notify the Plaintiffs of such and give the Plaintiffs 60 days to file an amended Complaint to do such.

*Probert, et. al. v. FCSA, et. al.*  Page 7 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

Again it would seem sensible to the Plaintiffs just to Stay all of this until we hear from the Supreme Court.

FCSA's agreement that no final judgment should enter in this case until after resolution in the Appellant process there seems nothing to be gained by considering this motion.  Should the Proberts be successful, there would be no need to litigate the other theories of liability.  Should the Proberts be unsuccessful there is a reasonable likelihood that the claims will be withdrawn.  Should the Proberts be successful and the court insist on the litigation of the alternate theories of liability both the Proberts AND the corporate Defendant will be forced to do the same work twice.  Such a result would seem to be a waste of resources.

Alternatively, the Proberts can and will file a Motion to Amend Complaint to assert a claim under 29 U.S.C. §203(s) individual liability under the FLSA.

Pursuant to Rule 56(d), there are not facts available to the non-movant concerning this Motion.  The Court should deny the Motion.  If the Court does not deny the Motion, the Court should defer consideration or allow time for Discovery, all pursuant to Rule 56(d).  Reasons for delay are stated in Declaration of Kenneth L. Covell and otherwise in this pleading.  But the basic reason is if there is purportedly a contract claim here, the Discovery needs to be conducted on what the contract is , whether it is integrated or not, what the oral terms of the contract may be, how it might have been modified by the parties, all which involves extensive

*Probert, et. al. v. FCSA, et. al.*  Page 8 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

Discovery. Again, the Plaintiffs may choose to engage in such Discovery but it would seem most sensible to not have to litigate the wage claims twice. If the FLSA wage claim is good, there should be no need to do it under the contract claim. See Declaration of Kenneth L. Covell in general and specifically paragraphs 8-13.

Further there is a question in this case as to whether the contracts are unconscionable.

*Inman v. Clyde Hall Drilling Company*, 369 P.2d 498, 500 (Alaska 1962) says:

> … a court will not permit itself to be used as an instrument of inequity and injustice. . . . In determining whether certain contractual provisions should be enforced, the court must look realistically at the relative bargaining positions of the parties in the framework of contemporary business practices and commercial life. If we find those positions are such that one party has unscrupulously taken advantage of the economic necessities of the other, then in the interest of justice as a matter of public policy we would refuse to enforce the transaction…. the court should refuse to recognize and uphold that which the parties have agreed upon is a question of fact upon which evidence is required. (footnotes omitted).

The Proberts need more time to oppose Defendant's Motion to Dismiss (due to lack of sufficient time to oppose the Motion and due to the need to get Declarations and conduct Discovery, and due to Counsel's schedule. (See declaration of Kenneth L. Covell filed herewith and that fact that it is holiday

*Probert, et. al. v. FCSA, et. al.*  Page 9 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

time).  Per FRCP 56(d).

The issues presented for resolution of the case through, especially contract law, will be fact intensive and will require significant discovery.  Furthermore, those issues will present disputed issues of fact which may require trial, but certainly cannot be resolved at this time because there is no evidence entered in the record in regard to the contracts between the parties.

Plaintiff Proberts in their Opposition to the Motion to Dismiss at Docket 196 express the opinion that this Court was without jurisdiction.  Further, if this Court was with jurisdiction, then the Plaintiffs requested adequate opportunity to further respond to the Motion at Docket 200, p. 2.

Not having heard anything on that Motion for some months, Counsel was of the impression that the Court was waiting to see if the Petition would get filed and if it were filed, then expected the Court would grant the Stay.

To Counsel's surprise on November 9, 2011, Minute Order at Docket 204 was issued, ordering a response on or before November 23, 2011.

Counsel unfortunately, at that time, was preparing for a murder trial, *State of Alaska v. Michael C. Bostic*, 4FA-11-01001 CR, to begin on December 14, 2011, three days following the issuance of the Court's Order at Docket 204 and further, Counsel was preparing his Petition for Writ of Certiorari with the United States

*Probert, et. al. v. FCSA, et. al.*
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

Page 10 of 18

Supreme Court in this case which was due on or about November 16, 2011. This left little time for contemplation of the Court's Order.

