John Foster Wallace
ZIMMERMAN & WALLACE
711 Gaffney Road, Suite 202
Fairbanks, AK  99701
(907) 452-2211
(907) 456-1137 facsimile
foster@mzwlaw.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT; LORETTA E. PROBERT, GENE GRISSOM; SANDRA GRISSOM; JOHN GRIMES; DONNA GRIMES; KENNETH MCDANIELS; LEONA MCDANIELS; ERIC CLONINGER; and DEBRA CLONINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES OF ALASKA, INC.; JOHN W. REGITANO; KATHY CANNONE; SUSZAN DALE; LONNIE HOVDE; DEBORAH L. COXON, and additional DOES I TO X, Managerial Employers, Jointly Liable,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.:  4:07-CV-00030 RRB |

**REPLY TO OPPOSITION (AT DOCKET 196)**
**TO MOTION TO DISMISS (AT DOCKET 206)**

Defendant, Family Centered Services of Alaska, Inc. ("FCSA"), and the individual defendants, reply to plaintiffs' opposition (at Docket 196) to FCSA's motion to dismiss (at Docket 206).

A total of ten complaints have been filed in this case, all by the same attorney. The original plaintiffs, Robert and Loretta Probert, filed their initial complaint on October 12, 2007, stating Federal Labor Standards Act ("FLSA") claims on their own behalf, but then filed a First Amended Complaint on October 23, 2007, stating claims for "others similarly situated" (i.e., a collective action under 29 U.S.C. §216(b)). *See* Dockets 2 and 5. On March 7, 2008, Sandra and Gene Grissom, represented by the Proberts' counsel, filed two Complaints in Intervention. Dockets 21-22. Under this Court's Amended Scheduling and Planning Order, plaintiffs had until January 30, 2009 to seek leave to amend their complaint. *See* Dockets 60, p. 4 and 75. Two days before that deadline, on January 28, 2009, the Proberts moved to file a Third Amended Complaint (despite the absence of any Second Amended Complaint), which this Court granted on March 11, 2009. Dockets 65-67, 85. On March 13, 2009, the Proberts filed their Third Amended Complaint, the Grissoms filed two First Amended Complaints, and John and Donna Grimes filed two Complaints. Dockets 87-91. On March 17, 2009, this Court directed the Proberts to file a Corrected Amended Complaint on behalf of all plaintiffs. Docket 93. The Proberts filed their Corrected Amended Complaint on March 30, 2009. Docket 100.

Plaintiffs have the burden of pleading "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what … the claim is and the grounds upon which it rests." Federal Civil Rule 8(a)(2); <u>Bell v. Atlantic v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Although detailed factual allegations" are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions", "a formulaic recitation of the elements of a cause of action", and/or factual allegations that do not "raise a right to relief above the speculative level" or "merely create a suspicion [of] a legally cognizable right of action'….." <u>Id</u>. The complaint

*Robert Probert & Loretta E. Probert, et al v. FCSA, et al.*; Case No. 4:07-CV-00030 RRB
REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)
*Page 2 of 12*

Case 4:07-cv-00030-RRB   Document 208   Filed 12/12/11   Page 2 of 12

must contain "enough facts to state a claim to relief that is plausible on its face."[1]  Id., p. 570. "…[T]he pleading standard Rule 8 announces … demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'naked assertion[s]' devoid of 'further factual enhancement.'"  [Citing Twombly].  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…. The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully."  [Citing Twombly].  Id.  "…[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions", including "legal conclusion[s] couched as a factual allegation.'"  [Citing Twombly].  Id., pp. 1949-1950.  The doors to discovery are not unlocked "for a plaintiff armed with nothing more than conclusions."  Id.  "First, allegations in a complaint … must be 'sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it.  Second, the allegations must be sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  [Citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990)].  Khalili v. Comerica, 2011 WL 2445870 (N.D.Cal. 2011).

---

[1] Twombly thus abrogated the statement of Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief…." "Conley's 'no set of facts' language … is best forgotten as an incomplete, negative gloss on an accepted pleading standard…." Id, pp. 562-63. *See also* Lindgren v. Spears, 2010 WL 5437270, *3 (S.D.Tex. 2010).

*Robert Probert & Loretta E. Probert, et al v. FCSA, et al.; Case No. 4:07-CV-00030 RRB*
*REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)*
*Page 3 of 12*

### 1. No FLSA Claim Remains Pending Before this Court.

In FLSA cases, "[b]ecause the right to relief … is created by a federal statute, it is necessary to plead sufficient information to demonstrate that the claim falls within the jurisdictional requirements of the Act. For example, some indication that the plaintiffs 'were engaged in commerce or in the production of goods' when their action arose is necessary to recover under the wage and hour sections of the Fair Labor Standards Act." 5 Fed.Prac. & Proc. Civ. § 1239 (3ed.).

