IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT PROBERT,<br>LORETTA E. PROBERT,<br>GENE GRISSOM,<br>SANDRA GRISSOM, and others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES OF ALASKA, INC., and DOES I to X (Managerial Employees Jointly Liable),<br><br>    Defendants. | Case No. 4:07-cv-0030-RRB<br><br>**ORDER DENYING MOTION**<br>**TO DISMISS AT DOCKET 196** |

I. **INTRODUCTION**

On June 15, 2009, this Court stayed this matter pending an interlocutory appeal to the Ninth Circuit.[1] The Ninth Circuit granted consideration of the interlocutory appeal and reversed and remanded on July 23, 2011.[2] The Ninth Circuit found that the Family Homes operated by Defendant Family Centered Services of Alaska,

---

    [1]    Docket 129.

    [2]    Docket 192.

Inc., are not covered by the overtime provisions of the Fair Labor Standards Act. Accordingly, the Ninth Circuit reversed this Court's Order granting partial summary judgment in favor of Plaintiffs and remanded for further proceedings.

Defendants have now filed a Motion to Dismiss all claims at Docket 196.[3] Plaintiffs have opposed the Motion at Docket 206 and Defendants have replied at Docket 208.

Plaintiffs argue that "there seems nothing to be gained by considering this motion" until the Supreme Court rules on the Petition for Certiorari.[4] Plaintiffs further complain that to properly oppose the Motion to Dismiss, discovery will be necessary, specifically with respect to the nature of the contract involved between the parties.[5] Plaintiffs suggest that the Motion to Dismiss would be more accurately characterized as a Motion for Summary Judgment.[6]

---

[3] A motion under Rule 12(b)(6) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." In deciding this motion, not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the Plaintiff.

[4] Docket 206 at 8.

[5] Docket 206 at 10.

[6] Docket 206 at 5.

## II. DISCUSSION

Plaintiffs' Corrected Amended Complaint at Docket 100 contains five causes of action. Defendant FCSA seeks dismissal of the Complaint in its entirety.

### A. FLSA Claims - Counts 2 and 4

The Court observes that Counts 2 and 4 both seek relief under the FLSA. Defendants argue that all of Plaintiffs' allegations under the FLSA are based on enterprise coverage. As the Ninth Circuit has found that the FLSA does not apply to FCSA's Therapeutic Family homes under enterprise coverage, and Plaintiffs have not alleged individual coverage under the FLSA, Counts 2 and 4 must be dismissed as a matter of law.[7]

In response, Plaintiffs dispute that their Complaint alleges only "enterprise" coverage, arguing that its claims were pled only under the FLSA without specifying what type of coverage was applicable.[8] Although this Court, and subsequently the Ninth Circuit, focused on "enterprise" coverage, the possibility still remains that "individual" coverage could apply.

While the Court finds it unlikely that "individual" coverage under the FLSA will apply in this matter, the Court also notes that this issue may be moot. As the Plaintiffs have pointed out, if

---

[7] Docket 196 at 3.

[8] Docket 206 at 3.

they prevail in the Petition for Certiorari and the Supreme Court finds that enterprise coverage applies, the issue of individual coverage is irrelevant. If the Supreme Court finds that enterprise coverage does <u>not</u> apply, Plaintiffs suggest that "there is a reasonable likelihood that the claims will be withdrawn."[9] Accordingly, the issue of individual coverage appears to be a non-issue.

The Motion to Dismiss Counts 2 and 4 is accordingly DENIED WITHOUT PREJUDICE pending the outcome of the Petition for Certiorari.

**B. Alaska Law Claims - Counts 1, 3, and 5**

Plaintiffs allege that FCSA willfully and intentionally failed to keep accurate records of the daily and weekly hours worked by Plaintiffs pursuant to 29 U.S.C. §211© and AS 23.05.080.[10] Plaintiffs further allege that FCSA failed to pay them for all hours that they worked in violation of AS 23.05.140.[11] Finally, Plaintiffs allege that FCSA failed to pay them within three days of termination, pursuant to AS 23.05.140(D).[12]

---

[9] Docket 206 at 8.

[10] Docket 100 at 26 (Count 1).

[11] Count 3.

[12] Count 5.

Although the Complaint characterizes the above claims as falling under The Alaska Wage and Hour Act, the Court notes that the Alaska Wage and Hour Act begins at AS 23.10.050. Accordingly, Defendants' argument that the AWHA does not apply to Housparents pursuant to AS 23.10.005(a)(12)[13] is moot.

The Court further finds that it is a waste of judicial resources to analyze issues that may evaporate once the Supreme Court either considers this matter on the merits or declines to do so. Accordingly, the Motion to Dismiss the State law claims is DENIED WITHOUT PREJUDICE.

### III. CONCLUSION

For the reasons set forth above, the Motion to Dismiss at **Docket 196** is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

ENTERED this 20th day of December, 2011.

        S/RALPH R. BEISTLINE
        UNITED STATES DISTRICT JUDGE

---

[13] Docket 196 at 3-4.