Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK 99701
Phone: (907) 452-4377
Fax:    (907) 451-7802
E-mail: kcovell@gci.net

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT; LORETTA E. PROBERT; GENE GRISSOM; SANDRA GRISSOM; JOHN GRIMES; DONNA GRIMES; KENNETH MCDANIELS; LEONA MCDANIELS; ERIC CLONINGER and DEBRA CLONINGER,<br><br>                    Plaintiffs,<br>vs.<br><br>FAMILY CENTERED SERVICES of ALASKA, INC.; JOHN W. REGITANO; KATHY CANNONE; SUSZAN DALE; LONNIE HOVDE; DEBORAH L. COXON, and ADDITIONAL DOES I to X, Managerial Employers, Jointly Liable,<br><br>                    Defendants. | **Case No. 4:07-CV-00030 RRB** |

## MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT FOR PAY FOR HOURS WORKED BETWEEN 8 AND 40 AND TO DECLARE THAT PORTION OF THE CONTRACT THAT LORETTA PROBERT WOULD NOT BE PAID FOR HOURS WORKED IN EXCESS OF 40 HOURS UNCONSCIONABLE AND ORDER THAT SHE BE PAID FOR HOURS WORKED IN EXCESS OF 40 HOURS

*Memorandum in Support of Motion for Partial Summary Judgment*          *Page 1 of 8*
*for Pay for Hours Worked Between 8 and 40*
*Robert Probert, et al. v. FCSA, et al., 4:07-cv-00030-RRB*

Case 4:07-cv-00030-RRB   Document 215   Filed 04/09/12   Page 1 of 8

> If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term or may so limit the application of any unconscionable term as to avoid any unconscionable result.

Restatement of Contracts §208. *Vockner v. Erickson*, 712 P.2d 379,381 (Alaska 1986).

## FACTS

Loretta Probert was employed by FCSA from July 26, 2006 through August 29, 2007. She was hired for an 18-hour work week at a rate of $21.64 an hour. On July 30, 2007, her rate was raised to $21.64 an hour.  Ex. A, Loretta Probert Declaration filed November 23, 2011 at Doc. 206-3, and Ex. B. Loretta Probert Declaration filed December 27, 20007 at Doc. 12.

Ms. Probert worked many hours in excess of 18 hours per week and numerous hours in excess of 40 hours per week. Ms. Probert was not compensated for any time in excess of 18 hours per week.  In fact, Ms. Probert generally worked at least 14 hours per day, if not a greater amount of time. She submitted timesheets which consistently reflected 14 hours a day.  These timesheets were signed off on by supervisory personnel of FCSA, Suszan Dale, among others.[1] Ex. C (filed in two parts due to size), the Expert

---

[1] The employer has a recording keeping duty under AS 23.05.080.  It applies to the employer whether or not the employer is exempt from the Alaska Wage and Hour Act (AS 23.05 applies to the employer and the Defendant acknowledges this.  See Doc. 196 p. 11).  AS 23.05.080 requires an employer to keep records.

> An employer shall keep an accurate record of the name, address, and occupation of each person employed, of the daily and weekly hours worked by each person, and of the wages paid each pay period to each person. The record shall be kept on file for at least three years.

The record is rife with the facts concerning Loretta Probert's hours worked and rate of compensation, e.g. see Doc. 102, Doc. 196 and Doc. 206 in this regard.  The straight time rates, dates worked, position, name

*Memorandum in Support of Motion for Partial Summary Judgment*      *Page 2 of 8*
*for Pay for Hours Worked Between 8 and 40*
*Robert Probert, et al. v. FCSA, et al., 4:07-cv-00030-RRB*

Case 4:07-cv-00030-RRB   Document 215   Filed 04/09/12   Page 2 of 8

Report of Monte Jordan, Calculation of Overtime Wages Owed Loretta Probert previously filed at Doc. 105-2 and Doc. 102-4, specifically Doc. 105-2 pages 14 – 24, 26 – 29 and Doc. 102-4 pages 30 – 43.

The timesheets were obtained from FCSA through discovery, as can be noted from the FCSA discovery stamp and numbering system found in the lower right hand corner of the pages.  Defendants have acknowledged owing Ms. Probert a substantial amount of money. e.g. *See,* Doc. 96, p. 4 of 4.[2]

Ms. Probert requests the court to order FCSA to pay her for hours worked at her regular hourly rate.

