Kenneth Covell
LAW OFFICE OF KENNETH COVELL
712 Eighth Avenue
Fairbanks, AK 99701
Phone: (907) 452-4377
Fax:    (907) 451-7802
E-mail: kcovell@gci.net

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| ROBERT PROBERT; LORETTA E. PROBERT; GENE GRISSOM; SANDRA GRISSOM; JOHN GRIMES; DONNA GRIMES; KENNETH MCDANIELS; LEONA MCDANIELS; ERIC CLONINGER and DEBRA CLONINGER,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>FAMILY CENTERED SERVICES of ALASKA, INC.; JOHN W. REGITANO; KATHY CANNONE; SUSZAN DALE; LONNIE HOVDE; DEBORAH L. COXON, and ADDITIONAL DOES I to X, Managerial Employers, Jointly Liable,<br><br>　　　　　　　　　Defendants. | Case No. 4:07-CV-00030 RRB |

**DECLARATION OF LORETTA PROBERT IN SUPPORT OF
OPPOSITION TO MOTION TO DISMISS**

　　　　I, LORETTA PROBERT, am a Plaintiff in the above captioned case.

1) I am aware that in my case there is a Petition for Writ of Certiorari in front

*Probert, et. al. v. FCSA, et. al.*                                                                                              Page 1 of 4
*Declaration of Loretta Probert in Support of Opposition to Motion to Dismiss at Docket 196*
Case 4:07-cv-00030-RRB   Document 215-1   Filed 04/09/12   Page 1 of 4

Exhibit A p.1

of the United States Supreme Court.

2) I am aware that the Defendant FCSA has filed a Motion to Dismiss various other claims in the case including contract claims.

3) I had an established hourly rate. My hourly rate is extensively found in the record at Docket 105-2 p.8 showing my hourly rate of $22.07 per hour, Docket 105-2 p.11, Docket 105-2 p. 12 of 29 showing $22.07 and $21.64 an hour, Docket 105-2 p.13 showing my old rate of $21.64 going to my new rate of $22.07 an hour. Furthermore, FCSA calculates wages by the hour as well. For instance, see Docket 96, Affidavit of Kathy Cannone at p.4 shows calculation of wages and benefits for Loretta Probert and Robert Probert at $22.64 an hour and Defendant admits by their own calculations that it calculates wages by the hour. Even if my offer of employment letter limited me to payment of 40 hours in a work week, I was not compensated on an hourly basis for my work between the 18 hours a week I was paid for and the 40 hours per week which at a minimum I would be owed 22 hours a week for approximately one year.

4) I have a viable contract claim in this case for the following reasons:

   a) When I went to work for FCSA, I was told I would work 4 hours a day. In fact, I ended up working 14 hours a day. As a house parent, when

*Probert, et. al. v. FCSA, et. al.*                                                                                                    Page 2 of 4
*Declaration of Loretta Probert in Support of Opposition to Motion to Dismiss at Docket 196*
Case No: 4:07-cv-00030-RRB

Case 4:07-cv-00030-RRB   Document 215-1   Filed 04/09/12   Page 2 of 4

Exhibit A   P.2

there were children that needed help with homework or fostering or nurturing, I could not work only four hours a day. For instance, there was a child in our home who would not make eye contact. I worked with this child for over a year before she would even make eye contact.

5) I was promised two evenings off a week from 4:00 to midnight. I never got this time off in the first eight months of employment. Thereafter, we might sporadically get such relief. However frequently the help they sent to give us relief was incompetent. My husband and I would return to our home and find that there were holes in the walls.

6) For instance, one time they sent the cook from the school to watch the children. On some occasions we would not leave the home because the relief of help clearly was not competent to cope with up to five emotionally disturbed children and pre-teens, 5-12 years old.

7) My husband and I were promised one weekend off a month from Friday night at 6:00 p.m. to Sunday night at 6:00 p.m.

8) I did not get any weekends off for the first eight months of employment. Thereafter, I might get sporadic weekends off. Again sometimes the help was so incompetent that I and my husband would not take the time off but stay home.

*Probert, et. al. v. FCSA, et. al.*   Page 3 of 4
*Declaration of Loretta Probert in Support of Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

Case 4:07-cv-00030-RRB   Document 215-1   Filed 04/09/12   Page 3 of 4

Exhibit A  p.3

9) I complained frequently about the extra hours and lack of relief but to no avail. My husband and I sent letters to Sue Dale complaining about these conditions.

10) When I was terminated from FCSA, I was terminated and paid at an hourly rate. I have a contract claim against FCSA for hours worked at my regular hourly rate.

### Declaration

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on November 22, 2011.

*Loretta Probert*
Loretta Probert

*Probert, et. al. v. FCSA, et. al.*  Page 4 of 4
*Declaration of Loretta Probert in Support of Opposition to Motion to Dismiss at Docket 196*
*Case No. 4:07-cv-00030-RRB*

Case 4:07-cv-00030-RRB   Document 215-1   Filed 04/09/12   Page 4 of 4

Exhibit A p.4