The *Bostic* murder case was unexpectedly continued due to that courts scheduling but only until December 5, 2011. Counsel then completed the Petition for Writ of Certiorari and got it filed on November 16, 2011. November 17th and 18th were dedicated to attempting to reorient things in the office including attempting to contemplate necessary action on this matter, I didn't work November 19th, and it is now November 20th and I am in the office on a Sunday attempting to reply to the Motion. The Court has Ordered this Opposition by November 23rd. I am due that day to travel to Seattle to see Willie Wilson to review his presentence report, another matter before this court. That only leaves the 21st and the 22nd to reply to the Motion. And potentially to file a Motion to amend the Complaint to include to clarify that the initial Complaint included coverage under 29 U.S.C. §203(s), individual coverage. Additionally, the Reply would require a Motion to explain why the pending Ninth Circuit case may or may not control that issue, a response to discuss the applicability of some or all portions of the FLSA including recordkeeping in this case (see Declaration of Kenneth L. Covell), response to include whether or not the 90 day penalty AWHA is excluded under the house parent exemption from portions of the AWHA and to fully develop a factual basis concerning the contract claim in this case. Development of the contract claim

*Probert, et. al. v. FCSA, et. al.*  Page 11 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

factually and legally would be unnecessary absent resolution of the FLSA claim issues in Plaintiffs favor.

There has been a distinct lack of opportunity to contemplate the research and brief the legal issues concerning the contract claim here is involved.  It would include attempting to ascertain the facts concerning the contract for approximately 12 different Plaintiffs including contacting them and attempting to get Declarations there from. It simply cannot be accomplished in one Sunday and two business days intervening.  Particularly when there are other matters of similar weight and import to this motion and some perhaps of potential greater weight and urgency.

The Court should deny the Motion pursuant to FRCP 56(d)(1).

If anything, this matter should be continued until well after the holidays for a substantive opposition motion.  At a minimum, it would be necessary to interview 12 clients and obtain Declarations from them.  In order to interview them, a review of the extensive record in the case will have to be taken in order to find the appropriate documents we may have.  Further, paper discovery may be needed to obtain paper documents we don't have which no doubt will take months. Additionally Depositions of FCSA's employees likely will be necessary which again may take a substantial period of time.

Again FCSA's Motion concerns factual allegations as to what the contract

*Probert, et. al. v. FCSA, et. al.*  Page 12 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

between FCSA and the 10 or 12 individuals are.  Their motion contains no Declaration in this regard.  Proberts further note that the Motion to Dismiss was filed August 26, 2011 at Docket 196.  The mandate reversing and remanding the case did not issue until August 29 or 31, Docket 197/198.  Therefore at the time the motion was filed, this court was without jurisdiction.  The Court ought to at a minimum make the Defendants re-file their motion and start time over which would one way to give Plaintiff adequate time to respond to the motion.

## MATERIAL ISSUE OF FACT

Beyond discovering what the contract between the various parties and FCSA might be, and even examining FCSA's exhibits 1-12 to Docket 196 it is readily apparent that there is a material issue of trial fact as to whether or not, at a minimum the "part time" houseparents would be entitled to compensation for hours worked at their hourly rate. For instance, Docket 196 -2 addressed to Loretta Probert says you will not be paid for any hours worked over 8 hours a day or 40 hours in a workweek.

Loretta Probert generally worked 98 hours a week. See Loretta Probert timesheet Docket 36 – 14 showing 196 hours for a two week period, thus 98 hours in a one week period.  Even under Defendant's sole interpretation of the contract, it would appear that she would certainly be compensable for hours between 18 or 20 a week and 40 a week.  See also, Declaration of Loretta Probert, Docket 36 – 14, p.

*Probert, et. al. v. FCSA, et. al.*   Page 13 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

6 para. 9, "I often worked more than 40 hours per week at FCSA". While not conceding FCSA's characterization of the contract between the parties is accurate, even under their interpretation FCSA owes Loretta Probert money for hours worked and not paid.  Contract claims should not be dismissed.

Remember that the FLSA and the AWHA get employees the premium time for overtime. That is time and one half for hours over 40.  However, any hour contracted employment would still be enforceable for hours worked at the hourly rate even without the protection of overtime laws.  This would be particularly true as to hours 8 through 40 hours per week.

In addition, for hours in excess of 40 hours, Loretta Probert would be entitled to compensation for straight time hourly wages in excess of the 40 hours worked.  Defendants may argue that there is a contract to the contrary based upon the letter of offer of employment.  What the actual contract was with the employees is a factual issue.  Again, Plaintiffs proffer of what the contract is unsupported by admissible evidence.  In any event, at a minimum Loretta Probert would be entitled to be paid for her hours between eight hours and forty hours per week at her regular rate of approximately $22.00 per hour times the number of weeks worked.  See Declaration of Loretta Probert.