In Tipton v. Sprott, 175 F.2d 432, 434 (9th Cir. 1949), the court recognized that to state a FLSA claim for individual coverage (before the availability of enterprise coverage), the employee must plead that he was engaged in commerce or in the production of goods for commerce, but need not plead that his employer was so engaged. "…[T]he applicability of Sec. 7(a) of the Act … is determined, not by the nature of the employer's business, but by the character of the employee's activities." Id., p. 435. "Under the provisions of the statute, at least one point emerges as being basic to the plaintiff's right of recovery. That point is that the cause of action accrues only to employees in commerce, or who are producing goods for commerce, and such an allegation as pertaining to the plaintiff is essential to the statement of his claim under this statute." Daves v. Hawaiian Dredging, 114 F.Supp. 643, 646 (D.C.Haw. 1953).

Since 1961, the FLSA applies "both on an individual basis to any employee 'who in any workweek is engaged in commerce or in the production of goods for commerce', and on an enterprise-wide basis to all employees 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" [Citing 29 U.S.C. §§ 206(a)(1) and 207(a)(1)]. *See* Ninth Circuit Opinion at Docket 64-1, p. 4. In 1966, 29 U.S.C. §203(r)(1) bought certain non-profit

*Robert Probert & Loretta E. Probert, et al v. FCSA, et al.*; *Case No. 4:07-CV-00030 RRB*
*REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)*
*Page 4 of 12*

Case 4:07-cv-00030-RRB   Document 208   Filed 12/12/11   Page 4 of 12

institutions "within the scope of 'enterprise' coverage", including "institution[s] primarily engaged in the care of the sick, the aged, the mentally ill or defective…." Id., pp. 4-5.

"In order to be eligible for FLSA overtime, … an employee must first demonstrate that he is 'covered' by the FLSA. There are two possible types of FLSA coverage…. First, an employee may claim 'individual coverage' if he regularly and 'directly participat[es] in the actual movement of persons or things in interstate commerce.'" [Citations omitted]. Josendis v. Wall, _ F.3d _, 2011 WL 5589277, *2 (11th Cir. 2011). An employee's "indirect or sporadic involvement in commerce is insufficient":

> [F]or an employee to be 'engaged in commerce' under the FLSA, he must be *directly* participating in the actual movement of persons or things in interstate commerce, by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." [Citing McLeod v. Threlkeld, 319 U.S. 491, 493-98 (1943). Id., *17.

"Second, an employee is subject to enterprise coverage if he is 'employed in an enterprise engaged in commerce or in the production of goods for commerce'...." [Citations omitted]. Id., *2. An enterprise is engaged in commerce or in the production of goods for commerce if it: "(1) has at least two employees engaged in interstate commerce or the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that had once moved or been produced for in interstate commerce, and (2) has gross sales of at least $500,000 in sales annually." [Citing 29 U.S.C. §203(s)(1)(A)(i)(ii)]. Id., *2, *18. "Alternatively, enterprise coverage is available to any employee of an enterprise 'engaged in the operation of a hospital [or] institution…'", under 29 U.S.C. § 203(s)(1)(b).[2] Id. "An employee may be subject to either type, or both types, of FLSA coverage." Id.

---

[2] 29 U.S.C. §203(s)(1)(b) mirrors 29 U.S.C. §203(r)(2).

*Robert Probert & Loretta E. Probert, et al v. FCSA, et al.*; Case No. 4:07-CV-00030 RRB
*REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)*
*Page 5 of 12*