THE UNCONSCIONABILITY OF THE CONTRACT

Loretta Probert's agreement with FCSA is at least in part contained in an Offer of Employment letter dated July 26, 2006 (previously filed at Doc. 196-2) Ex. D.   This letter indicates that Ms. Probert will not be paid for hours worked over 8 hours a day or 40 hours a week.  This letter says nothing about not paying Ms. Probert for hours worked between 8 hours and 40 hours a week.  Under her contract she is obviously eligible to be paid for those hours.[3]

---

and address of the employee etc. are shown on Ex. C, Doc. 105-2 pages 8 of 29, 9 of 29, 10 of 29, 11 of 29, 12 of 29 and 13 of 29.  Note that at page 13 of 29 Ms. Probert was paid retroactive pay of $15.48 when her rate increased from $21.64 an hour to $22.07 an hour.

[2] It is indisputable by the Defendant's timesheets that Ms. Probert worked more than 4 hours a day and more than 40 hours a week.

[3] This Court should so Order and Grant Partial Summary Judgment on hours 8 through 40 regardless of any other actions taken by the Court.

*Memorandum in Support of Motion for Partial Summary Judgment*          *Page 3 of 8*
*for Pay for Hours Worked Between 8 and 40*
*Robert Probert, et al. v. FCSA, et al., 4:07-cv-00030-RRB*

Case 4:07-cv-00030-RRB   Document 215   Filed 04/09/12   Page 3 of 8

Interestingly enough though, the Contract says your position is exempt under the State's Overtime pay requirement and then states you will not be paid for any hours worked for over 8 hours a day or 40 hours a work week.

The State exemption from the State's overtime requirement only relieves FCSA of its responsibility to pay overtime pay. In other words it doesn't have to pay time and one half of the regular hourly rate, e.g. taking the regularly hourly rate from $22.07 an hour to $33.11 an hour. The obligation to pay the $22.07 an hour however remains and there is simply no authority to say that Loretta Probert can be forced to involuntary servitude in violation of the 13th Amendment for hours over 8 hours a day or 40 hours a week. It's simply a violation of public policy and unconscionable to require people to work for free. Doing so gives Loretta Probert an effective hourly rate of $3.13 an hour.

Loretta Probert worked as a part-time house parent. She was paid $397.26 ($22.07 times 18 hours per week). This divided by 127 hours, 40 hours straight time plus 58 hours times time and a half to arrive at straight time rate puts Loretta Probert at an hourly rate of $3.13 an hour. This is below all minimum wages, State and Federal.

Even at a "straight time for overtime" scenario, Loretta Probert's effective hourly rate was $4.05 an hour ($397.26 divided by 98 hours worked equals $4.05 an hour). Paying somebody these rates violates public policy and is prima facie unconscionable.

What's even more unconscionable is that this woman was entrusted with the care of five severely emotionally disturbed teens, twenty-four hours a day, seven days a week

*Memorandum in Support of Motion for Partial Summary Judgment*          *Page 4 of 8*
*for Pay for Hours Worked Between 8 and 40*
*Robert Probert, et al. v. FCSA, et al., 4:07-cv-00030-RRB*

Case 4:07-cv-00030-RRB   Document 215   Filed 04/09/12   Page 4 of 8

with no relief in sight. Not only is that abusive and unconscionable as to the employee but it is further an unconscionable way to treat the disturbed youth of the therapeutic family home.

## REFORMATION OF THE CONTRACT

Plaintiff Loretta Probert suggest the Court reforming the Contract in one of two ways: A) either interpreting the Contract to say that the words "you will not be paid for any hours worked over 8 hours a day or 40 hours a week" is an unconscionable term leading to violation of public policy in the payment at a rate of $3.13 or $4.06 an hour for being a house parent to five emotionally disturbed youth on psychotropic medication is unconscionable and a term the Court will not enforce and pay Ms. Probert the hours worked at a regularly hour rate or B) interpret the Contract to mean within its own terms that the phrase "you will not be paid for any hours worked over 8 hours in a day or 40 hours in a work week" as meaning you will not be paid the premium of time and a half for overtime but that the hours worked in excess of 8 hours a day or 40 hours a week will be compensated at the non-premium, regular rate of $22.07 an hour. Either interpretation leads to a fair, just, equitable result and does not violate the public policy of the State of Alaska or of the United States and would lead to a conscionable contract.