Additionally, the enforcement of the employment contract in this instance may be unenforceable as an unconscionable contract, especially where in this case

*Probert, et. al. v. FCSA, et. al.*   Page 14 of 18
Opposition to Motion to Dismiss at Docket 196
Case No. 4:07-cv-00030-RRB

Loretta Probert ended up working for an effective wage of $3.13 an hour. While minimum wage may not be enforceable in itself, it would seem to raise a per se presumption that indeed such a contract would be unconscionable and therefore unenforceable. *Totem Marine Tug & Barge*, *Inc. v. Alyeska Pipeline Service Co.*, 585 P.2d 15, 23 (Alaska 1978).

> An established principle is that a court will not permit itself to be used as an instrument of inequity and injustice. . . . In determining whether certain contractual provisions should be enforced, the court must look realistically at the relative bargaining positions of the parties in the framework of contemporary business practices and commercial life. If we find those positions are such that one party has unscrupulously taken advantage of the economic necessities of the other, then in the interest of justice as a matter of public policy we would refuse to enforce the transaction. Whether the court should refuse to recognize …[the contract]… is a question of fact upon which <u>evidence is required</u>.

Therefore there are other issues of material fact in this case as to whether or not the contracts, even if enforceable and even if only could possibly be interpreted the way Defendants claim, again which Plaintiffs strongly dispute, whether or not that the contract is unconscionable and facts would be required thereon for questions of material fact to be litigated.

There is simply insufficient evidence in Defendant's Motion to Dismiss and insufficient opportunity for Plaintiffs to develop the issues in regard to the multitude of matters raised in Defendant's motion. Additionally there are material

*Probert, et. al. v. FCSA, et. al.*
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*
*Page 15 of 18*

issues of fact as to what the contract is and whether the contract is unconscionable.

The Court should:

1. Stay this case pending resolution in the Ninth Circuit.

2. Deny the Motion pursuant to Rule 56(d)(1).

3. If failing to do above, give Plaintiffs the opportunity to file a more complete Opposition after having opportunity to obtain Declarations in response to the Motion to Dismiss.

4. Give Plaintiffs 60 days to file an Amended Complaint in the matter, as needed.

5. Deny Defendant's Motion at least as to contract claims for the failure to establish what the contract is between the parties because they have offered no evidence in that regard except a letter of offer of employment to each Plaintiff which, even if interpreted solely in the favor of the Plaintiffs as the moving party as opposed to solely in favor of the Defendants as a non moving party, in a Summary Judgment that still allows for, at a minimum contract wage claims for those who worked as part-time houseparents. (Note that some houseparents switched from part time to full time so probably at least 6 or 8 houseparents would have claims of this nature).

6. Further after the opportunity to obtain Declarations, there should still

*Probert, et. al. v. FCSA, et. al.*  
*Opposition to Motion to Dismiss at Docket 196*  
*Case No. 4:07-cv-00030-RRB*                    Page 16 of 18

be adequate time to conduct Discovery as well.

## CONCLUSION

Should Probert be successful on the Petition for Writ of Certiorari, all Plaintiff's FLSA claims will be valid and this case will continue as a damages case.

FCSA does not object to delaying entry of judgment on the FLSA claims in this case until after the United States Supreme Court disposes of any Writ of Certiorari unless such Writ is disposed of by the Plaintiff.  No final judgment should enter.

Logic and common sense dictate that the Court merely Stay this matter pending resolution of the Petition for Writ of Certiorari.

If the Court wishes to force the case to continue in the mold of a contract claim, then adequate opportunity should be given for doing so.

RESPECTFULLY SUBMITTED this 23rd day of November, 2011, at Fairbanks, Alaska.

> LAW OFFICE OF KENNETH L. COVELL
> Attorney for the Plaintiffs
> s/ Kenneth L. Covell
> 712 Eighth Avenue
> Fairbanks, Alaska 99701
> Phone: (907) 452-4377
> Fax: (907) 451-7802
> Email: kcovell@gci.net
> ABA No. 8611103

*Probert, et. al. v. FCSA, et. al.*  Page 17 of 18
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing
has been served electronically by ECF to the
following attorney(s) and/or parties of the record:

**John Foster Wallace**

**Richard D. Monkman**

Dated:  November 23, 2011

By: s/ Camille De Santiago
Law Office of Kenneth L. Covell

*Probert, et. al. v. FCSA, et. al.*                                                                                                   *Page 18 of 18*
*Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*