Case 4:07-cv-00030-RRB   Document 208   Filed 12/12/11   Page 5 of 12

Consequently, "To establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of facts showing the plaintiff is engaged in or employed in an enterprise engaged in commerce or the production of goods for commerce." [Citations omitted]. Vilarino v. Radisson Hotel, 2011 WL 4116375, *2 (M.D.Fla. 2011). "'To establish jurisdiction for an overtime violation under the FLSA, an employee must show either: '(i) that the employee was engaged in commerce or in the production of goods for commerce (i.e., individual coverage) or (ii) that the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). [Citations omitted]. Id. "[I]t is clear from the language of the statute that for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce … and must gross over $500,000 annually…. A court 'cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." [Citations omitted]. Id. A conclusory allegation that the employer was "an enterprise engaged in commerce" was "insufficient to establish enterprise coverage under the FLSA." Id., *3. *See* also Fraction v. Protection Consultants, 2010 WL 916661 (M.D. Fla. 2010). Conclusory allegations that "Defendants were an enterprise covered by the FLSA … as defined by 29 U.S.C. § 203(r) and 203(s)" and "Plaintiff was engaged in interstate commerce during his employment with Defendants" were "insufficient to establish either enterprise or individual coverage." De Lotta v. Dezenzo's, 2009 WL 4349806, *4 (M.D.Fla. 2009). "…[T]he complaint does not sufficiently allege facts demonstrating individual or enterprise coverage. Rather than pleading specific facts that establish individual or enterprise coverage, plaintiff merely recites the statutory elements of FLSA coverage, or asserts generalized facts that do not relate to the coverage issue." Morrow v.

*Robert Probert & Loretta E. Probert, et al v. FCSA, et al.*; Case No. 4:07-CV-00030 RRB
*REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)*
*Page 6 of 12*

Case 4:07-cv-00030-RRB   Document 208   Filed 12/12/11   Page 6 of 12

JW Electric, 2011 WL 5599051, *3 (N.D.Tex. 2011). Allegations that described the employee's work, but did "not show how that work engages him in interstate commerce, did not plead individual coverage." Id. Conculsory allegations that the employer was an enterprise engaged in commerce, had employees engaged in commerce, and had an annual gross volume of sales of not less than $500,000, were "nothing more than 'a formulaic recitation of the elements of a cause of action", and not allegations of fact sufficient to pled a FLSA enterprise claim that was "plausible on its face". Id. Under even the "most lenient approach" to pleading, the court found no FLSA claim where there was no allegation as to the employee's individual participation in interstate commerce or of the employer's $500,000 threshold:

> Plaintiffs conclusorally allege that at all relevant times they were subject to the FLSA…. On a Rule 12(c) motion, as with a motion brought under Rule 12(b)(6), this conclusory allegation is ignored. *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). Plaintiffs do not otherwise specifically allege that either they or Norcal participated in interstate commerce, nor do plaintiffs' allege Norcal's annual receipts. In opposing this motion, plaintiffs do not argue that they individually participated in interstate commerce. Instead, like the plaintiff in *Vega,* plaintiffs here argue that Norcal is an enterprise engaged in commerce.
>
> The statutory definition of "enterprise engaged in commerce" has two separate requirements: participation in interstate commerce, and business in of at least $500,000 annually. *Thorne v. All Restoration Servs.,* 448 F.3d 1264, 1267 (11th Cir.2006). Assuming without deciding that, as in *Vega,* participation in commerce may be implied by the nature of the business, and further assuming without decided that such an implication is warranted in this case, plaintiffs nonetheless have not alleged facts concerning the $500,000 threshold. Accordingly, plaintiffs have failed to allege a claim under the FLSA. Villalobos v. Guretin, 2009 WL 2579041 (E.D.Cal. 2009).

Plaintiffs' Corrected Amended Complaint pled FLSA claims based on FCSA's status as "an "institution primarily engaged in the care of the mentally ill or defective" under 29 U.S.C. §203(r). *See* Plaintiffs' Corrected Amended Complaint, paragraphs 148-153, at Docket 10. Plaintiffs did not plead any facts that FCSA (an Alaskan non-profit corporation doing business in

*Robert Probert & Loretta E. Probert, et al v. FCSA, et al.*; Case No. 4:07-CV-00030 RRB
REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)
*Page 7 of 12*

Case 4:07-cv-00030-RRB   Document 208   Filed 12/12/11   Page 7 of 12

Alaska)[3] was engaged in interstate commerce in any other capacity or met the $500,000 threshold, or that plaintiffs themselves were engaged in interstate commerce for individual coverage. As such, plaintiffs failed to plead any other plausible FLSA claim. Because the Ninth Circuit held that FCSA is not subject to §203(r), and plaintiffs' pled no other plausible FLSA claim, no FLSA claim remains pending before this Court.