## RELIEF

Attached is Exhibit C, the Expert Report of Monte Jordan previously filed at Doc. 105-2 and Doc. 102-4. It has calculations for overtime wages due with straight time rates

*Memorandum in Support of Motion for Partial Summary Judgment*     *Page 5 of 8*
*for Pay for Hours Worked Between 8 and 40*
*Robert Probert, et al. v. FCSA, et al., 4:07-cv-00030-RRB*

Case 4:07-cv-00030-RRB   Document 215   Filed 04/09/12   Page 5 of 8

and with the premium rate of time and one half. All the information contained therein still pertains to this matter. The only difference is that without FLSA coverage the hours over 40 hours a week would be compensated at the straight time rates. Pen and ink changes were made to the calculations on page 59 of Ex. C, to reflect compensation at the straight time rate for hours in excess of 40 hours (doing away with time and a half overtime premium for hours in excess of 40 hours).

The wages due for the period of July 24, 2006 through August 29, 2007 are 192 straight time hours at $21.64 an hour for a total of $4,154.88 (wages due for work from 8 to 40 hours a week). The wages due for in excess of 40 hours are $2,406 hours at $21.64 an hour for a total of $52,065.84.

For the time period of July 30, 2007 through August 29, 2007, after she received her raise to $22.07 an hour there are 18 straight time hours at $22.07 an hour for a total of $397.26 (wages due from hours worked between 8 and 40 hours per week). The wages due for hours in excess of 40 hours are 187 hours at $22.07 an hour for a total of $4,127.09.

This leads to a combined total of $60,745.07 for straight time wages due.

## CONCLUSION

Loretta Probert worked for FCSA and was paid at a rate of $22.00 per hour. She worked between 8 hours and 40 hours but was never paid for those hours. She worked 96 hours a week. She was paid an effective rate of $3.13 or $4.05 an hour.

*Memorandum in Support of Motion for Partial Summary Judgment*          *Page 6 of 8*
*for Pay for Hours Worked Between 8 and 40*
*Robert Probert, et al. v. FCSA, et al., 4:07-cv-00030-RRB*

Case 4:07-cv-00030-RRB   Document 215   Filed 04/09/12   Page 6 of 8

Pay at this rate shocks the conscious and is violative of state and national public policy.

Pay at this rate is even more unconscionable considering the important job Ms. Probert was given, caring for five severely emotionally disturbed teens who were on psychotropic medication when she was required to do so day in and day out without relief.

The Court should find any contract term that would require her to work for free for hours worked in excess of 8 hours a day and 40 hours a week unconscionable.

The Court should Order that Ms. Probert be compensated at her regular hourly rate for the hours worked.


RESPECTFULLY SUBMITTED this 9th day of April, 2012, at Fairbanks, Alaska.


LAW OFFICE OF KENNETH L. COVELL
Attorney for the Plaintiffs
s/ Kenneth L. Covell
712 Eighth Avenue
Fairbanks, Alaska 99701
Phone: (907) 452-4377
Fax: (907) 451-7802
Email: kcovell@gci.net
ABA No. 8611103

*Memorandum in Support of Motion for Partial Summary Judgment*          *Page 7 of 8*
*for Pay for Hours Worked Between 8 and 40*
*Robert Probert, et al. v. FCSA, et al., 4:07-cv-00030-RRB*

Case 4:07-cv-00030-RRB   Document 215   Filed 04/09/12   Page 7 of 8

**CERTIFICATE OF SERVICE**
This is to certify that a copy of the foregoing
has been served electronically by ECF to the
following attorney(s) and/or parties of the record:

**John Foster Wallace**

**Richard D. Monkman**

Dated: April 9, 2012

By: s/ Camille De Santiago
Law Office of Kenneth L. Covell

*Memorandum in Support of Motion for Partial Summary Judgment*                    *Page 8 of 8*
*for Pay for Hours Worked Between 8 and 40*
*Robert Probert, et al. v. FCSA, et al., 4:07-cv-00030-RRB*

Case 4:07-cv-00030-RRB   Document 215    Filed 04/09/12   Page 8 of 8