### 2. No Breach of Contract Claim Was Pled.

Whether the plaintiffs were paid using an hourly computation based on a fixed number of hours or a monthly salary, plaintiffs never pled that they were not paid wages or salary that FCSA had agreed to pay them. Rather, plaintiffs pled that FCSA agreed to pay them for either 40 or 18 hours a week and this is all they were paid: "When hired, Robert was told he was to be paid for 40 hours per week"; "When hired, Loretta was told she was to be paid for 20 hours per week, which was apparently changed to 18 hours a week"; "When hired, Gene was told he was to be paid for 18 hours per week and four hours a day…", but "worked more than the 18 hours per week that he was told were required throughout his 'part-time' employment" and "more than 40 hours per week that he was told were required throughout his 'full-time' employment"; "Sandra was told, by FCSA, not to record more than eight hours of work time a day as she was classified as 'exempt' and eight hours was all she would be paid for", but "Sandra worked far more than the 40 hours per week she was told were required…."; "John worked more than the 40 hours per week that he was told were required throughout his employment"; Donna … was paid for no more than the 18 hours per week that she was told were required throughout her employment"; "Kenneth worked more than the 40 hours per week that he was told were required throughout his employment"; "Leona was told that she would work no more than 20 hours a

---

[3] *See* Corrected Amended Complaint, paragraph 10, Docket 100.
Robert Probert & Loretta E. Probert, et al v. FCSA, et al.; Case No. 4:07-CV-00030 RRB
REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)
Page 8 of 12

week" and "At some point in early 2008, Leona was informed that her hours were being reduced to 18 per week", but "Leona worked more than the 18 hours per week that she was told were required throughout her employment." Amended Corrected Complaint, paragraphs 19, 35, 49, 68, 80, 94, 108, 125, 130, 133, 144, Docket 100.

Plaintiffs pled Count I for failing to keep accurate records under 29 U.S.C. § 211(c) and AS 23.05.080; Count II for unpaid hours in violation of the 29 U.S.C. § 206; Count III for unpaid hours in violation of the Alaska Wage and Hour Act and AS 23.05.140(b); Count IV for unpaid overtime in violation of 29 U.S.C. § 207; and Count V for penalty under AS 23.05.140(d) because "FCSA to pay [plaintiffs] all hours worked under both the state and/or federal statutes and overtime pursuant to the FLSA". *See* Amended Corrected Complaint, pp. 25-28, Docket 100. Plaintiffs pled no claim for breach of their employment contracts. Id.

"The elements of a breach of contract claim are (1) existence of a contract, (2) plaintiff's performance…, (3) defendant's breach, and (4) damages." Deng v. Searchforce, 2011 WL 940828, *2 (N.D.Cal. 2011). Plaintiffs pled no allegation that FCSA breached their employment contracts by failing to pay them money that was due under the terms of their contracts.[4] As such, "Plaintiff has not pled enough facts to show that a … contract between plaintiff and defendant has been breached" to avoid dismissal. Id., *2.

### 3. Plaintiffs Have No Claim Under Alaska Statutes.

Plaintiffs conceded they "never asserted an Alaska Wage and Hour Act claim for overtime or wages", and "are aware of the exemption under AS 23.10.055(a)(12)." *See* Plaintiffs' Opposition to Motion to Dismiss, at Docket 206, p. 4. Plaintiffs have a claim for late

---

[4]The burden was on the plaintiffs to plead a plausible breach of contract claim, and not on FCSA to establish "what the contract is between the parties, whether the contract is integrated, whether there are any oral terms and whether their remains any material fact for trial." *See* plaintiffs' opposition to motion, p. 6, Docket 206.

Robert Probert & Loretta E. Probert, et al v. FCSA, et al.; Case No. 4:07-CV-00030 RRB
REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)
Page 9 of 12

payment of wages and penalty for late payment under AS 23.05.140(b) and (d), only if they have a plausible underlying claim for being owed wages. As the only claims sufficiently pled were FLSA enterprise coverage claims under §203(r), which the Ninth Circuit held does not apply to FCSA as a matter of law, plaintiffs have no plausible claim for late payment or penalty for late payment under AS 23.05.140(b) and (d).

### 4. Plaintiffs Should Not be Granted Leave to Amend their Complaint or Conduct Discovery.

Plaintiffs filed their initial complaint in 2007, followed by several additional and amended complaints, so that a total of ten complaints were filed, all by the same attorney. Before filing any of these complaints, plaintiffs' attorney was required to conduct reasonable inquiry into the factual support and legal basis for the claims. "Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing…. To constitute a reasonable inquiry, the prefiling investigation must uncover a factual basis for the plaintiff's allegations, as well as a legal basis." [Citations omitted]. Coonts v. Potts, 316 F.3d 745, 754 (8th Cir. 2003).

Plaintiffs had until January 30, 2009 to seek leave to amend their complaint. Docket 60, p. 4. Just before that deadline expired, on January 28, 2009, the Proberts moved to amend their complaint, which this Court granted on March 11, 2009. Dockets 65-67, 85. Plaintiffs filed an Amended Complaint on March 13, 2009 and their Corrected Amended Complaint on March 30, 2009. Dockets 87, 100. Plaintiffs had ample opportunity to research the law, discover any factual support, and plead plausible claims. This Court's order staying rulings pending appeal was not issued until June 15, 2009, four and one-half months after expiration of the deadline for amendments and thus cannot be blamed for plaintiffs' dilatoriness. Docket 129. In a much less dilatory case, leave to amend was denied where "[t]he time for amendment has long since

*Robert Probert & Loretta E. Probert, et al v. FCSA, et al.*; Case No. 4:07-CV-00030 RRB
REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)
Page 10 of 12

Case 4:07-cv-00030-RRB   Document 208   Filed 12/12/11   Page 10 of 12

passed, and plaintiffs have not shown good cause to modify the scheduling order…." Villalobos, supra.

Plaintiffs opted to litigate under 29 U.S.C §203(r), and pled no other plausible claim. Plaintiffs' failure before the Ninth Circuit provides no basis for allowing them to amend their complaint and conduct discovery as to other unexplored avenues of redress. Under Federal Civil Rule 11, plaintiffs' counsel was required to inquire into the factual support and legal basis for their claims before he filed their complaints. Under Federal Rule 8, plaintiffs were required to plead claims that gave fair notice of their legal nature (what the claims were and the grounds on which they rest) and were factually plausible. Federal Civil Rules 8 and 11 are not satisfied by filing generalized claims without factual support, and then, after litigation has been pending for more than four years, being permitted to conduct discovery in a belated attempt to find factual support and/or to amend their complaint to assert claims that give fair notice and are factually plausible. Plaintiffs should not be allowed to either amend their complaint or conduct discovery.

### 5. There is No Basis for Staying Dismissal.

The Ninth Circuit has determined that 29 U.S.C. §203(r) does not apply to FCSA and has remanded this case to this Court "for further proceedings consistent with this opinion." Docket 192. Although plaintiffs recently filed a Petition for Writ of Certiorari, they did not move either the Ninth Circuit or the Supreme Court for a stay pending the filing of their petition. *See* Federal Rules of Appellate Procedure, 41(d), and Supreme Court Rule 23.

There is no reason to stay this motion. This Court may review plaintiffs' Corrected Amended Complaint and determine, as a matter of law, whether plaintiffs adequately pled any plausible claim that was not based on 29 U.S.C. §203(r). Dismissing such claims for failing to

*Robert Probert & Loretta E. Probert, et al v. FCSA, et al.*; Case No. 4:07-CV-00030 RRB
*REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)*
*Page 11 of 12*

Case 4:07-cv-00030-RRB   Document 208   Filed 12/12/11   Page 11 of 12

state a claim for relief will have no impact on plaintiffs' pending petition for writ of certiorari. In the event that the petition is denied, the completion of this litigation will be facilitated.

There is no merit to plaintiffs' contention that because FCSA filed their motion to dismiss after the Ninth Circuit's opinion and denial of rehearing, but three days before its formal mandate on August 29, 2011, it should be refiled and the briefing process re-started. This Court has had jurisdiction over this matter for more than three months and has afforded plaintiffs ample opportunity to respond to FCSA's motion to dismiss.

## CONCLUSION

Plaintiffs pled no plausible claim against FCSA, other than their 29 U.S.C. §203(r) claim that the Ninth Circuit ruled against and which is presently subject to a Petition for Writ of Certiorari. FCSA is entitled to a ruling that plaintiffs pled no other plausible claim and that no valid claim is now pending against it, so that this case is subject to dismissal in accordance with the Ninth Circuit's opinion at Docket 64-1.

DATED at Fairbanks, Alaska, this 12th day of December, 2011.

            ZIMMERMAN & WALLACE
            Attorneys for Defendants


            By: /s/John Foster Wallace
              John Foster Wallace, ABA #9211115

CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing will be electronically served simultaneous with filing to the following attorneys and/or parties of record:

 Kenneth L. Covell
 Law Offices of Kenneth L. Covell
 kcovell@gci.net

 Richard D. Monkman
 dick@sonoskyjuneau.com

/s/Lisa R. Miller        12/12/2011
Lisa R. Miller for Zimmerman & Wallace

*Robert Probert & Loretta E. Probert, et al v. FCSA, et al.*; *Case No. 4:07-CV-00030 RRB*
REPLY TO OPPOSITION (AT DOCKET 196) TO MOTION TO DISMISS (AT DOCKET 206)
Page 12 of 12